UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARRYL BOYD,

        Plaintiff,

  v.

CITY OF BUFFALO, ET AL.,

        Defendants.
_____

Case No.: 1:22-cv-00519

_____

JOHN WALKER, JR.,

        Plaintiff,

  v.

CITY OF BUFFALO, ET AL.,

        Defendants.
_____

Case No.: 1:22-cv-00520

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 2

    I.    THE COUNTY ADA'S TRIAL NOTES ARE PRIVILEGED. ........................ 2

    II.    THE ECDAO PERSONNEL FILES, DISCIPLINARY RECORDS, POLICY AND TRAINING MATERIALS, AND DOCUMENTS CONCERNING UNRELATED MATTERS ARE ONLY RELEVANT FOR *MONELL* PURPOSES. ............................... 4

    III.    THE CRIMINAL RECORDS OF NONPARTIES HAVE EITHER BEEN DISCLOSED OR ARE IRRELEVANT TO THE INSTANT MATTERS. ................ 5

    IV.    PLAINTIFFS' DEMAND FOR BASES OF AFFIRMATIVE DEFENSES IS IMPROPER. ................ 6

CONCLUSION ................................................................................................................ 6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cash v. Cnty. of Erie*,
   654 F.3d 324 (2d Cir. 2011)..................................................................................................5

*Collins v. City of New York*,
   923 F. Supp. 2d 462 (E.D.N.Y. 2013).....................................................................................5

*Crosby v. City of New York*,
   269 F.R.D. 267 (S.D.N.Y. 2010).............................................................................................3

*Dobson v. Dougherty*,
   2018 WL 6321390, at *4 (W.D.N.Y. Dec. 4, 2018) ................................................................5

*Flacco v. City of Rensselaer*,
   783 F.2d 319 (2d Cir. 1986)....................................................................................................5

*GEOMC v. Calamare Therapuetics, Inc.*,
   918 F.3d 92 (2d Cir. 2019)......................................................................................................6

*Gugino v. City of Buffalo*,
   2021 WL 5239901, at *3 (W.D.N.Y. Nov. 10, 2021) ..............................................................5

*Hickman v. Taylor*,
   329 U.S. 495 (1947) ................................................................................................................2

*In re Grand Jury Proc.*,
   219 F.3d 175 (2d Cir. 2000)................................................................................................2, 3

*In re Grand Jury Subpeona Dated July 6, 2005*,
   510 F.3d 180 (2d Cir. 2007)....................................................................................................3

*Klosin v. E.I. du Pont de Nemours & Co.*,
   561 F. Supp. 3d 343 (W.D.N.Y. 2021)....................................................................................3

*Mandell v. Maxon Co.*,
   2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007)................................................................5

*Mingo v. City of New York*,
   2020 WL 7085359, at *2 (E.D.N.Y. Dec. 3, 2020).................................................................5

*T.H. by Sheperd v. City of Syracuse*,
   2018 WL 3738945, at *5 (N.D.N.Y. Aug. 7, 2018)................................................................5

<mark style="color:blue"></mark>

*The Shinnecock Indian Nation v. Kempthorne*,
  652 F. Supp. 2d 345 (E.D.N.Y. 2009) ...................................................................................3

*Trilegiant Corp. v. Sitel Corp.*,
  272 F.R.D. 360 (S.D.N.Y. 2010) ..........................................................................................5

*United States v. Adlman*,
  134 F.3d 1194 (2d Cir. 1998) ...............................................................................................2

*Vann v. City of New York*,
  72 F.3d 1040 (2d Cir. 1995) .................................................................................................5

*Vasquez v. City of New York*,
  2014 WL 6356941, *1 (S.D.N.Y. 2014) ...............................................................................3

**Statutes**

CPL § 440 ......................................................................................................................................4

F.R.C.P. Rule 26(b)(3) ...............................................................................................................1, 2

# INTRODUCTION

Plaintiffs, by their own admission, are primarily seeking documents to support their *Monell* claims. (Doc. 64-1, pp. 12-13 Mem. of L. Sec. III)(*See also* Doc. 64-1, pp. 18-23, subsection *b. ECDA Personnel Files, Disciplinary Records, and Policy and Training Materials;* and *subsection c. Documents and Information Concerning Cases of ECDA Misconduct.*). The reasons for staying discovery on each of those items is more fully set forth in the County's motion to bifurcate discovery (Doc. 63) and are incorporated by reference but will not be reiterated except as necessary.

Plaintiffs also seek the production of all notes created by ADAs in preparation of and during the trials pertaining to the January 1976 murder of William Crawford (the "Crawford murder"), the criminal records of "key figures in the Crawford murder investigation." (Doc. 64-1, p. 18, 24) and the factual bases for the County's affirmative defenses ((Doc. 64-1, p. 25.)

Contrary to the fairly inflammatory characterization of the communications amongst counsel and the status of discovery, the County has produced six thousand one hundred and ninety-five (6,195) documents to date.

With respect to the ADA trial notes, the County contends that these materials are work product and are protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure because they were generated by the DA's Office in connection with the criminal prosecutions of Darryl Boyd and John Walker (collectively, "Plaintiffs"), as well as nonparties Darryn Gibson and Floyd Martin. The notes in question contain both the memorialization of attorney's contemporaneous impressions and preparation for litigation. The County has produced ADA case file notes in connection with its response to Plaintiffs' request for production No. 3, however the trial notes clearly fall within the privilege.

The County has produced records it has relative to Shirley Floyd (bates stamped documents 2238-2241) and Jerome Boyd (bates stamped document 2136). Regarding the criminal records and possible external investigations of nonparties, the County has either disclosed such materials or maintains they are not relevant to the instant matter.

Lastly, there is no basis for the County to be forced to set forth the bases for its affirmative defenses when discovery is ongoing and not one deposition has been taken.

Even when viewed in the most favorable light, Plaintiffs' arguments for compelled discovery fail, as the ADA notes are work product, the records relative to the criminal histories that are in the County's possession have been produced and the remainder of demands are a premature attempt by Plaintiffs to engage in *Monell* discovery.

## ARGUMENT

### I. THE COUNTY ADA'S TRIAL NOTES ARE PRIVILEGED.

"The work-product doctrine, codified…in [Rule] 26(b)(3), is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998) (*quoting Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947)). The rule exists to, *inter alia*, avoid altering attorney behavior based on the rationale that "in the absence of this privilege, 'much of what is now put down in writing would remain unwritten.'" *In re Grand Jury Proc.*, 219 F.3d 175, 190 (2d Cir. 2000); *quoting Hickman*, at 511.

Work product falls into two categories: (1) fact – which encompasses factual material, including the result of a factual investigation, and (2) core – which reveals the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative." *In re Grand Jury*

2

*Subpeona Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007). Fact work product is protected unless a plaintiff can demonstrate a "substantial need" for its disclosure, whereas core work product is afforded "at minimum…a highly persuasive showing of need" – the "…highest protection afforded by law." *Vasquez v. City of New York*, 2014 WL 6356941, *1 (S.D.N.Y. 2014); *In re Grand Jury Proc.*, at 190; *Crosby v. City of New York*, 269 F.R.D. 267, 279-80 (S.D.N.Y. 2010). Regarding fact work product, the burden is on the party asserting a substantial need for a privileged document. *Klosin v. E.I. du Pont de Nemours & Co.*, 561 F. Supp. 3d 343, 358 (W.D.N.Y. 2021).

The County maintains its position that the ADA notes contained in the ECDAO file in its possession are protected under the work-product privilege. The notes at issue were necessarily developed in relation to prosecutions of Plaintiffs and contain information relating to motion practice, preparation for every stage of trial (opening statements, lines of questioning, and closing summations), and the contemporaneous impressions of ADAs before and during the trials. The trial notes, being work-product produced immediately prior to or during trial, are precisely the quintessential definition of deliberative process documents. *The Shinnecock Indian Nation v. Kempthorne*, 652 F. Supp. 2d 345, 357 (E.D.N.Y. 2009).

Plaintiffs blatantly misrepresent the discussions which have taken place regarding the ADA trial notes. In their motion, Plaintiffs claim the County "[P]romise[d] to produce ADA trial notes by December 12, January 13, and February 8..." and "finally provided portions of the notes of former ADA David Henry on February 13…" (P's Mem. of L., p. 12.) The County has maintained ADA trial notes are privileged since inception of discovery and has never communicated any other stance regarding ADA trial notes to Plaintiffs' counsel. The notes provided on February 13 were

3

previously used as an exhibit to Plaintiffs' 2021 CPL § 440 motion, which destroyed any claim of privilege over those pages. The disclosure of some now non-privileged notes has no impact on the balance of previously undisclosed trial notes.

As the County has made a sufficient showing of privilege, which will be properly preserved by documentation in a privilege log, the Court should evaluate whether the Plaintiff has demonstrated a substantial need for these documents.

## II. THE ECDAO PERSONNEL FILES, DISCIPLINARY RECORDS, POLICY AND TRAINING MATERIALS, AND DOCUMENTS CONCERNING UNRELATED MATTERS ARE ONLY RELEVANT FOR *MONELL* PURPOSES.

The status of the above-referenced items is thoroughly addressed in the County's motion to bifurcate and stay discovery. The County maintains that these documents bear no relevance to the instant matters beyond their potential use in the imposition of *Monell* liability – which will only be of use should Plaintiffs establish an underlying violation of their own civil rights. As noted above, the relevant arguments are fully set forth in the County's motion to bifurcate (Doc. 63) and are incorporated by reference but not fully set forth herein.

It is worth noting, however, the multitude of misrepresentations regarding these materials in Plaintiffs' motion. Plaintiffs have consistently ignored the enormity of the scale of their requests in these areas. Specifically, Plaintiffs requested "a roster of ADAs employed by ECDA during the relevant time period, personnel files, disciplinary files, policy and training materials, the ECDA's cases referenced in Plaintiffs' Complaints involving similar misconduct as the misconduct in Plaintiffs' cases, and a list of the prosecutors who worked on those cases." (P's Mem. of L., p. 11-12.). As stated in our motion to bifurcate and Exhibit 7 to Plaintiffs' motion, these are voluminous

demands requiring an exceptional amount of labor to complete – and are unnecessary at this stage and, indeed, may never become necessary.

Further, all authority Plaintiffs cite in support of compelling disclosure of these items involves the imposition of *Monell* liability. In *Gugino v. City of Buffalo*, 2021 WL 5239901, at *3 (W.D.N.Y. Nov. 10, 2021), the plaintiff's motion to compel was dismissed, in spite of their *Monell*-based arguments for disclosure. Likewise, *T.H. by Sheperd v. City of Syracuse*, 2018 WL 3738945, at *5 (N.D.N.Y. Aug. 7, 2018) and *Dobson v. Dougherty*, 2018 WL 6321390, at *4 (W.D.N.Y. Dec. 4, 2018), cited in conjunction with *Gugino*, hinge on *Monell*-related issues. The same follows for *Cash v. Cnty. of Erie*, 654 F.3d 324, 328 (2d Cir. 2011) and *Flacco v. City of Rensselaer*, 783 F.2d 319, 330-32 (2d Cir. 1986).

The cites Plaintiffs provide from *Vann v. City of New York*, 72 F.3d 1040, 1050 (2d Cir. 1995) and *Collins v. City of New York*, 923 F. Supp. 2d 462, 476-80 (E.D.N.Y. 2013) are likewise unconvincing for any purpose beyond *Monell* discovery. Again, Plaintiffs' use of *Mingo v. City of New York*, 2020 WL 7085359, at *2 (E.D.N.Y. Dec. 3, 2020) explicitly apply to *Monell*, as Plaintiffs volunteer they pertain to "a need for training." (P's Mem. of L., p. 17.).

### III.   THE CRIMINAL RECORDS OF NONPARTIES HAVE EITHER BEEN DISCLOSED OR ARE IRRELEVANT TO THE INSTANT MATTERS.

The burden of demonstrating relevance is on the party seeking discovery. *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010); *Mandell v. Maxon Co.*, No. 06 Civ. 460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007). Here, Plaintiffs have offered no authority to establish the relevance of "documents related to any arrests, investigations, and prosecutions of key figures

5

in the Crawford Murder investigation: Shirley Floyd, Andre Hough, Jerome Boyd, Lawrence Watson, Joseph Tatar, and William Crawford." (P's Mem. of L., pp. 18-19.).

Further, defense counsel has already turned over the entirety of documents in its possession regarding Jerome Boyd and Andre Hough's criminal histories. Plaintiffs are attempting to engage in a far-reaching fishing expedition for any documents that might exist anywhere that could be semi-arguably tangentially related to the instant matters. They have not provided any basis for the need which would justify a search for every document in existence pertaining to the criminal histories of six nonparties, including the murder victim. It is respectfully submitted that this Court should dismiss Plaintiffs' motion as it pertains to criminal histories of nonparties.

### IV.   PLAINTIFFS' DEMAND FOR BASES OF AFFIRMATIVE DEFENSES IS IMPROPER.

The case to which Plaintiffs cite as support for their proposition that the County must state the bases for its affirmative defenses actually supports the County's position that this is premature. *GEOMC v. Calamare Therapuetics, Inc.,* 918 F.3d 92 (2d Cir. 2019) held that facts necessary to support an affirmative defense may not be known by a defendant at the time the answer is due and thus allow for a relaxed application of the plausibility standard; and that where a defense is timely asserted, there is no prejudice to the plaintiff and a defendant should be allowed to assert it and adjudicate it. Thus, there is no merit to Plaintiffs' demand that the County explain its affirmative defenses or that they be stricken.

### CONCLUSION

Based on the foregoing, this Court should deny the Plaintiff's Motion to Compel.

6

Dated: February 28, 2023
      Buffalo, New York

                                            Respectfully submitted,

                                            **LIPPES MATHIAS LLP**
                                            <u>/s/Jennifer C. Persico, Esq.</u>
                                            Jennifer C. Persico
                                            Brian C. Mahoney
                                            Alexander W. Eaton
                                            *Attorneys for Defendant, County of Erie*
                                            50 Fountain Plaza, Suite 1700
                                            Buffalo, New York 14202
                                            (716) 853-5100
                                            jpersico@lippes.com
                                            bmahoney@lippes.com
                                            aeaton@lippes.com