UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARRYL BOYD,

        Plaintiff,

  v.

CITY OF BUFFALO, ET AL.,

        Defendants.

Case No.: 1:22-cv-00519

**DECLARATION**

JOHN WALKER, JR.,

        Plaintiff,

  v.

CITY OF BUFFALO, ET AL.,

        Defendants.

Case No.: 1:22-cv-00520

Jennifer C. Persico, Esq. declares the following under penalty of perjury:

    1.    I am an attorney at law duly licensed to practice in the United States District Court for the Western District of New York. I am a Partner in the law firm Lippes Mathias LLP, counsel to defendant County of Erie ("Defendant"). As such, I make this declaration on personal knowledge.

    2.    I make this declaration in opposition to Plaintiffs' motion to compel discovery.

**I.      Procedural History**

3.      These matters were filed on July 6, 2022. (1:22-cv-00519, Dkt. # 1; 1:22-cv-00520, Dkt. # 1).  Plaintiffs served the Complaint on various parties throughout July of 2022.

4.      Defendant answered the Complaints on August 29, 2022. (1:22-cv-00519, Dkt. # 26; 1:22-cv-00520, Dkt. # 26).

5.      The matter proceeded into discovery.  Currently, the Court has ordered that all fact discovery be completed by August 2, 2023, and that dispositive motions be filed January 26, 2024.  (1:22-cv-00519, Dkt. # 34; 1:22-cv-00520, Dkt. # 34).

6.      The parties have engaged in preliminary document disclosures and discovery.  To date, no deposition testimony has been taken.

7.      The County moved to bifurcate and stay *Monell* discovery on February 15, 2023. (1:22-cv-00519, Dkt. # 62; 1:22-cv-00520, Dkt. # 63)

8.      Plaintiffs moved to compel the discovery of certain ADA notes, information pertaining to County personnel and policies and procedures, files relating to numerous unrelated cases for *Monell* purposes, and the criminal histories and related documents concerning several parties involved in the investigation into the Crawford murder. (1:22-cv-00519, Dkt. # 63; 1:22-cv-00520, Dkt. # 64)

9.      As referenced in the accompanying Memorandum of Law, Defendant maintains that ADA notes are privileged, the bulk of other materials sought are only relevant for *Monell* purposes, and that external criminal investigations into nonparties are irrelevant to the instant matters.

**II.     Relevant Background**

10. Plaintiffs were both convicted of second-degree murder and first-degree robbery in 1977 after separate jury trials in connection with the January 1976 murder of William Crawford (hereinafter, the "Crawford murder"). They both exhausted their appellate rights, resulting in their convictions being upheld. *People v. Boyd*, 84 A.D.2d 689 (4th Dep't 1981), lv. to app. den., 55 N.Y.2d 879 (1982); *People v. Walker*, 147 A.D.2d 929 (4th Dep't 1989), lv to app. den., 74 N.Y.2d 821 (1989). Plaintiffs both collaterally attacked their convictions on several occasions, with Mr. Walker filing unsuccessful motions pursuant to Criminal Procedure Law § 440.10 in 1982, 1986, and 2012, while Mr. Boyd filed unsuccessful Criminal Procedure Law § 440.10 motions in 1984, 1986, and 2012.

11. In 2021, Plaintiffs moved to vacate their conviction based upon ineffective assistance of counsel, premised upon the failure to request crime scene photographs they contend could have altered the outcome of the trials and prosecutorial misconduct.

12. On August 18, 2021, the New York State Supreme Court, County of Erie, Judge Christopher Burns, issued a decision vacating Plaintiffs' conviction.

13. In their First Set of Interrogatories and Requests for Production, Plaintiffs seek voluminous paper discovery.

14. Plaintiffs' demands to the County relate almost exclusively to their *Monell* claims.

15. Much, if not all of the discovery directed to the County is only relevant to the *Monell* claim – as that is the only claim against the County - and is therefore irrelevant unless and until the Plaintiffs first establish that their civil rights were violated. This is more thoroughly addressed in the County's pending motion to bifurcate and stay *Monell* discovery.

16.     Plaintiffs also demand production of ADA notes, which the County maintains are privileged work product, and information pertaining to external criminal investigations of "key figures" in the investigation of the Crawford murder, which the County maintains are irrelevant to the instant matters.

17.     Regardless of the fundamental issues with Plaintiffs' demands, the County has produced six thousand one hundred and ninety-five (6,195) documents to date. See the County's Rule 26 Initial Disclosures dated October 14, 2022, attached as **Exhibit 1**; the County's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents dated January 13, 2023, attached as **Exhibit 2**; and a letter from Brian C. Mahoney to Gideon A. Hanft dated February 13, 2023, attached as **Exhibit 3**.

DATED:   Buffalo, New York
         February 28, 2023

                                        Respectfully submitted,

                                        **LIPPES MATHIAS LLP**

                                        By:   *s/ Jennifer C. Persico*
                                              Jennifer C. Persico, Esq.
                                              *Attorneys for Defendant, County of Erie*
                                              50 Fountain Plaza, Suite 1700
                                              Buffalo, New York 14202
                                              Telephone: 716-853-5100
                                              E-mail: jpersico@lippes.com