UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

────────────────────────────────

DARRYL BOYD,

                     Plaintiff,

              - against -                        Case No. 1:22-cv-520

THE CITY OF BUFFALO; THE COUNTY OF
ERIE; MICHAEL G. GUADAGNO; JOHN
MONTONDO; LINDA J. FIAL AS EXECUTOR
FOR THE ESTATE OF ROBERT GRABOWSKI;
AND MARTIN BULLOCK AS EXECUTOR FOR
THE ESTATE OF JAMES E. HUNTER,

                     Defendants.

────────────────────────────────


────────────────────────────────

JOHN WALKER, JR.

                     Plaintiff,

              - against -                        Case No. 1:22-cv-519

THE CITY OF BUFFALO; THE COUNTY OF
ERIE; MICHAEL G. GUADAGNO; JOHN
MONTONDO; LINDA J. FIAL AS EXECUTOR
FOR THE ESTATE OF ROBERT GRABOWSKI;
AND MARTIN BULLOCK AS EXECUTOR FOR
THE ESTATE OF JAMES E. HUNTER,

                     Defendants.

────────────────────────────────

**DEFENDANT COUNTY OF ERIE'S SUPPLEMENTAL RESPONSES AND
OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND
<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

Defendant County of Erie ("County Defendant"), by and through its counsel, hereby provides its responses and objections to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents as follows:

## **GENERAL OBJECTIONS**

1.     The County Defendant objects to these requests to the extent they impose obligations beyond those prescribed by the Federal Rules of Civil Procedure and the Local Rules.

2.     The County Defendant objects to these requests to the extent they seek information protected from disclosure under the attorney-client privilege, the work product doctrine, and other privileges and immunities afforded by law.

3.     The County Defendant objects to these requests to the extent they seek information that is neither relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

4.     The County Defendant objects to these requests to the extent that they seek information already in the possession of the plaintiff(s), publicly available, or as readily available to the plaintiff(s) as it is to the County Defendant.

5.     The County Defendant objects to the requests to the extent they use language incorporating or calling for a legal conclusion or misstate the applicable law.

6.     The County Defendant objects to these requests to the extent that any Request is not subject to reasonable date limitations.

7.     The County Defendant states that, in the responses below, materials "under their possession and/or control" shall be construed to mean materials which they have located.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

## INTERROGATORY NO. 1

Identify each attorney employed by the Erie County District Attorney's Office (on a full-time or part-time basis) from January 1, 1972 to December 31, 1982.

## RESPONSE TO INTERROGATORY NO. 1

Defendant objects to this demand as overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence.  There is no basis to demand information from the ten-year period set forth in Plaintiff's demand.  While reserving all rights, Defendant would consider a revised demand.

## INTERROGATORY NO. 2

Identify each policymaker during 1977 for the Erie County District Attorney's Office concerning each of the following subject areas:

a.     Compliance with legal and ethical obligations to obtain and/or to disclose statutory discovery, as well as *Brady* and *Rosario* material before, during, and after trial;

b.     The recording or documentation of discovery, *Brady* and *Rosario* disclosures;

c.     The maintaining of a database or records of misconduct by prosecutors or Police Officers;

d.     The maintaining of a database concerning the use of jailhouse informants or snitches, witnesses with criminal histories, benefits provided to witnesses, and other information bearing upon the credibility of prosecution witnesses;

e.     The interrogation or interview by a prosecutor of a witness or suspect, including the use of coercion or inducements;

- 3 -

f.     The recording or documentation by prosecutors of witness interviews and of the results of other investigative or prosecutorial procedures;

g.     Collaboration with and supervision of the police in homicide investigations and prosecutions;

h.     The development and use of jailhouse informant or "snitch" testimony;

i.      The use during criminal prosecutions of evidence derived from police-arranged identification procedures, police interrogations of witnesses and suspects, police-conducted forensic investigation and testing, and other police investigation;

j.      Trial advocacy, including but not limited to witness preparation and examinations, and opening and closing statements;

k.     The role of bureau chiefs and supervisors in ensuring compliance by prosecutors with constitutional and statutory requirements and office policy, procedure and practice;

l.      The maintaining of personnel records; and

m.     The disciplining of prosecutors for misconduct in the investigation or prosecution of criminal matters.

**RESPONSE TO INTERROGATORY NO. 2**

Defendant objects to this interrogatory to the extent that "principal policymaker" is not defined, vague and subject to multiple meanings and interpretations.  Further, the Defendant objects as it is overly broad, unduly burdensome and not likely to lead to the discovery of relevant evidence.  Notwithstanding the foregoing, many of the subsections contain pre-supposed findings of fact and conclusory allegations which make it impossible to respond.  For example, subsections c and d pre-suppose that there was a database of records of misconduct by prosecutors or Police Officers or concerning the use of jailhouse informants etc.; subsection e pre-supposes that coercion

and inducements were utilized in the interviews of witnesses;  subsection f pre-supposes that there was recording of witness interviews and that the prosecutors investigated matters; subsection g pre-supposes that there was supervision of the police in homicide investigations; subsection h pre-supposes that there was development and use of jailhouse informant or "snitch" testimony.

While reserving all rights, Defendant advises that Edward C. Cosgrove was the Erie County District Attorney in 1977.

## INTERROGATORY NO. 3

State whether the ECDA had any process for investigating or disciplining ADAs for failing to comply with disclosure requirements under *Brady v. Maryland*, 363 U.S. 83 (1963) and its progeny, and/or *People v. Rosario*, 9 N.Y.2d 286 (1961), and/or with rules pertaining to trial advocacy, and, if so, describe the process in detail.

## RESPONSE TO INTERROGATORY NO. 3

Defendant objects to this demand as overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence.  Defendant also objects to this interrogatory to the extent it calls upon it to exhaustively state the processes for investigating and/or discipling any allegation of misconduct against any ADA regardless of how remote the connection is to the allegations and defenses in this case. While reserving all rights, Defendant would consider a revised demand.

## INTERROGATORY NO. 4

With regard to each of the appellate decisions listed in Plaintiffs' Document Request No. 9 to the County, identify the ADA or ADAs employed by the ECDA who conducted the trial that was the subject of each decision.

**RESPONSE TO INTERROGATORY NO. 4**

Defendant objects to this interrogatory as overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence.  Please also see defendant's response to Plaintiff's Document Request No. 9. While reserving all rights, Defendant would consider a revised demand.

**INTERROGATORY NO. 5**

With regard to each ADA identified in response to Interrogatory No. 4, state whether such ADA was investigated or disciplined for misconduct in the prosecution that was the subject of the court decision by the County and, if so, state the date discipline was imposed and describe in detail the discipline imposed.

**RESPONSE TO INTERROGATORY NO. 5**

Defendant objects to this interrogatory as overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence.  Please also see defendant's response to Plaintiff's Interrogatory No. 4 and Document Request No. 9. While reserving all rights, Defendant would consider a revised demand.

**INTERROGATORY NO. 6**

In addition to each ADA identified in response to Interrogatory No. 5 (if any), state whether any other ADA employed by the ECDA was ever disciplined for failing to comply with the obligation to disclose *Brady, Rosario,* or other discovery material, or to comply with any rules regarding trial advocacy during a criminal prosecution and, if so, identify each such ADA, the defendant's name in the case in which the ADA's conduct occurred, the indictment and docket numbers of such case, the citation to any court decision discussing such conduct, the date the discipline was imposed, and describe in detail the discipline imposed.

**RESPONSE TO INTERROGATORY NO. 6**

Defendant objects to this demand as overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence.  According to the instructions at the beginning of the Interrogatories, "the relevant time period for these Requests is January 1, 1963 to December 31, 1985" [see para. 4].  There is no basis to demand information from that extended twenty-two (22) year period.  Additionally, it is unclear whether plaintiff means the aforementioned period or "ever" thus making it impossible to respond. Defendant also objects to this interrogatory to the extent it calls upon it to exhaustively search records regarding discipling for any allegation of misconduct against any ADA regardless of how remote the connection is to the allegations and defenses in this case.  Please note that Interrogatories containing language such as "ever" or "any" or generally disfavored.  While reserving all rights, Defendant would consider a revised demand.

**INTERROGATORY NO. 7**

State whether ADAs employed by the ECDA prior to December 31, 1977 received training concerning each of the subject areas listed in Interrogatory No. 2 and, if so, identify who provided the training and all training materials provided.

**RESPONSE TO INTERROGATORY NO. 7**

Defendant objects to this interrogatory as overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence.  See also Response to No.2.  While reserving all rights, Defendant would consider a revised demand.

**INTERROGATORY NO. 8**

State whether the ECDA had any handbook(s), manual(s), or other document(s) during 1976-77 that set forth the policies of the ECDA with respect to one or more of the subject areas described in Interrogatory No. 2 and, if so, identify the handbook(s), manual(s) or document(s).

**RESPONSE TO INTERROGATORY NO. 8**

Defendant objects to this interrogatory as overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence.  See also Response to No.2.  While reserving all rights, Defendant would consider a revised demand.


**INTERROGATORY NO. 9**

Describe the practice, if any, of the ECDA to maintain a record or otherwise keep track of complaints against individual ADAs that were made directly to the Erie County District Attorney or other executives or supervisors at the ECDA, or in the course of criminal appeals or post-trial motions.

**RESPONSE TO INTERROGATORY NO. 9**

Defendant objects to this interrogatory as overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence.  According to the instructions at the beginning of the Interrogatories, "the relevant time period for these Requests is January 1, 1963 to December 31, 1985" [see para. 4].  There is no basis to demand information from that extended twenty two (22) year period.  Additionally, it is unclear whether plaintiff means the aforementioned period or "ever" thus making it impossible to respond.  Defendant also objects to this interrogatory to the extent it calls upon it to exhaustively search records regarding discipling for any allegation of misconduct against any ADA regardless of how remote the connection is to the allegations and defenses in this case. Please note that Interrogatories containing language such as "ever" or "any" or generally disfavored.  While reserving all rights, Defendant would consider a revised demand.

## INTERROGATORY NO. 10

State whether the County had or has any insurance policy that covered or covers claims against the County and/or individual employees of the ECDA for misconduct by ECDA prosecutors committed from January 1, 1976 to the present and, if so, identify the carrier and the dates of coverage.

## RESPONSE TO INTERROGATORY NO. 10

The County of Erie is self-insured and thus, upon information and belief, there were no insurance policies nor carriers relevant to this incident.

## INTERROGATORY NO. 11

Explain in detail the basis for each of the County's affirmative defenses set forth in its Answers in the Actions.

## RESPONSE TO INTERROGATORY NO. 11

Defendant objects to this demand as overly broad and premature. Prior to completion of further discovery, the defendant is not in a position to respond to this demand. Defendant reserves its right to supplement this response in the future.

## INTERROGATORY NO. 12

Identify by caption and index or docket number each and every lawsuit brought against the County and/or an employee of the ECDA, from January 1, 1963, to the present, alleging non-compliance with *Brady v. Maryland*, 363 U.S. 83 (1963) and its progeny, *People v. Rosario*, 9 N.Y.2d 286 (1961), and/or trial advocacy rules, including but not limited to summation conduct.

**RESPONSE TO INTERROGATORY NO. 12**

   Defendant objects to this interrogatory as it is overly broad, unduly burdensome, irrelevant

to the instant action and not likely to lead to material information.  Plaintiff has access to all public

filings concerning lawsuits against the County and/or any employee of the ECDA.

<strong><u>VERIFICATION OF INTERROGATORY RESPONSES</u></strong>

   I, Jennifer C. Persico, believe, based on reasonable inquiry, that the foregoing

factual responses are true and correct to the best of my knowledge, information and belief.

   I verify that under penalty of perjury that the foregoing is true and correct.


       By:   <u>   */s/Jennifer C. Persico*            </u>
           Jennifer C. Persico
           LIPPES MATHIAS LLP
           *Attorneys for Defendant County of Erie*
           50 Fountain Plaza, Suite 1700
           Buffalo, New York 14202
           (716) 853-5100
           jpersico@lippes.com

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

## REQUEST FOR PRODUCTION NO. 1

All documents that provide any of the information requested in the preceding Interrogatories.

**RESPONSE:** The defendant re-states any and all objections to the plaintiffs' interrogatories as if fully set forth herein. The defendant is not withholding any documents in their possession or control which contain information used to respond to the plaintiffs' interrogatories, but the defendant maintains its objections as to the burden and disproportionality of searching for and locating materials referenced in certain interrogatory requests. Subject to and without waiving any previously stated objections, defendant is compiling the information necessary to respond to this demand. The defendant reserves the right to supplement or amend this response up to the time of trial.

## REQUEST FOR PRODUCTION NO. 2

Documents sufficient to show the job title or position and starting and ending dates of employment of each attorney and investigator employed by the ECDA from January 2, 1976 through August 3, 1977.

**RESPONSE:** The defendant objects to this demand as overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence. Defendant states that it is compiling materials responsive to this request under its possession and control will produce the same as soon as possible. The defendant reserves its right to supplement or amend this response up to the time of trial.

**REQUEST FOR PRODUCTION NO. 3**

All documents concerning the Crawford Murder including, but not limited to:

a.  All documents and materials in the ECDA's case or prosecutorial files for the Crawford Defendants;

b.  All police-prepared documents, including P-73 and other reports, evidence vouchers, photographs, diagrams, witness statements whether signed or unsigned, audio recordings, NYSIIS reports or rap sheets for suspects and witnesses, arrest warrants, complaints, diagrams, notes, correspondence, and memoranda;

c.  Witness custody, relocation, and payment records;

d.  Discovery materials produced to any of the Crawford Defendants;

e.  *Rosario* material produced to any of the Crawford Defendants;

f.  *Brady* or *Giglio* material produced to any of the Crawford Defendants;

g.  Documents, including transcripts, notes, memoranda, correspondence, or receipts, sufficient to show the date(s) *Rosario* material, and/or *Brady* or *Giglio* material was disclosed to each Crawford Defendant;

h.  All pre-trial, trial, and post-trial transcripts, pleadings, motion papers, responses thereto, and orders, including motions to vacate a conviction or sentence under CPL Arts. 330 or 440 and federal habeas corpus;

i.  All Grand jury transcripts and exhibits;

j.  All correspondence, notes, transcripts, and memoranda containing witness statements or other factual material, references to discovery, *Rosario* or *Brady/Giglio* materials or whether to produce the same, and/or the basis for initiating or continuing the prosecution of any of the Crawford Defendants;

k.      All materials, including emails, relating to any post-trial review or reinvestigation of the Crawford Defendants' convictions by the District Attorney, members of his executive staff, the Conviction Integrity Unit of the ECDA, any other ADA, the Commissioner of the BPD, the BPD's cold case squad, or any other Police Officer or BPD investigator.

**RESPONSE:**   The defendant objects to this demand as overly broad and utilizing vague terms.  Notwithstanding the foregoing and subject to the stated objections, the defendant will produce documents it locates which are responsive to the demand.  Documents responsive to subsection (a) are disclosed as pages bates stamped 002456-002466.  Documents responsive to subsection (b) are disclosed as pages bates stamped 001749-002254, 004372-004399, 004411-004515, 004517-004521, and 004523-004537.  Documents responsive to subsection (h) are disclosed as pages bates stamped 001609-001725 and 001919-001979, 002279-002238, 002241-002415, 002423-002428, 002438-002455, 002467-002604, 002606-002979, 002989-003000, 003107-003206, 003231-003593, 003595-003759, 003760-004371, 004400-004410, 004538-004998, 005000-005813, 005832-005833, and 005840-006295. The defendant reserves its right to supplement or amend this response up to the time of trial.

**REQUEST FOR PRODUCTION NO. 4**

All documents concerning any investigation or prosecution of the Crawford Defendants for any crime other than the Crawford Murder.

**RESPONSE** : Defendant objects to this demand as overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence.  According to the instructions "the relevant time period for these Requests is January 1, 1963 to December 31, 1985" [see para. 4].  There is no basis to demand information from that extended twenty-two (22) year period.   Defendant also

objects to this demand to the extent it calls upon it to exhaustively search records regarding the Crawford defendants despite any stated materiality or relevance to this case. Notwithstanding the foregoing and subject to the stated objections, pages bates stamped 001749-001785, 001985-002015, 002017-2056, and 2058-002076 contain information pertaining to the criminal histories of the Crawford Defendants.

**REQUEST FOR PRODUCTION NO. 5**

All documents concerning any investigation, detention as a material witness, or criminal prosecution of Shirly A. Floyd (aka "Scheryl Floyd") (DOB 2/9/1950), S.S.N. ending in 5597, during the time period January 2, 1976 through August 3, 1977.

**RESPONSE:** Defendant objects to this demand as overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence. Defendant also objects to this demand to the extent it calls upon it to exhaustively search records that are over 45 years old despite any materiality or relevance to this case. Notwithstanding the foregoing and subject to the stated objections, pages bates stamped 002238-002241 contain information pertaining to Scheryl Floyd.

**REQUEST FOR PRODUCTION NO. 6**

All documents concerning any investigation or prosecution of Lawrence R. Watson (aka "Larry Watson") (DOB 6/5/1943); Jerome Boyd (DOB 10/5/1939); Andre Hough (DOB 11/17/1960); and Tyrone Woodruff (DOB 6/1958) for any alleged crime, including but not limited to the Crawford Murder.

**RESPONSE:** Defendant objects to this demand as overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence. According to the instructions "the relevant time period for these Requests is January 1, 1963 to December 31, 1985" [see para. 4]. There is no basis to demand information from that extended twenty-two (22) year period. Defendant also

objects to this demand to the extent it calls upon it to exhaustively search records despite any materiality or relevance to this case.  Notwithstanding the foregoing and subject to the stated objections, the page bates stamped 002136 contains information pertaining to Jerome Boyd.

## REQUEST FOR PRODUCTION NO. 7

All documents concerning any arrest, interrogation, or prosecution of William F. Crawford (DOB 7/12/1913), S.S.N. ending in 4998.

**RESPONSE:**  Defendant objects to this demand as overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence.  According to the instructions "the relevant time period for these Requests is January 1, 1963 to December 31, 1985" [see para. 4]. There is no basis to demand information from that extended twenty-two (22) year period. Defendant also objects to this demand to the extent it calls upon it to exhaustively search records despite any materiality or relevance to this case.  While reserving all rights, Defendant would consider a revised demand.

## REQUEST FOR PRODUCTION NO. 8

All documents concerning the Crosby Murder, including, but not limited to:

a.       The contents of any investigative or prosecutorial file and other materials;

b.       All police reports, recordings, notes, correspondence, and memoranda; and

c.       Witness custody, relocation, and payment records.

**RESPONSE:**  Defendant objects to this demand as overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence.  According to the instructions "the relevant time period for these Requests is January 1, 1963 to December 31, 1985" [see para. 4].

There is no basis to demand information from that extended twenty-two (22) year period. Defendant also objects to this demand to the extent it calls upon it to exhaustively search records despite any materiality or relevance to this case. While reserving all rights, Defendant would consider a revised demand.

**REQUEST FOR PRODUCTION NO. 9**

All hearing and trial transcripts, discovery requests and responses, and appellate briefs, as well as documents sufficient to identify the prosecutors who handled each trial, for the prosecutions underlying the following decisions:

a. *People v. Anderson*, 25 A.D.2d 602 (4th Dept. 1966)

b. *People v. Kampshoff*, 53 A.D.2d 325, 332 (4th Dept. 1976)

c. *People v. Mitchell*, 99 Misc.2d 332 (Sup. Ct., Erie Co. 1979)

d. *People v. Cadby*, 75 A.D.2d 713 (4th Dept. 1980)

e. *Matter of Potenza v. Kane*, 79 A.D.2d 467 (4th Dept. 1981)

f. *People v. Clark*, 89 A.D.2d 820 (4th Dept. 1982)

g. *People v. Ivey*, 83 A.D.2d 788 (4th Dept. 1981)

h. *People v. Johnson*, 62 A.D.2d 555 (4th Dept. 1978)

i. *People v. Christopher*, 170 A.D.2d 1020 (4th Dept. 1991)

j. *People v. Moore*, 26 A.D.2d 902 (4th Dept. 1966)

k. *People v. Slaughter*, 28 A.D.2d 1082 (4th Dept. 1967)

l. *People v. Zachery*, 31 A.D.2d 732 (4th Dept. 1968)

m. *People v. Washington*, 32 A.D.2d 605 (4th Dept. 1969)

n. *People v. Damon*, 24 N.Y.2d 256 (1969)

o. *People v. Cardinale*, 35 A.D.2d 1073 (4th Dept. 1970)

p.      *People v. Reingold*, 44 A.D.2d 191 (4th Dept. 1974)

q.      *People v. Ketchum*, 35 N.Y.2d 740 (1974)

r.      *People v. Greer*, 49 A.D.2d 297, 303-04 (4th Dept. 1975)

s.      *People v. Donaldson*, 49 A.D.2d 1004 (4th Dept. 1975)

t.      *People v. Balsano*, 51 A.D.2d 130 (4th Dept. 1976)

u.      *People v. Weston*, 51 A.D.2d 881 (4th Dept. 1976)

v.      *People v. Mordino*, 58 A.D.2d 197 (4th Dept. 1977)

w.      *Robinson v. Smith*, 451 F. Supp. 1278 (W.D.N.Y. 1978)

x.      *People v. Keller*, 67 A.D.2d 153 (4th Dept. 1979)

y.      *People v. King*, 72 A.D.2d 930 (4th Dept. 1979)

z.      *Matter of Potenza v. Kane*, 79 A.D.2d 467, 472 (4th Dept. 1981)

aa.     *People v. Terry*, 83 A.D.2d 491 (4th Dept. 1981)

bb.     *People v. Mordino*, 83 A.D.2d 775 (4th Dept. 1981)

cc.     *People v. Vance*, 89 A.D.2d 347 (4th Dept. 1982)

dd.     *People v. Herlan*, 99 A.D.2d 647 (4th Dept. 1984), and

ee.     *People v. Grafton*, 115 A.D.2d 952 (4th Dept. 1985).

**RESPONSE:**   Defendant objects to this demand as vastly overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence.  The thirty-three (33) cases listed above presumably relate to plaintiff's *Monell* claims.  Besides the fact that the majority of the above noted cases relate to issues not present in the instant case, the remainder - specifically, c., d., e., f., g., h., i., j., w., x., y., cc., dd. and ee. - arose after the plaintiffs' arrest and prosecution and therefore have no bearing on plaintiffs' *Monell* claims. *See Cooks v. Town of South Hampton*, No. 13–3460, 2015 WL 1476672, at *7 (E.D.N.Y. Mar. 2015) (incidents occurring after events

giving rise to alleged constitutional violation had no probative value for the plaintiff's *Monell* claims).  Moreover, the massive amount of effort and resources required to even look for the materials requested is wholly disproportionate to the needs of the plaintiff at this stage.

## REQUEST FOR PRODUCTION NO. 10

All records of the federal habeas proceedings in *Robinson v. Smith,* 451 F. Supp. 1278 (W.D.N.Y. 1978), including but not limited to the petition, the briefings of all parties, transcripts of any federal hearing, copies of all exhibits submitted to the federal court, including state court hearing transcripts, exhibits, motion papers, and court decisions, and all correspondence between the ECDA and BPD related to the *Robinson* case that reference arrest and interrogation tactics used by the BPD.

**RESPONSE:**  The defendant objects to this demand inasmuch as the plaintiff has just as much access to the records of the cited case.  The defendant reserves its right to supplement or amend this response up to the time of trial.

## REQUEST FOR PRODUCTION NO. 11

Documents showing the organizational structure of the ECDA from January 2, 1976, through August 3, 1977.

**RESPONSE:**  The defendant objects to this demand as overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence.  Defendant states that it is compiling materials responsive to this request under its possession and control will produce the same as soon as possible.   The defendant reserves its right to supplement or amend this response

up to the time of trial.

## REQUEST FOR PRODUCTION NO. 12

The ECDA's annual budget, as well as requests for funding submitted to the Erie County Legislature or Executive and/or the State of New York, from January 1, 1970 through December 31, 1985.

**RESPONSE:**  The defendant objects to this request as disproportional to the needs of the case and to the extent it seeks materials which have no bearing on any of the issues which are relevant to the claims and defenses in this action.  The defendant is not in possession of any responsive materials at this time and are not withholding any materials which would be responsive to this request.

## REQUEST FOR PRODUCTION NO. 13

All training materials, and policy, procedure, or practice manuals, statements or outlines in whatever form, for the ECDA generally, and/or for the Trial or the Homicide Bureau, written and/or used on or between January 1, 1970, and December 31, 1985, for the following subject areas:

a.      Compliance with legal and ethical obligations to obtain and/or to disclose statutory discovery, as well as *Brady* and *Rosario* material before, during, and after trial;

b.      The recording and/or documentation of discovery, *Brady* and *Rosario* disclosures;

c.      The maintaining of a database or records of misconduct by Police Officers;

d.     The maintaining of a database concerning the use of jailhouse informants or snitches, witnesses with criminal histories, benefits provided to witnesses, and other information bearing upon the credibility of prosecution witnesses;

e.     The interrogation or interview by a prosecutor of a witness or suspect, including the use of coercion or inducements;

f.     The recording or documentation by prosecutors of witness interviews and of the results of other investigative or prosecutorial procedures;

g.     Collaboration with and supervision of the police in homicide investigations and prosecutions;

h.     The development and use of jailhouse informant or "snitch" testimony;

i.     The use during criminal prosecutions of evidence derived from police-arranged identification procedures, police interrogations of witnesses and suspects, police-conducted forensic investigation and testing, and other police investigation;

j.     Trial advocacy, including but not limited to witness preparation and examinations and opening and closing statements;

k.     The role of bureau chiefs and supervisors in ensuring compliance by line prosecutors with constitutional and statutory requirements and office policy, procedure and practice; and

l.     The maintaining of personnel records; and

m.    The disciplining of prosecutors for misconduct in the investigation or prosecution of criminal matters.

**RESPONSE:**   The defendant objects to this demand as overly broad, unduly burdensome and unlikely to lead to the discovery of relevant evidence.  Moreover, it is entirely

duplicative of Interrogatory No. 2.  Defendant states that it is compiling materials responsive to this request under its possession and control will produce the same as soon as possible.   The defendant reserves its right to supplement or amend this response up to the time of trial.

.

## REQUEST FOR PRODUCTION NO. 14

All personnel files and other personnel-type records for ADAs Timothy Drury, David Henry, James Verrastro, and Jerry Solomon, including but not limited to applications for employment, promotional, salary and assignment records, training records, performance evaluations, allegations or complaints alleging deficient performance or misconduct of any kind with respect to *Brady*, *Rosario*, or discovery violations or trial advocacy, and records of disciplinary inquiries or actions of any kind.

**RESPONSE:** The defendant objects to this demand as overly broad and unduly burdensome in that it seeks personnel records of ADAs who were not involved in the prosecution.   Subject to and without waiving these objections, the defendant states that they will conduct a search for the personnel files of the individual defendants.  Non-privileged and non-confidential portions of the four individual defendants' personnel files will be produced if the defendant is able locate them. Defendant reserves its right to supplement this response up to the time of trial.

## REQUEST FOR PRODUCTION NO. 15

Individual records or files compiling information for the period including January 1, 1970, through December 31, 1985, containing or concerning:

a.      The Office's overall rate of obtaining convictions generally or at trial;

b.      The win-loss records at trial of ADAs Drury, Henry, Verrastro, and Solomon, and of the homicide bureau;

c.      The Office's success rate on appeal;

d.      The claims of criminal defendants on direct appeal or in post-conviction motions of *Brady*, *Rosario*, or discovery violations, summation misconduct, or other forms of misconduct by prosecutors during criminal hearings or trials;

e.      Complaints against individual prosecutors for discovery, *Brady*, or *Rosario* violations, summation misconduct, and other forms of misconduct related to trial advocacy.

**RESPONSE:** The defendant objects to this request as unduly burdensome given the age of the records that are the subject of the request.  The defendant objects to this demand as overly broad and unduly burdensome. The defendant further objects to this request to the extent it seeks materials related to policies not in effect at the time of the events giving rise to the plaintiffs' claims in this action.  Subject to and without waiving these objections, the defendant believes that there are no documents responsive to this demand but reserves the right to supplement this response up to the time of trial.

**REQUEST FOR PRODUCTION NO. 16**

For the prosecutors who handled the trials listed in Document Request No. 9 provide all salary, assignment and promotional records, all performance evaluations, all lists of trials and win-loss records maintained by the ECDA for each such prosecutor, all records of disciplinary complaints, inquiries and actions, all records of referrals to or inquiries from a Departmental Grievance Committee, and all records of other prosecutions in which the same prosecutors were

accused of or found to have committed misconduct relating to *Brady*, *Rosario*, discovery obligations, trial advocacy rules including but not limited to summation rules, and/or other ethical obligations.

        **RESPONSE:**  See response to No. 9.


**REQUEST FOR PRODUCTION NO. 17**

        All insurance policies arguably covering the County, the ECDA, and/or their employees for any of the misconduct alleged in the Complaints.

        **RESPONSE:**  See response to Interrogatory No. 10.


**REQUEST FOR PRODUCTION NO. 18**

        All records of internal ECDA disciplinary investigations or action from January 1, 1970, to the present for alleged misconduct by ECDA prosecutors in connection with their *Brady*, *Rosario*, or statutory discovery obligations, summations, and other trial advocacy.

        **RESPONSE:**  The defendant objects to this demand as been vastly overbroad, unduly burdensome and unlikely to lead to the discovery of admissible evidence.  Plaintiffs cannot justify seeking materials for a fifty year time period.  Reserving all rights and objections, defendants would consider a revised demand.


**REQUEST FOR PRODUCTION NO. 19**

        All documents that you contend support, undermine, or otherwise concern any of the affirmative defenses in your Answers in these Actions.

        **RESPONSE:**  See response to Interrogatory No. 11.

**REQUEST FOR PRODUCTION NO. 20**

      All documents that you contend support, undermine, or otherwise concern any of the cross-claims in your Answers in these Actions.

      **RESPONSE:**  See response to Interrogatory No. 11.


**REQUEST FOR PRODUCTION NO. 21**

      All documents that you contend support, undermine, or otherwise concern any other defense you intend to raise or raise in response to Plaintiffs' claims.

      **RESPONSE:**  See response to Interrogatory No. 11.


      Defendant reserves the right to supplement and amend the foregoing Responses.


Dated:      Buffalo, New York
             January 13, 2022

                **LIPPES MATHIAS LLP**

           By:    */s/Jennifer C. Persico*
                Jennifer C. Persico
                Brian C. Mahoney
                Alexander W. Eaton
                *Attorneys for Defendant County of Erie*
                50 Fountain Plaza, Suite 1700
                Buffalo, New York 14202
                Telephone: 716-853-5100
                jpersico@lippes.com
                bmahoney@lippes.com
                aeaton@lippes.com

- 24 -

TO:       LAW OFFICES OF JOEL B. RUDIN, P.C.
                *Attorneys for Plaintiff*
                Joel B. Rudin, Esq.
                David E. Rudin, Esq.
                Jacob Loup, Esq.
                152 West 57th Street
                New York, New York  10019
                Telephone:  212-752-7600
                jbrudin@rudinlaw.com
                david@rudinlaw.com
                jloup@rudinlaw.com

                WILMER HALE
                *Attorneys for Plaintiff*
                Ross E. Firsenbaum, Esq.
                Ryanne E. Perio, Esq.
                7 World Trade Center
                250 Greenwich Street
                New York, New York  10007
                Telephone:  212-295-6325
                ross.firsenbaum@wilmerhale.com
                ryanne.perio@wilmerhale.com

                *Pro Hac Vice Counsel for Plaintiff*
                Erin E. Hughes
                Wilmer Cutler Pickering Hale and Dorr LLP
                250 Greenwich Street
                New York, New York  10007
                Telephone:  212-295-6284
                Erin.Hughes@wilmerhale.com

                *Pro Hac Vice Counsel for Plaintiff*
                Phoebe H. Silos
                Wilmer Cutler Pickering Hale and Dorr LLP
                250 Greenwich Street
                New York, New York  10007
                Telephone:  212-230-8841
                Phoebe.Silos@wilmerhale.com

*Pro Hac Vice Counsel for Plaintiff*
Gideon A. Hanft
Wilmer Cutler Pickering Hale and Dorr LLP
250 Greenwich Street
New York, New York  10007
Telephone:  212-295-6420
Gideon.Hanft@wilmerhale.com

CC:      HODGSON RUSS LLP
           *Attorneys for Buffalo Defendants*
           Hugh M. Russ III, Esq.
           Adam W. Perry, Esq.
           Peter A. Sahasrabudhe, Esq.
           The Guaranty Building
           140 Pearl Street — Suite 100
           Buffalo, New York  14202
           Telephone:  716-856-4000
           hruss@hodgsonruss.com
           aperry@hodgsonruss.com
           psahasra@hodgsonruss.com