

**Peter Sahasrabudhe**
Associate
Direct Dial: 716.848.1508
Direct Facsimile: 716.849.0349
PSahasra@hodgsonruss.com

September 17, 2024

Hon. Meredith A. Vacca
District Judge
United States District Court
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York  14614

Dear Judge Vacca:

        **Re:**    *Darryl Boyd vs. the City of Buffalo, et al.*
              **Civil Action No.:  22-cv-00519**
              and
              *John Walker, Jr. vs. the City of Buffalo, et al.*
              **Civil Action No.:  22-cv-00520**

        Our office represents the City of Buffalo, John Montondo, Michael Guadagno, and the estates of Leo Donovan, James Hunter, Francis Manista, Frank Deubell, Robert Arnet, Paul Delano, and Robert Grobowski (the "City Defendants") in these companion matters. Each of the individual defendants is a former homicide detective from the Buffalo Police Department. Each individual defendant except for Defendant Montondo and Defendant Guadagno is deceased.  We write in response to the letters filed by counsel for Plaintiffs yesterday evening. Plaintiffs' letters request a scheduling conference and further request that the Court set trial dates for both cases.  **For the reasons that follow, the Court should refrain from scheduling any future proceedings until such time as summary judgment motions have been decided.**

        As the Court can readily determine, there are two comprehensive summary judgment motions pending in both matters.  The City Defendants and our co-defendant, the County of Erie, have moved for summary judgment in both cases.  Contrary to what counsel for Plaintiffs has asserted in his letter, both the City Defendants and the County of Erie have moved for complete summary judgment and dismissal of all claims.  Our memoranda of law in support of our motions for summary judgment address each of the claims remaining against the City Defendants.  The Court should note that Plaintiffs voluntarily dismissed the fourth and fifth causes of action asserted in their respective amended complaints.  (Walker Dkt. No. 154 ); (Boyd Dkt. No. 156). The County of Erie has likewise sought dismissal of each cause of action asserted against it.  We of course do not seek to use this correspondence as an opportunity to further brief the merits of our summary judgment motion, but we do feel compelled to address the misstatement in the letters filed by Plaintiffs yesterday.  The pending motions are not motions for partial summary judgment.  They seek complete dismissal.

        As to other contentions made in Mr. Rudin's letter, we note that Plaintiffs' counsel has oft cited a comment made by Magistrate Judge McCarthy as to the supposed merits



September 17, 2024
Page 2

of the defendants' summary judgment motions in these cases. Judge McCarthy made this comment in the context of a completely different application well before any summary judgment motions had been filed. He made the comment at a completely different stage of the litigation. In response to a similar maneuver by Plaintiffs' counsel, Judge Vilardo assured the parties that he would not prejudge the defendants' motions based on a comment made by Judge McCarthy more than a year prior to the filing of the motions. We request the same approach from this Court.

To specifically address Plaintiffs' request, we note, as Judge Vilardo did in his recent Text Orders, that the pending motions before the Court are multi-faceted and "voluminous." (Walker Dkt. No. 186); (Boyd Dkt. No. 190). Indeed, Plaintiffs' own oppositions to the motions each contain over 120 exhibits, 50-page memoranda of law, and 300-page counterstatements of material facts. These cases involve complicated sets of facts occurring close to fifty years ago. The factual backgrounds involve many individuals with different levels of association, multiple law enforcement agencies, and transcripts from criminal proceedings which spanned multiple decades. The analysis and review the Court must do to decide the summary judgment motions is thus anything but straight forward. We believe that Judge Vilardo recognized this reality when he ordered that trial dates should not be rescheduled until the Court had sufficient time to review and rule on the "voluminous" motions for summary judgment.

Other realities counsel in favor of waiting to schedule trial dates until after the summary judgment motions have been decided. The Court's ruling on the summary judgment motions will dictate which (if any) claims remain, which (if any) parties remain, which issues are to be tried, and which witnesses need to be called.

On a final note, we want the Court to know that, despite the representations made in Mr. Rudin's letters, the City Defendants have continued to engage in good faith settlement negotiations with Plaintiffs well-after Judge Vilardo told the parties that the October and November trials would not be going forward as scheduled. The City Defendants will continue to proceed in this manner regardless of whether trial dates are scheduled or when the trial dates are ultimately scheduled for.

We understand that the Court is going to hold a conference with the parties in the coming weeks to discuss scheduling. Counsel for the City-Defendants will be prepared to answer any of the Court's questions at the conference. We thank the Court for its attention to these matters and look forward to our conversation with the Court in the coming weeks.

Respectfully submitted,

*s/ Peter A. Sahasrabudhe*

Peter A. Sahasrabudhe



September 17, 2024
Page 3

PAS/lml

Copy to:     Joel B. Rudin, Esq.
               David E. Rudin, Esq.
               Jacob Loup, Esq.
               Ryanne E. Perio, Esq.
               Ross Firsenbaum, Esq.
               Phoebe H. Silos, Esq.
               Gideon Hanft, Esq.
               Erin Hughes, Esq.
               Timothy Hoover, Esq.
               Spencer Durland, Esq.
               Jennifer Persico, Esq.
               Brian Mahoney, Esq.
               (*all by ECF only*)