UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARRYL BOYD,

       Plaintiff,                                  Civil Action No. 22-cv-519

    v.

COUNTY OF ERIE, et al.,

       Defendants.
_____

JOHN WALKER, JR.

       Plaintiff,                                  Civil Action No. 22-cv-520

    v.

COUNTY OF ERIE, et al.,

       Defendants.
_____

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT COUNTY OF ERIE'S MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF ELLIOT SHIELDS AND SAM DAVIS

**LIPPES MATHIAS LLP**
Jennifer C. Persico, Esq.
Brian C. Mahoney, Esq.
Kirstie A. Means, Esq.
Thomas R. Southard, Esq.
*Attorneys for Defendant, County of Erie*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
jpersico@lippes.com
bmahoney@lippes.com
kmeans@lippes.com
tsouthard@lippes.com

**INTRODUCTION**

Defendant County of Erie (the "County") submits this Memorandum of Law, and the accompanying Declaration of Jennifer C. Persico, Esq., with exhibits attached thereto, in support of its Motion *in Limine* to preclude both Elliot Shields and Sam Davis from testifying at trial.

Plaintiffs acknowledge that they did not disclose Mr. Shields until January 29, 2025 in their Preliminary Pretrial Disclosure based upon their opinion that he falls outside the scope of Rule 26a) because he was not "likely to have discoverable information" since he would merely be "summarizing voluminous documents" (which are as yet unidentified).

Plaintiffs' failure to timely disclose Mr. Shields was not substantially justified or harmless; rather it was an intentional tactical and strategic effort to adduce undisclosed expert opinion under the guise of a "summary witness". His testimony must be precluded for the reasons more fully set forth below.

Mr. Davis, while disclosed as a possible witness, is irrelevant to these proceedings. Additionally, because he is a sitting Buffalo City Court Judge who almost exclusively handles criminal matters carries concerns that the jury will ascribe undue weight to his testimony. While Plaintiffs' counsel has indicated they will not discuss his status as a judge, there is simply no way to avoid the risk of a juror conducting a simple google search. More importantly, he has no knowledge of Plaintiffs' underlying criminal prosecutions and his testimony is irrelevant and would serve only to confuse the issues and the jury and otherwise risks unduly prejudicing the County.

Accordingly, Mr. Shields and Mr. Davis should be precluded from testifying at trial.

## ARGUMENT

**POINT I:    PLAINTIFFS SHOULD BE PRECLUDED FROM CALLING ELLIOT SHILEDS AS A WITNESS FOR FAILURE TO DISCLOSE HIM PURSUANT TO FED. R. CIV. P. 26(a)**

Plaintiffs' have asserted that Mr. Shields, in their opinion, falls outside the scope of Rule 26(a) disclosure because he was not likely to have discoverable information inasmuch as he would be "summary witness" who would merely summarize for the jury the (as yet unidentified) voluminous documents. Plaintiffs advise that Mr. Shields "will summarize the court records and other materials which provided notice to the Erie County District Attorney of misconduct by members of his staff."[1]

Preliminarily, the W.D.N.Y does not permit "summary witnesses" (even when properly disclosed) to "offer any conclusion as to what the transactions means {sic}to the case." *See Ferrari Club of America, Inc. v. Bourdage*, 2017 WL 1498080 *7 (W.D.N.Y. 2017).

Mr. Shields is specifically expected to testify as to what the "court records [or] other materials" mean to the case and thus his testimony must be precluded. *Id* at *7; (*see* n.1 "he will summarize <u>the…materials which provided *notice*</u> to the Erie County District Attorney <u>of misconduct</u> by members of his staff)(emphasis added).

Inasmuch as notice is an essential element of a *Monell* claim, any testimony from Mr. Shields is prohibited opinion testimony from a witness neither disclosed as an expert nor a fact witness. *See Fagiola v. Natl. Gypsum Co.AC & S.*, 906 F.2d 53, 57 (2d Cir.1990).

---

[1] **Elliot Shields, 192 Lexington Avenue, Suite 802, New York, New York 10016,** will serve as a summary witness at both trials in support of each Plaintiff's *Monell* claim. He will summarize the court records and other materials which provided notice to the Erie County District Attorney of misconduct by members of his staff.

Plaintiffs' failure to disclose Mr. Shields as a witness pursuant to Fed. R. Civ. P. 26(a) results in automatic preclusion pursuant to Rule 37 of the Federal Rules of Civil Procedure. The Rule provides that if a party fails to provide information or identify witnesses as required by Rule 26(a) or (e), the party may not use that information or witness to "supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." *Charles v. County of Nassau*, 116 F.Supp.3d 107, 121-122 (E.D.N.Y. 2015) (citing Fed. R. Civ. P. 37).

The Second Circuit has identified four factors to consider on a motion to preclude under Rule 37: (1) the party's explanation for its failure to comply, (2) the importance of the testimony of the precluded witnesses or of the evidence, (3) any prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony or evidence, and (4) the possibility of a continuance. *Charles* 116 F.Supp.3d at 121.

Plaintiffs' explanation for the failure to disclose Mr. Shields is that he was not likely to have discoverable information, but Plaintiffs' position is no explanation at all, which weighs in favor of preclusion. *See Freeman v. Giuliani*, 2025 WL 81370 (S.D.N.Y. Jan. 13, 2025) (precluding defendant's third-party witness after defendant offered no explanation for his failure to timely disclose).[2] Discovery in these actions has been closed for more than a year, and Plaintiffs have made no claim that omission of Mr. Shields from their disclosures was a "mistake, oversight, or anything other than a strategic decision." *See Lexington Furniture Indus., Inc. v. Lexington Co.*, 2021 WL 2333859 at *2 (S.D.N.Y. May 27, 2021). Rather, Plaintiffs' position is that disclosure of Mr. Shields was not necessary since he will serve as a "summary witness." (*See* Persico Dec. at ¶

---

[2] To the extent Plaintiffs claim their disclosure of Mr. Shields was timely, the County reserves the right to seek discovery associated with his involvement in these matters, including by way of requesting materials and communications exchanged with Mr. Shields, a deposition, and information concerning any compensation he has been offered.

3

8.) Plaintiffs have not provided the County with any authority to suggest that "summary witnesses" are exempt from a party's ongoing obligation to disclose witnesses pursuant to Rule 26. *Id.* at ¶ 9.

The second factor also weighs in favor of preclusion. Mr. Shields has no first-hand knowledge of Plaintiffs' underlying trials, convictions, imprisonment, or damages. (Persico Dec. ¶ 16.) Nor was Mr. Shields at all involved in the factual circumstances leading to vacatur of Plaintiffs' convictions. *Id.* Consequently, Mr. Shields's testimony is irrelevant.

As to the third factor, in the event Mr. Shields is permitted to testify, the County would be highly prejudiced. As just a few examples, the Country was denied an opportunity to depose Mr. Shields before trial. *See Petersen Energia Inversora, S.A.U. v. Argentine Republic*, 2023 WL 4145440 at *3 (S.D.N.Y. June 23, 2023) ("The prejudice to plaintiff from the late disclosure flows from the need for it to examine Mr. Diez "prior to trial.") (internal quotations omitted). Second, Plaintiffs attempt to offer Mr. Shields is little more than a thinly-veiled attempt to offer the opinion of an undisclosed expert to bolster whichever *Monell* claims they final settle on pursuing against the County.

Concerning the fourth factor, Plaintiffs have made clear throughout these actions that their health-related issues should prevent any delay in these actions' trial(s). Accordingly, no continuance appears possible under these circumstances, but only by Plaintiffs' design and as a direct consequence of their strategic decision to delay disclosing Mr. Shields until the eve of trial.

Consequently, Plaintiffs' failure to disclose Mr. Shields as a witness pursuant to Rule 26(a) was not substantially justified or harmless and there exists no good reason why Plaintiffs should not be precluded from offering him as a witness at these actions' trial(s). *See Freeman v. Giuliani*, 2025 WL 81370 at *5 (S.D.N.Y. Jan. 13, 2025) (precluding defendant from offering third-party witnesses at trial after failing to disclose in Rule 26 disclosures); *Lexington Furniture Indus., Inc.*,

4

2021 WL 2333859 at *2 (holding that defendant's CEO was precluded from testifying because he was never listed in initial disclosures at any other time through the close of discovery and that the supplemental disclosure listing him during the preparation of final pretrial submissions was insufficient to precent preclusion).

**POINT II:   SAM DAVIS' TESTIMONY IS IRRELEVANT TO THESE PROCEEDINGS**

As is set forth below, the anticipated testimony of Mr. Davis runs afoul of various rules of evidence and consequently should be precluded.

**A.  Legal Standard**

Pursuant to Rule 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. A lay witness may only offer an opinion if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Rule 402 prohibits irrelevant evidence (*see* Fed. R. Evid. 402), and Rule 802 precludes hearsay.  *See* Fed. R. Evid. 802.

Rule 403 permits courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Exclusion under Rule 403 is appropriate where the testimony clouds the issue for the jury, wastes time by diverting attention from the relevant evidence, or would induce the jury to decide the case on a purely emotional basis." *In re Terrorist Attacks on Sept. 11, 2001*, 2023 WL 3116763, at *2 (internal quotation marks omitted).

### B. Mr. Davis is Irrelevant to these Proceedings and his Testimony Carries Risks of Confusion and Prejudice to the County.

Plaintiffs' Preliminary Disclosure additionally identifies non-party Sam Davis as a witness they intend to call at trial. *See* Persico Dec. at Ex. A. The same explains Mr. Davis "an attorney, will testify at both trials as to his FOIL request on behalf of Mr. Boyd and Mr. Walker and his receipt in or about 2008 of the *Brady* material." *Id.*

As a threshold matter, Mr. Davis's 2008 FOIL request and receipt of materials is objectively irrelevant to these proceedings. He has no relationship to, or firsthand knowledge of, Plaintiffs' underlying criminal prosecutions. As a result, his testimony is irrelevant pursuant to Fed. R. Evid. 402 and should be precluded.

In addition to being an attorney, Mr. Davis is a sitting Buffalo City Court Judge who almost exclusively handles criminal cases. As such, his testimony is likely to unduly prejudice the County because jurors are likely to credit it more than that of other witnesses based upon his status. There is also a significant risk of juror confusion as they may ascribe more weight and/or implicitly believe he is providing opinion or guidance as to how they should view the evidence. As such, Mr. Davis's testimony, even if relevant to these proceedings, warrants preclusion. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

As a result, Mr. Davis should be precluded from testifying at the trial(s) of these matters.

**CONCLUSION**

For the aforementioned reasons this Court should grant the County's Motion *in Limine* and preclude Plaintiffs from offering Elliot Shields and Sam Davis as a witnesses at these actions trial(s), along with any such other and further relief the Court deems just and proper.

Dated: Buffalo, New York
      February 10, 2025

                              **LIPPES MATHIAS LLP**

                              *s/Jennifer C. Persico*
                              Jennifer C. Persico, Esq.
                              Brian C. Mahoney, Esq.
                              Kirstie A. Means, Esq.
                              Thomas R. Southard, Esq.
                              *Attorneys for Defendant County of Erie*