## PX 296:  Summary of Certain Monell Evidence
### *Walker v. County of Erie*, 22-cv-520

***Brady* and *Rosario***

| Incident No. | PX No(s) | Defendant(s) | Date of Trial/ Conviction | Date of Court Decision/ Article/Brief | ECDA Prosecutor(s) | Summary | Purpose(s) (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| 1 | 100 | Ronald Bader and Joseph Horton | Dec 1975 (trial) | Feb 26, 1976 (decision), Feb 27, 1976 (article) | Benjamin Andrews | • *Buffalo Evening News* reports that court found ECDA withheld favorable investigator reports in murder prosecution. <br><br> • Court ordered new trial. | **(1)** To establish the policymaker's notice of reported misconduct (herein, "**Notice**"), for purpose of showing policy of deliberate indifference to commission of constitutional violations creating anything-goes culture (herein, "**Deliberate Indifference**"). *See, e.g., Jones v. Town of E. Haven*, 691 F.3d 72, 82 (2d Cir. 2012) (*Monell* liability may be shown by deliberate indifference of supervisory personnel to constitutional violations so as to give employees "a sense of liberty to abuse rights" without risking appropriate disciplinary consequences); *Disorbo v. Hoy*, 74 F. App'x 101, 104 (2d Cir. 2003) (jury reasonably could have inferred that municipality's failure to discipline |

| Incident No. | PX No(s) | Defendant(s) | Date of Trial/ Conviction | Date of Court Decision/ Article/Brief | ECDA Prosecutor(s) | Summary | Purpose(s) (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | | | | adequately officers who committed constitutional violations "created an atmosphere whereby police department tolerated misconduct"); *see also Walker* Dkt. 268, at 3 n.2 (citing additional authorities), *id.* at 1–15 (discussing deliberate indifference theory of *Monell* liability generally); Dkt. 172, at 67–76 (same); Dkt. 241, at 35–36 (same).<br><br>**(2)** To establish Notice, for purpose of showing the policymaker's acquiescence to subordinates' misconduct giving rise to inference of unlawful policy, custom, or practice of *Brady* violations (herein, "**Unlawful *Brady* Policy, Custom, or Practice**"). *See, e.g., Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 301-08 (2d Cir. 2020) (supervisor's indifference to corrections officer's incidents of misconduct created factual question as to existence of a widespread municipal practice); *Matusick v. Erie* |

| Incident No. | PX No(s) | Defendant(s) | Date of Trial/ Conviction | Date of Court Decision/ Article/Brief | ECDA Prosecutor(s) | Summary | Purpose(s) (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | | | | *Cnty. Water Auth.*, 757 F.3d 31, 62–63 (2d Cir. 2014) (supervisor's indifference to racist harassment directed at a single white employee revealed a "custom and practice" triggering *Monell* liability); *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 126 (2d Cir. 2004) ("Another method of implicating a policymaking official through subordinates' conduct is to show that the policymaker was aware of a subordinate's unconstitutional actions, and consciously chose to ignore them, effectively ratifying the actions."); *see also Walker* Dkt. 268, at 1–15 (discussing inference of unlawful policy, custom, or practice from policymaker's notice of and acquiescence to misconduct); Dkt. 172, at 61–67 (same); Dkt. 241, at 34–35 (same). |
| 2 | 101–03 | J.L. Ivey | Oct 1976 (trial) | Oct 18, 1976 (trial court ruling) | Al Ranni (Trial ADA)  Joseph Matteliano | • Trial court finds ECDA withheld police notes of interviews with prosecution witnesses that ECDA was required | **Notice: Deliberate Indifference and Unlawful *Brady* Policy, Custom, or Practice**. |

| Incident No. | PX No(s) | Defendant(s) | Date of Trial/ Conviction | Date of Court Decision/ Article/Brief | ECDA Prosecutor(s) | Summary | Purpose(s) (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | April 29, 1981 (ECDA appellate brief) | (Appeals ADA) Edward Cosgrove (DA) | to disclose under *Rosario*.<br><br>• ECDA prosecutor argues that the notes were "for cross examination purposes only," "only to impeach," and "not to discover," adding the defendant is "not entitled to the entire homicide file as soon as the gong of jury selection goes off."<br><br>• ECDA prosecutor claims the police notes "were not withheld, [defense counsel] just didn't ask for it," even though defense counsel requested that *Rosario* material be produced.<br><br>• Trial court orders ECDA to produce the withheld materials, and prosecutor comments: "You ordered me and I supplied it to him. Under what theory, I will never know."<br><br>• On appeal, ECDA concedes that its | ADA Drury testified at his deposition that this 1976 murder trial "had some notoriety" at the ECDA, *Walker* Dkt. 164-14, at 73:9–20, thus supporting notice. The ECDA prosecutor's statement in the appellate brief in the policymaker's name acknowledges that the trial prosecutor did not know the law because it was new.<br><br>The ECDA prosecutor's statements (herein, "**ECDA Statement**") are statements of a party opponent, *see* Fed. R. Evid. 801(d)(2)), and also offered for the fact that they were said, as evidence of the Unlawful *Brady* Policy, Custom, or Practice |

| Incident No. | PX No(s) | Defendant(s) | Date of Trial/ Conviction | Date of Court Decision/ Article/Brief | ECDA Prosecutor(s) | Summary | Purpose(s) (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | | | prosecutor did not understand the law but contended his error was "understandable" because, in its view, the case law was new. | |
| 3 | 106–07 | Alexander Clark | March 1978 (trial) | March 2, 1978 (trial court ruling on motion) | Joseph Schoellkopf | • Trial court finds ECDA withheld favorable evidence, including police report implicating alternative suspects and revealing that primary eyewitness had identified the prosecution's star witness as resembling one of the killers, until late in trial, 16 months after defendant's *Brady* request and 8 months after court ordered disclosure.<br><br>• ECDA prosecutor argues anonymous phone call implicating alternative suspects was not exculpatory and, therefore, they "cannot turn over as Brady material every particular anonymous phone call that says someone else committed a crime. It's not Brady material, it's | **Notice: Deliberate Indifference and Unlawful *Brady* Policy, Custom, or Practice.**<br><br>Although this is a trial court ruling, there is a reasonable inference that the policymaker would have been aware of a significant development in this trial on *four* counts of murder. (*See* PX 107--ECDA case card).<br><br>**ECDA Statement: Unlawful *Brady* Policy, Custom, or Practice.** |

| Incident No. | PX No(s) | Defendant(s) | Date of Trial/ Conviction | Date of Court Decision/ Article/Brief | ECDA Prosecutor(s) | Summary | Purpose(s) (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | | | not the type of evidence that is contemplated to be turned over."<br><br>• ECDA prosecutor argues that because the primary eyewitness only stated the prosecution's star witness looked "closest" to the assailant she saw, it was not a positive identification and thus was not *Brady* material.<br><br>• Court rejects prosecutor's justification for untimely disclosure: "I don't see how [the report] can be read as anything but favorable to the defendants." | |
| 4 | 108 | Michael McKinley | April 1978 (trial) | April 19, 1978 (mistrial order), April 19, 1978 (*Buffalo Evening News* article), April 20, 1978 (*Buffalo Courier-Express* article) | George Quinlan | • Newspapers report that court declared mistrial in murder prosecution after prosecutor withheld favorable statement made by the defendant that was taken by the arresting officer. Judge states: "Statements are popping up like daffodils." | **Notice: Deliberate Indifference and Unlawful *Brady* Policy, Custom, or Practice.** |

| Incident No. | PX No(s) | Defendant(s) | Date of Trial/ Conviction | Date of Court Decision/ Article/Brief | ECDA Prosecutor(s) | Summary | <span style="color:red">Purpose(s)</span> <span style="color:red">(Court Copy Only)</span> |
|---|---|---|---|---|---|---|---|
| | | | | | | • ECDA prosecutor argued the withheld statement was "in substance" the same as a statement that was disclosed, and that the prosecution "was not obligated to provide the defense, in advance, with specific quotes." | |
| 5 | 109 | John Reese | January 1979 (trial) | January 23, 1979 (*Buffalo Evening News* article) | Timothy Drury | • Trial court declares mistrial in murder case because of *Brady* violation. | <span style="color:red">**Notice: Deliberate Indifference and Unlawful *Brady* Policy, Custom, or Practice**.</span> |
| 6 | 110–11 | Douglas Mitchell | March 2, 1979 (discovery decision) | March 2, 1979 (discovery decision) | George Quinlan | • Court orders prosecution to disclose exculpatory grand jury testimony over prosecutor's opposition.<br><br>• "Compliance with Brady cannot be made with clue-dangling or gamesmanship in place of full disclosure." | <span style="color:red">**Notice: Deliberate Indifference and Unlawful *Brady* Policy, Custom, or Practice**.</span> |
| 7 | 112–13, 115–16 | Walter Cadby | March 1979 (trial) | February 21, 1979 (discovery response)<br><br>March 12, 1979 (trial transcript) | George Quinlan (Trial ADA)<br><br>Kurt Sajda (Appeals ADA) | • In a pretrial discovery response, ECDA writes: "No exculpatory evidence under Brady in possession of or known to the People at this time." | <span style="color:red">**ECDA Statement: Unlawful *Brady* Policy, Custom, or Practice.**</span><br><br><span style="color:red">**Notice: Deliberate Indifference and Unlawful *Brady* Policy, Custom, or Practice**.</span> |

| Incident No. | PX No(s) | Defendant(s) | Date of Trial/ Conviction | Date of Court Decision/ Article/Brief | ECDA Prosecutor(s) | Summary | Purpose(s) (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | January 14, 1980 (ECDA appellate brief)<br><br>April 8, 1980 (Appellate decision) | Edward Cosgrove (DA) | • At trial, ECDA prosecutor, opposing disclosure of impeachment information in a police report, argues: "*Brady* says that [the] People are under an obligation to produce, a duty and an obligation to produce anything of which may be of an exculpatory nature."<br><br>• On appeal, ECDA concedes prosecutor's failure to disclose police report containing a witness's statement "cannot be justified." | |
| 8 | 182–85 | Calvin Terry | December 6, 1979 (verdict) | October 16, 1979 (discovery response)<br><br>September 28, 1981 (ECDA appellate brief)<br><br>December 23, 1981 (Appellate decision) | Martin Littlefield (Trial ADA)<br><br>Deborah Sorbini (Appeals ADA)<br><br>Edward Cosgrove (DA) | • ECDA did not disclose favorable evidence prior to trial, including evidence inculpating an unindicted accomplice and a co-defendant cooperating with the prosecution.<br><br>• In a pretrial discovery response, the ECDA writes: "Brady Material: The People know of no evidence which tends to | **ECDA Statement: Unlawful *Brady* Policy, Custom, or Practice.** |

| Incident No. | PX No(s) | Defendant(s) | Date of Trial/ Conviction | Date of Court Decision/ Article/Brief | ECDA Prosecutor(s) | Summary | Purpose(s) (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | | | exculpate the defendant regarding the charges in the above indictment; further the People acknowledge their continuing duty to provide said information should any become available." <br><br> • ECDA states: "the prosecutor provided defense counsel with all Brady material in his possession." <br><br> • ECDA argues the evidence was not *Brady* because it was not "exculpatory evidence material to the issue of the defendant's guilt" and, therefore, was "not discoverable by pre-trial motion." | |
| 9 | 120 | Merle Steele, Michael Steele, and John Rehrauer | April 1980 (trial) | April 15, 1980 (*Buffalo Evening News* article) | William Knapp | • Trial court declares mistrial and dismisses underlying stolen property charges because prosecutor failed to turn over *Brady* material. | **Notice: Deliberate Indifference and Unlawful *Brady* Policy, Custom, or Practice.** |
| 10 | 121 | Floyd Duke | May 1980 (trial) | May 15, 1980 (*Buffalo* | William Mitterauer | • *Buffalo Evening News* reports prosecutor withheld exculpatory | **Notice: Deliberate Indifference and Unlawful** |

| Incident No. | PX No(s) | Defendant(s) | Date of Trial/ Conviction | Date of Court Decision/ Article/Brief | ECDA Prosecutor(s) | Summary | Purpose(s) (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | *Evening News* article) | | evidence from grand jury. <br><br> • Court dismissed grand larceny, fraud charges. | ***Brady* Policy, Custom, or Practice**. |
| 11 | 126 | Gerald Ciccarelli | Sept. 1981 (trial) | November 14, 1981 (*Buffalo Evening News* article) | Joseph J. Terranova | • *Buffalo Evening News* reports that trial court found that prosecutors withheld favorable evidence. <br><br> • Court voided its earlier finding of guilty and dismissed sexual assault charges. <br><br> • Judge criticized prosecutor's judgment discrediting the withheld evidence as "unacceptable." | **Notice: Deliberate Indifference and Unlawful *Brady* Policy, Custom, or Practice**. |

**TOTAL NUMBER OF ECDA PROSECUTORS (INCLUDING DA COSGROVE): 13**

**Summations**

| Incident No. | PX No. | Defendant | Date of Trial/ Conviction | Date of Court Decision | ECDA Prosecutor | Summary | Purpose (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| 12 | 127–31 | Leon Moore | July 22, 1965 (Verdict) | October 27, 1966 | Edward Decker | • Appellate Division reverses robbery conviction.<br><br>• Prosecutor's summation improperly commented on defendant's exercise of his constitutional right to remain silent and made improper "safe streets" argument. | **(1)Notice: Deliberate Indifference**<br><br>(2)To establish Notice, for purpose of showing the policymaker's acquiescence to subordinates' misconduct giving rise to inference of unlawful policy, custom, or practice of improper summations (herein, **"Improper Summations Policy, Custom, or Practice"**). *See Walker* Dkt. 268, at 1–15 (discussing inference of unlawful custom, policy, or practice from acquiescence to misconduct); Dkt. 172, at 61–67 (same); Dkt. 241, at 34–35 (same). |
| 13 | 132–34 | Henry Slaughter | November 26, 1966 (Verdict) | October 26, 1967 | Thomas Cleary | • Appellate Division reverses murder conviction.<br><br>• Prosecutor's summation ridiculed insanity defense, misled jury that, if acquitted, defendant | **Notice: Deliberate Indifference and Improper Summation Policy, Custom, or Practice.** |

| Incident No. | PX No. | Defendant | Date of Trial/ Conviction | Date of Court Decision | ECDA Prosecutor | Summary | Purpose (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | | | would soon be released to the streets, decried permissive societal attitudes, and made extreme "safe streets" argument. | |
| 14 | 137–40 | Richard Damon | September 16, 1966 (Verdict) | April 9, 1969 | Anthony DiFilippo | • Court of Appeals reverses child sexual assault conviction.<br><br>• Prosecutor's summation argued that defendant was "a homosexual or deviate," improperly vouched for the police, personally attacked defense counsel, falsely argued prejudicial "facts" not in evidence, and made improper inflammatory remarks. | **Notice: Deliberate Indifference and Improper Summation Policy, Custom, or Practice.** |
| 15 | 144–45 | Elverton Freeland | July 20, 1973 (Verdict) | June 27, 1974 | Al Ranni | • Appellate Division, while not reversing conviction, did "not condone the excesses of the District Attorney's summation." | **Notice: Deliberate Indifference and Improper Summation Policy, Custom, or Practice.** |
| 16 | 146–49 | Jesse Ketchum | October 3, 1973 (Verdict) | October 23, 1974 | Thomas Cleary | • Court of Appeals notes "grievous misconduct by the prosecution in cross-examination and summation which we strongly condemn." | **Notice: Deliberate Indifference and Improper Summation Policy, Custom, or Practice.** |

| Incident No. | PX No. | Defendant | Date of Trial/ Conviction | Date of Court Decision | ECDA Prosecutor | Summary | Purpose (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| 17 | 151–54 | James Donaldson | March 12, 1974 (Verdict) | October 24, 1975 | Michael Stebick | • Appellate Division reverses criminal possession of a weapon conviction.<br><br>• Prosecutor's summation contained misleading argument, improperly penalized defendant for not testifying, and included "entirely improper and prejudicial" argument vouching for witness because grand jury had believed him. | **Notice: Deliberate Indifference and Improper Summation Policy, Custom, or Practice.** |
| 18 | 155–58 | Richard Balsano | May 30, 1974 (Judgment entered) | February 20, 1976 | Costantino | • Appellate Division reverses unlawful imprisonment conviction.<br><br>• Prosecutor gave "clearly improper" cross-examination of defendant and improper summation asking jury to penalize defendant for not calling a witness, and containing "inflammatory" remarks for which trial judge "properly admonished the prosecutor." | **Notice: Deliberate Indifference and Improper Summation Policy, Custom, or Practice.** |
| 19 | 159–62, 168 | Leonard Mordino | March 17, 1975 (Verdict) | Early 1977 | Thomas Cleary | • District Attorney concedes, and Appellate Division agrees, that | **Notice: Deliberate Indifference and Improper** |

| Incident No. | PX No. | Defendant | Date of Trial/ Conviction | Date of Court Decision | ECDA Prosecutor | Summary | Purpose (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | | | prosecutor made improper extreme remarks in summation.<br><br>• Court condemns prosecutor calling defendants "vultures," arguing guilt by association, and telling jury "if you walk like a duck and you talk like a duck and you keep the company of ducks then you are a damn duck." | **Summation Policy, Custom, or Practice.** |
| 20 | 169–72 | Ronald Weston | May 13, 1975 (Judgment entered) | February 24, 1976 | Dennis Repka | • Appellate Division reverses burglary/rape/robbery conviction.<br><br>• Prosecutor conducted bad faith cross-examination of defendant and gave "inflammatory and intimidating" summation in which he also "put his personal credibility behind his statements and ma[d]e himself an 'unsworn witness.'" | **Notice: Deliberate Indifference and Improper Summation Policy, Custom, or Practice.** |
| 21 | 173–77 | Kenneth Johnson | June 22, 1977 (Verdict) | June 2, 1978 (4th Dep't) | Al Ranni | • All five Appellate Division justices condemn pervasive misconduct by ADA Ranni. | **Notice: Deliberate Indifference and Improper Summation Policy, Custom, or Practice.** |

| Incident No. | PX No. | Defendant | Date of Trial/ Conviction | Date of Court Decision | ECDA Prosecutor | Summary | Purpose (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | February 18, 1984 (W.D.N.Y.) | | • Majority, while affirming conviction due to overwhelming evidence, criticizes Ranni for misconduct "throughout . . . the trial" and expresses concern that "unadulterated unfairness and deceit have become the rule." <br><br> • Dissenting, two justices rebuke Ranni as "an overbearing prosecutor obsessed with the idea of obtaining a conviction at all costs, ignoring the court's rulings, deliberately asking improper and prejudicial questions, and engaging in unpardonable efforts in comments during the trial and in summation to disparage defense counsel and to destroy his credibility with the jury." <br><br> • Ordering new trial, federal district court finds "prosecutor's conduct was so improper as to amount to a pattern | |

| Incident No. | PX No. | Defendant | Date of Trial/ Conviction | Date of Court Decision | ECDA Prosecutor | Summary | Purpose (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | | | of conduct which resulted in a denial of a fair trial." <br><br> • Court notes ECDA "has frankly conceded that the prosecutor's questioning relating to prior pleas and the details of admitted, convicted crimes cannot be justified" and other conduct in cross-examinations and summation was "improper." | |
| 22 | 178–81 | John Keller | May 19, 1978 (Verdict) | April 6, 1979 | Martin Littlefield | • Appellate Division unanimously reverses assault conviction due to prosecutor's "egregious" and "grossly improper" summation which repeatedly called defendant and his witnesses liars and expressed a personal opinion about witnesses' credibility, implied jury was prevented from hearing lie detector and other evidence, and made "irrelevant and inflammatory" remarks which "patently deprived defendant of a fair trial[.]" | **Notice: Deliberate Indifference and Improper Summation Policy, Custom, or Practice.** |

| Incident No. | PX No. | Defendant | Date of Trial/ Conviction | Date of Court Decision | ECDA Prosecutor | Summary | Purpose (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | | | • DA's Office concedes prosecutor's summation was "wholly improper." | |
| 23 | 101–05 | J.L. Ivey (same case appears in *Brady*/ *Rosario* section) | October 26, 1976 (Verdict) | July 9, 1981 (4th Dep't decision) | Al Ranni | • Appellate Division reverses robbery-murder conviction "where the record is replete with numerous and repeated acts of improper and prejudicial conduct by the prosecution which deprived defendant of a fair trial."<br><br>• Noting it was not itemizing all of ADA Ranni's misconduct, the court states that Ranni repeatedly defied the trial court's rulings" in front of the jury, "insinuat[ing] that the court … unfairly precluded him" from offering evidence.<br><br>• The court condemns Ranni's inflammatory, prejudicial remarks in his opening and closing statements "designed to scare the jury" and "to inject sympathy for the victim"; his "disparagement of | **Notice: Deliberate Indifference and Improper Summation Policy, Custom, or Practice.** |

| Incident No. | PX No. | Defendant | Date of Trial/ Conviction | Date of Court Decision | ECDA Prosecutor | Summary | Purpose (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | | | defendant's alibi witnesses by referring to their testimony as 'lies,' 'garbage,' and advising the jury that 'We should wash that chair [the witness chair] after she [defendant's alibi witness] leaves'"; and his "clearly impl[ying] to the jury "he knew some things about the case he wished that they knew." | |
| 24 | 182–85 | Calvin Terry (same case as in *Brady/Rosario* section) | December 6, 1979 (Verdict) | December 23, 1981 | Martin Littlefield | • Appellate Division reverses robbery conviction in part because of prosecutor's "totally improper" argument criticizing defendant for not calling a witness whose identity was unknown to him. | **Notice: Deliberate Indifference and Improper Summation Policy, Custom, or Practice.** |
| 25 | 186–89 | Howard Vance | May 8, 1981 (Verdict) | November 9, 1982 | Richard Panepinto | • Appellate Division reverses robbery conviction because prosecutor, in his summation and a witness examination, continually "overstep[ped] the bounds of legitimate advocacy" by making himself an "unsworn witness" against defendant. | **Notice: Deliberate Indifference and Improper Summation Policy, Custom, or Practice.** |

| Incident No. | PX No. | Defendant | Date of Trial/ Conviction | Date of Court Decision | ECDA Prosecutor | Summary | Purpose (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| 26 | 163–68 | Leonard Mordino (retrial) | September 18, 1978 (Verdict) | July 9, 1981 | Al Ranni | • Appellate Division affirms conviction but observes that "the court frequently sustained objections and gave proper curative instructions" during the prosecutor's questioning of witnesses and that the court gave curative instructions seven times during the prosecutor's summation. | **Notice: Deliberate Indifference and Improper Summation Policy, Custom, or Practice.** |
| 27 | 190–92 | Patrick Herlan | February 23, 1982 (Verdict) | January 27, 1984 | Charles Kelly | • Appellate Division reverses burglary conviction because prosecutor in cross-examination repeatedly pushed defendant to characterize police officer-witness testimony as lies and then condemned the testimony in summation. | **Notice: Deliberate Indifference and Improper Summation Policy, Custom, or Practice.** |

**TOTAL NUMBER OF ECDA PROSECUTORS: 10**

**Other Fair Trial Violations**

| Incident No. | PX No. | Defendant | Date of Trial/ Conviction | Date of Court Decision/ Article | ECDA Prosecutor | Summary | Purpose (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| 28 | 193–95 | Willie Zachery | March 10, 1967 (Judgment entered) | December 12, 1968 (Appellate Division decision) | Unknown | • Appellate Division reverses robbery conviction due to "prejudicial conduct" of prosecutor.<br><br>• Prosecutor called co-defendant as witness knowing he would invoke his "privilege against self-incrimination and refuse to answer questions" and the "impropriety" of eliciting hearsay evidence unfairly incriminating the defendant. | **Notice: Deliberate Indifference.** *See Walker* Dkt. 268 at 1–15 (discussing deliberate indifference theory generally); Dkt. 172, at 67–76 (same); Dkt. 241, at 35–36 (same). |
| 29 | 196–98 | Kenneth Washington | September 6, 1967 (Judgment entered) | April 3, 1969 (Appellate Division decision) | Quinn | • Appellate Division reverses robbery conviction for improperly cross-examining the defendant repeatedly in a manner "clearly condemned" in prior court decisions. | **Notice: Deliberate Indifference** |
| 30 | 141–43 | Salvatore Cardinale | April 14, 1970 (Verdict) | December 10, 1970 (Appellate | John Honan | • Appellate Division reverses criminal contempt conviction. | **Notice: Deliberate Indifference** |

| Incident No. | PX No. | Defendant | Date of Trial/ Conviction | Date of Court Decision/ Article | ECDA Prosecutor | Summary | Purpose (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | Division decision) | | • Prosecutor's "highly prejudicial" opening statement alleged that defendant was involved in uncharged gambling conspiracy. | |
| 31 | 199 | Michael J. Williams | August 1973 (Trial) | Aug. 22, 1973 (*Buffalo News* article) | Timothy Drury | • ADA Drury causes mistrial by asking defendant during cross examination "if he had not raped another woman in his apartment" despite knowing such a charge had been dismissed; court ruled Drury "poisoned the atmosphere so the defendant could no longer get a fair trial." | **Notice: Deliberate Indifference** |
| 32 | 150 | Richard Gesegnet | December 1973 (Trial) | December 5, 1973 (mistrial order) | Joseph J. Valenti | • Trial court declares mistrial due to prosecutor's unfairly prejudicial opening statement. | **Notice: Deliberate Indifference** (note that PX 150 is a newspaper article) |
| 33 | 200– 02 | Robert Reingold | December 5, 1972 (Verdict) | April 11, 1974 (Appellate Division decision) | Unknown | • Appellate Division reverses burglary conviction because prosecutor, in bad faith, cross-examined defendant to show he had criminal propensity in a manner "so improper and inflammatory that it made an impartial | **Notice: Deliberate Indifference** |

| Incident No. | PX No. | Defendant | Date of Trial/ Conviction | Date of Court Decision/ Article | ECDA Prosecutor | Summary | Purpose (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | | | consideration of the competent evidence adduced at trial virtually impossible." | |
| 34 | 203–05 | Philip Greer | February 11, 1975 (Judgment entered) | November 6, 1975 (Appellate Division decision) | Philip Marshall | • Appellate Division reverses rape conviction because of prosecutor's "improper" cross-examination of defendant impermissibly intended to show propensity for similar crimes. | **Notice: Deliberate Indifference** |
| 35 | 206 | James Conorozzo, et al. | March 1977 (Trial) | March 15, 1977 (*Buffalo News* article) | Timothy Drury | • Witness testified on cross-examination that ADA Drury suggested the defendants' names to him during questioning, that Drury called him a liar and threatened to charge him with perjury, and that he told Drury and later the grand jury that he thought a group of people standing around the victim's body included two men who were not defendants in the case. | **Notice: Deliberate Indifference** |
| 36 | 207 | Anthony Ashley | November 1978 (trial) | November 6, 1978 (mistrial order) <br><br> November 7, 1978 (*Buffalo* | Timothy Drury; Louis Gicale | • Trial court declares mistrial after ADA Gicale cross-examines defendant with statements ADA Drury, a courtroom spectator, in | **Notice: Deliberate Indifference** |

| Incident No. | PX No. | Defendant | Date of Trial/ Conviction | Date of Court Decision/ Article | ECDA Prosecutor | Summary | Purpose (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | *News* and *Buffalo Courier-Express* articles) | | violation of defendant's constitutional right to counsel, elicited from the defendant during a recess while defense counsel and the trial prosecutor (Louis Gicale) were conferring with the judge outside the courtroom. | |
| 37 | 208–10 | Lavaughs King | October 26, 1976 (Verdict) | November 16, 1979 (Appellate Division decision) | Margaret Anderson | • Appellate Division, reversing attempted robbery conviction on the ground of misconduct by the judge, notes critically that the prosecutor joined the judge in holding ex parte "conferences … outside of the presence of defense counsel." | **Notice: Deliberate Indifference** |
| 38 | 211 | Michael Zurenda | October 1980 (trial) | October 8, 1980 (*Buffalo Evening News* article) | Craig Peterson | • Court declares mistrial in murder case after prosecutor asks improper questions to impeach own witness. | **Notice: Deliberate Indifference** |
| 39 | 212 | Loren Lobban | June 1984 (Indictment/ Grand Jury presentment) | December 18, 1984 (*Buffalo News* article) <br><br> May 21, 1985 (*Buffalo News* article) | Unknown | • Trial court dismisses bribery indictment due to prosecutors' "abjectly inadequate" and "grossly insufficient" presentation of the case to the grand jury | **Notice: Deliberate Indifference** |

| Incident No. | PX No. | Defendant | Date of Trial/ Conviction | Date of Court Decision/ Article | ECDA Prosecutor | Summary | Purpose (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | | | • In second decision blocking re-indictment, court finds the prosecutors' misconduct "exemplifies a gross misunderstanding, if not a deliberate neglect of, the duty of a public prosecutor to seek justice, not merely to convict." "Such callous disregard of fundamental obligations cannot be condoned by this court." | |
| 40 | 213–16 | James Grafton | November/ December 1983 (Indictment/ Grand Jury presentment) | January 8, 1985 (trial court ruling)<br><br>December 20, 1985 (Appellate Division decision) | Amy Jo Fricano | • Trial court dismisses indictment charging rape and assault, and Appellate Division affirms, because of prosecutor's "deplorable tactics," including that he "introduced irrelevant and prejudicial evidence … of illegal conduct on the part of defendant, intimidated witnesses whose testimony would have been helpful to defendant, asked witnesses irrelevant and improper questions of a highly personal nature in an effort to embarrass them, and deliberately | **Notice: Deliberate Indifference** |

| Incident No. | PX No. | Defendant | Date of Trial/ Conviction | Date of Court Decision/ Article | ECDA Prosecutor | Summary | Purpose (Court Copy Only) |
|---|---|---|---|---|---|---|---|
| | | | | | | confused and deceived witnesses and the Grand Jury by selective presentation of evidence." | |

**TOTAL NUMBER OF ECDA PROSECUTORS: 9, plus 3 prosecutors not named in briefs/decisions**