# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN WALKER, JR., | ) |
| Plaintiff, | ) **Case No. 1:22-cv-520** |
| - against - | ) |
| THE COUNTY OF ERIE, | ) |
| Defendant. | ) |

## PLAINTIFF'S SUPPLEMENTAL REQUESTS TO CHARGE

# INTRODUCTION

Throughout this trial, the Court has consistently (and appropriately) reminded the jurors that regardless of what they hear from the lawyers and the witnesses, they must look to the Court for definitive instruction on the law and must accept the law as the Court gives it. To that end, Plaintiff John Walker, Jr. respectfully submits the following supplemental requests to charge based on the evidence and argument presented during trial. Each request includes an explanation, a proposed charge in italics, and supporting legal authority.

## FIRST SUPPLEMENTAL REQUEST TO CHARGE

Plaintiff has presented evidence that the Erie County District Attorney's Office in the 1970s followed a practice whereby prosecutors would withhold evidence favorable to the accused if they doubted its credibility or reliability. 4/2/2025 Trial Tr. at 2041:24–2043:22 (Henry); 4/3/2025 Trial Tr. at 2333:14–24 (Gagan). The jury must be instructed that this practice is unlawful. Accordingly, Plaintiff requests that the Court's instruction on favorability includes the following:

> *If information is favorable on its face, the prosecutor must disclose it to the defense, regardless of whether the prosecutor personally believes that the favorable information is credible or reliable. It is for the defendant and his counsel, not the prosecutor, to decide whether and how to make use of favorable information.*

See *DiSimone v. Phillips*, 461 F.3d 181, 195 (2d Cir. 2006) ("[I]f there were questions about the reliability of the exculpatory information, it was the prerogative of the defendant and his counsel—and not of the prosecution—to exercise judgment in determining whether the defendant should make use of it. To allow otherwise would be to appoint the fox as henhouse guard." (cleaned up)); *Mendez v. Artuz*, 2000 WL 722613, at * 14 (S.D.N.Y. June 6, 2000) ("If the evidence is favorable to the accused . . . then it must be disclosed, even if the prosecution believes the evidence is not thoroughly reliable." (quoted language cited by *DiSimone*, 461 F.3d

at 195)), *report and recommendation adopted*, 2000 WL 1154320 (S.D.N.Y. Aug.14, 2000), *aff'd* 303 F.3d 411 (2d Cir. 2002).

## SECOND SUPPLEMENTAL REQUEST TO CHARGE

Plaintiff has presented evidence tending to show that former ADA David Henry delivered a summation that exploited his (and ADA Drury's) non-disclosure of *Brady* material. While we appreciate that the verdict form will separate *Brady* violations from summation misconduct, the jury should understand that summation misconduct can exacerbate a *Brady* violation and contribute to a finding of materiality and causation. Accordingly, Plaintiff requests that the Court's instruction on *Brady* materiality include the following:

> *When deciding whether the withholding of favorable information was material, you may consider whether any comments made by the prosecutor in summation tended to exploit the withholding of favorable information.*

*See Glossip v. Oklahoma*, 145 S. Ct. 612, 629 (2025) (holding that "prejudice analysis requires a cumulative evaluation of all the evidence, whether or not that evidence is before the Court in the form of an independent claim for relief," and concluding that impeachment material not disclosed to the defense reinforced the Court's "conclusion that the *Napue* error here prejudiced the defense" (cleaned up)); *United States v. Certified Env't Servs., Inc.*, 753 F.3d 72, 95-97 (2d Cir. 2014) (analyzing the cumulative impact of evidentiary rulings and prosecutorial misconduct in opening, questioning of witnesses, and summation); *Jenkins v. Artuz*, 294 F.3d 284, 294-296 (2d Cir. 2002) (analyzing the cumulative effect of misleading testimony and a prosecutor's summation exploiting the misleading testimony); *United States v. Udechukwu*, 11 F.3d 1101, 1105-06 (1st Cir. 1993) (holding that a prosecutor violated the defendant's right to a fair trial by "fail[ing] to communicate salient information, which, under *Brady* . . . and *Giglio* . . . should be disclosed to the defense," and exploiting the nondisclosure in summation by "deliberate[ly] insinuati[ng] that the truth is to the contrary").

## THIRD SUPPLEMENTAL REQUEST TO CHARGE

At certain points during the trial, the County suggested that the materiality question turns on what David Jay himself would have done with the undisclosed *Brady* material (a subjective standard), rather than what a reasonably competent defense attorney could have done with the undisclosed *Brady* material (an objective standard). Accordingly, Plaintiff requests that the Court's instruction on *Brady* materiality include the following:

> *Materiality is an objective test. The question you must decide is whether disclosure of the suppressed evidence to competent counsel would have made a different result reasonably probable.*

*Kyles v. Whitley,* 514 U.S. 419, 441 (1995) (concluding that "disclosure of the suppressed evidence to competent counsel would have made a different result reasonably probable"); *see also United States v. Abrams*, 205 F.3d 1325, 1999 WL 1295935, at *2 (2d Cir. 1999) (table) (materiality "involves an objective inquiry that asks not what a particular defendant would do but rather what is the likely persuasiveness of the withheld information" (cleaned up)); *cf. Glossip*, 145 S. Ct. at 629 (subjective arguments have "no place in a materiality analysis [under *Napue*], which asks what a reasonable decisionmaker would have done with the new evidence").

## FOURTH SUPPLEMENTAL REQUEST TO CHARGE

Some of the allegedly undisclosed *Brady* evidence would have, among other things, tended to undermine the police investigation (*e.g.*, the Devil's food cake P-73 contradicting the anonymous call P-73). Accordingly, Plaintiff requests that the Court's instruction on *Brady* favorability include the following:

> *Evidence may be favorable to the defense if it would permit the defense to attack the reliability, carefulness, or good faith of the police investigation.*

*See Kyles*, 514 U.S. at 445 (finding withheld evidence material in part because it "would have raised opportunities to attack . . . the thoroughness and even good faith of the investigation

-3-

. . . ."); *id*. at 446 (defendant could have "attacked the reliability of the investigation"); *id*. at 448 (defendant could have used a "statement to undermine the ostensible integrity of the investigation").

### FIFTH SUPPLEMENTAL REQUEST TO CHARGE

During trial, the County's lawyers have dismissed the utility of the suppressed impeachment material on the ground that David Jay was able to impeach the three main prosecution witnesses (Tyrone Woodruff, Andre Hough, and Joseph Tatar) with other evidence he already had. To correct any misimpression left by these lines of questioning, Plaintiff requests that the Court's instruction on a prosecutor's disclosure obligation include the following:

> *A defense attorney's knowledge of some impeachment information does not lessen the prosecutor's obligation to disclose other impeachment information not known to the defense.*

*See Glossip*, 145 S. Ct. at 628-29 (rejecting argument that additional impeachment was immaterial where witness had already been substantially impeached; an assumption that "the jury would have believed [the witness] no matter what . . . has no place in a materiality analysis, which asks what a reasonable decisionmaker would have done with the new evidence" (citing *Wearry v. Cain,* 577 U.S. 385, 393-94 (2016) (finding evidence undercutting witness's testimony material even where witness's credibility was "already impugned")).

### SIXTH SUPPLEMENTAL REQUEST TO CHARGE

Plaintiff has presented evidence to show that, in keeping with the pattern and practice of the Erie County District Attorney's Office, former ADAs Timothy Drury and David Henry made improper racial remarks during their summations in the trials of Darryl Boyd and John Walker. The County has responded with expert testimony opining that this racial commentary was appropriate, and that Plaintiff's allegations misapply 2025 values to a 1970s summation.

-4-

4/2/2025 Trial Tr. at 2315:11-2320:8 (Gagan). Without an instruction from the Court, this testimony is misleading. The jurors should be informed that—in the 1970s and today—the law strictly circumscribes the use of racial commentary in a prosecutor's summation. Accordingly, Plaintiff requests that the Court's instructions on summation misconduct include the following:

> *Racial prejudice can violently affect a juror's impartiality and must be removed from the courtroom to the fullest extent possible. When a prosecutor's summation includes racial remarks in an effort to persuade a jury to return a guilty verdict, the resulting conviction is constitutionally unfair unless the remarks are abundantly justified. This was the rule in 1977 and it remains the rule today.*

*See McFarland v. Smith*, 611 F.2d 414, 416-17 (2d Cir. 1979) ("When a prosecutor's summation includes racial remarks in an effort to persuade a jury to return a guilty verdict, the resulting conviction is constitutionally unfair unless the remarks are abundantly justified . . . . Even a reference that is not derogatory may carry impermissible connotations, or may trigger prejudiced responses in the listeners that the speaker might neither have predicted nor intended."); *U.S. ex rel. Haynes v. McKendrick*, 481 F.2d 152, 157 (2d Cir. 1973) ("Racial prejudice can violently affect a juror's impartiality and must be removed from the courtroom proceeding to the fullest extent possible. It negates the defendant's right to be tried on the evidence in the case and not on extraneous issues.").

## SEVENTH SUPPLEMENTAL REQUEST TO CHARGE

The County has introduced witness testimony asserting that a defense lawyer might fear raising an alibi defense because, if the defense fails, the failure could result in a jury instruction about the defendant's "consciousness of guilt." 4/3/2025 Trial Tr. at 2155:12–22 (Henry); 4/3/2025 Trial Tr. at 2277:16–2278:11 (Gagan). Without a clarifying instruction from the Court, this testimony is misleading. A jury can be instructed only that *manufacturing* a false alibi—such as by giving a false alibi to police, or testifying to a false alibi at trial, or recruiting defense witnesses to give false alibi testimony at trial, or forging documentary evidence of a false alibi—

-5-

implies consciousness of guilt. Such an instruction would not have been given if David Jay had advanced the taxicab alibi through cross-examination of prosecution witnesses, calling defense witnesses to repeat statements they previously made to police, and submitting documentary evidence created by the police or neutral third parties. Accordingly, Plaintiff requests that the Court give the following instruction:

> *The County has presented testimony about a jury instruction sometimes given in criminal cases called a false-alibi instruction. A false-alibi instruction tells the jury that the defendant's manufacturing of a false alibi can imply consciousness of guilt. This inference is not permitted, however, and a false-alibi instruction is not given, when the defendant develops an alibi defense through witness statements and documentary evidence obtained by the police. This means that if Plaintiff's criminal defense attorney, David Jay, had developed an alibi defense by cross-examining prosecution witnesses about their prior statements to police, calling defense witnesses to repeat statements they previously made to police, and introducing police records or cab-company records to show that Plaintiff was in a taxicab at the time of the crime, no false-alibi instruction would have been given.*

*See, e.g.*, *People v. Russell*, 266 N.Y. 147, 154 (1934) (rejecting false-alibi instruction and holding: "An honest defendant may fortify his denial of the charge against him by other evidence which, if accepted, would demonstrate the falsity of the charge, without thereby subjecting himself to the suspicion that his denial is false and the evidence produced by him fabricated, unless there is independent evidence of such fabrication."); *People v. Sheirod*, 124 A.D.2d 14, 18 (4th Dep't 1987) ("We agree that the court erred by instructing the jury to consider false alibi as consciousness of guilt in the absence of any independent proof of fabrication."); *People v. Abdul-Malik*, 61 A.D.2d 657, 661 (1st Dept 1978) ("It is well-established that before a jury may be charged that a defendant's assertion of a false explanation may imply a 'consciousness of guilt', the People must seek to prove the falsity of the statement by evidence independent of that offered directly to prove the defendant's guilt.").

Dated:       April 6, 2025              Respectfully submitted,

**LAW OFFICES OF JOEL B. RUDIN, P.C.**
By: /s/ Joel B. Rudin
Joel B. Rudin
David E. Rudin
Partha Sharma
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
*jbrudin@rudinlaw.com*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
By: /s/ Ross E. Firsenbaum
Ross E. Firsenbaum
Ryanne E. Perio
Gideon A. Hanft
Phoebe Silos
Erin Hughes
Trena Riley
Melissa Zubizarreta
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800
*ross.firsenbaum@wilmerhale.com*

**HOOVER & DURLAND LLP**
By:  /s/ Spencer L. Durland
Timothy W. Hoover
Spencer L. Durland
561 Franklin Street
Buffalo, New York 14202
(716) 800-2600
*sdurland@hooverdurland.com*

*Attorneys for Plaintiff John Walker, Jr.*