UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

JOHN WALKER, JR.,

Plaintiff,

Case No. 1:22-cv-00520

v.

THE COUNTY OF ERIE,

Defendant.

## SPECIAL VERDICT FORM

### PLAINTIFF'S *MONELL* CLAIM

### Section I: Liability

#### Alleged "*Brady*" Violation(s)

1. Do you find that the Plaintiff has demonstrated by a preponderance of the evidence that prosecutors at the Erie County District Attorney's Office violated Mr. Walker's constitutional right to a fair criminal trial in 1977 due to the failure to disclose material exculpatory and/or impeachment (*Brady*) evidence?

    ✓ Yes

    ___ No

    *If NO, please do not answer Question 2 and proceed to Question 3.*

2. Do you find that the Plaintiff has demonstrated by a preponderance of the evidence that a policy, custom, or practice of the Erie County District Attorney's Office, as attributed to the County of Erie, caused the violation of Mr. Walker's constitutional right to a fair criminal trial in 1977 due to the failure to disclose material exculpatory and/or impeachment (*Brady*) evidence?

    ✓ Yes

    ___ No

    *Regardless of your answer, please proceed to Question 3.*

1

COURT EXHIBIT 3

## Alleged Summation Misconduct

3. Do you find that the Plaintiff has demonstrated by a preponderance of the evidence that Mr. David Henry, a former prosecutor at the Erie County District Attorney's Office, violated Mr. Walker's constitutional right to a fair criminal trial in 1977 due to summation misconduct?

   __✓__ Yes

   ____ No

   *If NO, please do not answer Question 4.*

4. Do you find that the Plaintiff has demonstrated by a preponderance of the evidence that a policy, custom, or practice of the Erie County District Attorney's Office, as attributed to the County of Erie, caused the violation of Mr. Walker's right to a fair criminal trial in 1977 due to summation misconduct by Mr. David Henry?

   __✓__ Yes

   ____ No

*If you answered YES in response to Questions 2 or 4, please proceed to Section II.*

*If you answered NO to both Questions in 2 and 4, then you should not answer any more questions and should proceed to the Signature Page.*

## Section II: Damages

5. If you answered YES to either *or* both of Questions 2 and 4, please identify on the line below the total amount of compensatory damages that you find Mr. Walker is entitled to for the period beginning on June 13, 1977 (the date of Mr. Walker's conviction) until the present:

   $ __28,000,000__  ($28 million)

*Please proceed to Question 6.*

6. Do you find that the Defendant, the County of Erie, has demonstrated, by a preponderance of the evidence, that one or more of the following individuals of Buffalo Police Department also caused or contributed to Mr. Walker's total amount of compensatory damages by fabricating evidence the circumstances of which were unknown to the prosecutors in Mr. Walker's case: Michael E. Guadagno, John Montondo, James E. Hunter, Robert Grabowski, Robert F. Arnet, Frank C. Deubell, Leo J. Donovan, Francis M. Manista, Jr., and/or Paul R. Delano?

   ____ Yes

   ✓ No

*If NO, please do not answer Question 7 and proceed to the Signature Page*

3

7. Please apportion fault for the total damages that Mr. Walker suffered based on what you determine to be the relative culpable conduct of the County of Erie and the culpable conduct of individual employees of the Buffalo Police Department.

   Please utilize percentages in your apportionment, totaling 100%.

   If you do <u>not</u> find that the County has proven, by a preponderance of the evidence, that a particular individual listed below fabricated evidence in Mr. Walker's criminal case, the circumstances of which was unknown to the prosecutors in Mr. Walker's case, please assign a percentage of zero ("0").

   _____% County of Erie
   _____% Michael E. Guadagno
   _____% John Montondo
   _____% James E. Hunter
   _____% Robert Grabowski
   _____% Robert F. Arnet
   _____% Frank C. Deubell
   _____% Leo J. Donovan
   _____% Francis M. Manista, Jr.
   _____% Paul R. Delano

**STOP: Please proceed to the Signature Page**.

4

## Signature Page

<u>Instructions to the Foreperson:</u>  Once you have indicated the jury's answers to the questions above and have been directed by the instructions to the signature page, simply sign and date this page in the space provided below.  Then inform the court security officer that you have finished deliberating.

By his/her signature below, the jury foreperson affirms that the above are the answers of the unanimous jury in the case of *John Walker, Jr. v. The County of Erie*, 1:22-cv-00520.

*S/Foreperson*

Dated: April __8__, 2025