UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN WALKER, JR.,

        Plaintiff,

-against-

THE CITY OF BUFFALO; THE COUNTY OF ERIE;
MICHAEL G. GUADAGNO; JOHN MONTONDO;
LINDA J. FIAL AS EXECUTOR FOR THE ESTATE OF
ROBERT GRABOWSKI; AND MARTIN BULLOCK AS
EXECUTOR FOR THE ESTATE OF JAMES E. HUNTER,
JENNIFER G. FLANNERY AS ADMINISTRATOR FOR
THE ESTATE OF ROBERT F. ARNET, JENNIFER G.
FLANNERY AS ADMINISTRATOR FOR THE ESTATE
OF FRANK C. DEUBELL, JENNIFER FLANNERY AS
ADMINISTRATOR FOR THE ESTATE OF LEO J.
DONOVAN, JENNIFER G. FLANNERY AS
ADMINISTRATOR FOR THE ESTATE OF FRANCIS M.
MANISTA, JR., AND DAWN M. DIRIENZO AS
EXECUTOR FOR THE ESTATE OF PAUL R. DELANO

        Defendants.

**DECLARATION IN SUPPORT OF POST-TRIAL MOTIONS**

Civil Action No.:
1:22-cv-520

Kirstie A. Means, Esq., under penalty of perjury, hereby declares the following:

1. I am an attorney at law duly licensed to practice in the State of New York and before this Court. I am a partner with the law firm, Lippes Mathias LLP, attorneys for Defendant County of Erie (the "County") in this matter, and as such, I am fully familiar with the facts concerning the above-captioned action.

2. I make this declaration in support of the County's post-trial motion pursuant to Federal Rules of Civil Procedure 59(a) for post-trial relief, submitted in the alternative to the County's simultaneously filed motion pursuant to Federal Rule of Civil Procedure 50(b), for an

1

Order granting: (i) a new trial or a conditional order of remittitur of the jury's award pursuant to Rule 59(a); (ii) together with any such other and further relief the Court deems just and proper.

## RELEVANT BACKGROUND AND HISTORY

3. Plaintiff John Walker, Jr. ("Plaintiff" or "Walker") commenced this lawsuit against various entities and individuals, alleging his constitutional rights were violated and seeking monetary damages.

4. He filed an amended complaint on March 13, 2023, which asserted eight (8) causes of action against the City Defendants[1] and two (2)[2] against the County. (*See generally* Dkt. 78).

5. In the months leading up to trial, in or around November 2024, Plaintiff settled his claims against the City Defendants,[3] leaving a sole cause of action against the County for trial: a claim pursuant to 42 U.S.C. § 1983 and *Monell* municipal liability for the alleged misconduct of prosecutors. (*See* Dkt. 78 at ¶¶466-694).

6. By Pretrial Order dated January 16, 2025 the Court set various deadlines (Dkt. 214) (the "Pretrial Order").[4]

---

[1] The City Defendants make up the balance of the above-captioned defendants, with the exception of the County.

[2] Plaintiff advanced claims under 42 U.S.C. § 1983 and *Monell* municipal liability against the County for alleged the misconduct of prosecutors (Count VII) and for an alleged negligent failure to properly hire, train, supervise and discipline (Count X). The latter claim was dismissed on summary judgment. (Dkt. 200).

[3] Following Plaintiff's settlement with the City Defendants, the County moved, *inter alia*, for leave to amend its answer to assert, among other things, an affirmative defense to seek apportionment and/or a setoff in the event a verdict was reached against the County at trial. (Dkt. 202, *et. seq.*). That motion was granted in part (Dkt. 217), and the County subsequently amended its answer. (Dkt. 219).

[4] Although discovery and pretrial proceedings were consolidated with a related matter, *Darryl Boyd v. County of Erie et al.*, 1:22-cv-519, over the County's objections (*see, e.g.*, Dkt. 324 at 14; Dkt. 237 at 22; *see also* Ex. F), and the Court's proposal, Plaintiff objected to a consolidated trial, primarily expressing concerns of confusion. *See e.g.*, Email chains exchanged between counsel and the Court in October and November 2024, collectively attached as **Exhibit "F."** Plaintiff's

7. On February 10, 2025, consistent with the Pretrial Order, the parties filed various motions *in limine* (*see generally* Dkt. 221, 222, 223, 226, 227, 228, 229, 230 and 232), which filings are expressly incorporated in the accompanying memorandum of law where relevant.

8. On February 14, 2025, the parties filed their respective proposed jury instructions (Dkt. 241, 243) and on February 24, 2025, filed their respective objections. (Dkt. 275, 276).

9. On March 3, 2025, the parties appeared for the final pretrial conference, wherein, among other things, motions *in limine* were argued and trial scheduling matters were discussed. (*See* Dkt. 288, 324).

10. During the final pretrial conference, the Court permitted further briefing on certain issues, including relative to Plaintiff's purported *Monell* evidence and his alleged *Russo* claim, resulting in supplemental filings by both parties. (*See* Dkt. 289, 291, 294, 296).

11. On March 12, 2025, Plaintiff filed a "memorandum regarding certain outstanding evidentiary disputes" (Dkt. 298), which the County responded and generally objected to on March 14, 2025. (*See* Dkt. 303).

12. On March 17, 2025, the parties appeared for a further pretrial conference to discuss pending motions, evidentiary matters and other pretrial matters (*see* Dkt. 309), during which time the Court issued a written decision on the "first set of the parties' motions *in limine*." (*See* Dkt. 307, 325).

13. On the morning of March 19, 2025, the first day of trial, the Court emailed the parties its written decision concerning an outstanding evidentiary matter relative to the scope of

---

objection to consolidation is set forth at Plaintiff's counsel's emails of October 18, 2024 and November 26, 2024.

3

admissible *Monell* evidence at trial. A copy of the Court's March 19, 2025 email, with its attachment, are collectively attached as **Exhibit "A"**; *see also* Dkt. 340-1 (the "*Monell* Decision").

14. Prior to receipt of the *Monell* Decision, the County objected to commencing trial in the absence of a ruling, reminding that Plaintiff's sole claim in this action is dependent on *Monell* liability. (*See* Dkt. 325 at 82:8-87:16). Acknowledging the County's concern, the Court adjourned the start of the trial until that afternoon to afford the parties time to review the *Monell* Decision and incorporate the same ahead of openings and proof. (*See* Dkt. 314; Dkt. 326 at 3:9-22).

15. Trial subsequently commenced with opening statements the afternoon of March 19, 2025, continuing through closing statements and final jury instructions delivered on April 7, 2025.

16. The official trial transcripts dated March 19, 2025 through April 7, 2025, spanning pages 1 through 2806, were electronically filed at the following docket entries:

| Dkt. Nos. | Pages | Date | Dkt. Nos. | Pages | Date |
|---|---|---|---|---|---|
| 326 | 1-149 | 3/19/25 | 348 | 1377-1498 | 3/28/25 (PM) |
| 327 | 150-277 | 3/20/25 (AM) | 377 | 1499-1599 | 3/31/25 (AM) |
| 316 | 278-413 | 3/20/25 (PM) | 349 | 1600-1631 | 3/31/25 (PM) |
| 328 | 414-531 | 3/21/25 (AM) | 378 | 1632-1741 | 4/1/25 (AM) |
| 320 | 532-667 | 3/21/25 (PM) | 350 | 1742-1857 | 4/1/25 (PM) |
| 329 | 668-784 | 3/24/25 (AM) | 379 | 1858-1977 | 4/2/25 (AM) |
| 321 | 785-820 | 3/24/25 (PM) | 360 | 1978-2115 | 4/2/25 (PM) |
| 330 | 821-1050 | 3/25/25 | 380 | 2116-2225 | 4/3/25 (AM) |
| 332 | 1051-1166 | 3/26/25 | 361 | 2226-2369 | 4/3/25 (PM) |
| 375 | 1167-1260 | 3/27/25 | 381 | 2370-2464 | 4/4/25 (AM) |
| 376 | 1261-1376 | 3/28/25 (AM) | 362 | 2465-2583 | 4/4/25 (PM) |

| Dkt. Nos. | Pages | Date |
|---|---|---|
| 382 | 2584-2680 | 4/7/25 (AM) |

| Dkt. Nos. | Pages | Date |
|---|---|---|
| 363 | 2681-2806 | 4/7/25 (PM) |

17. Throughout trial, the parties briefed various legal and evidentiary matters, including those outlined below, which are incorporated and addressed where relevant in the accompanying memorandum of law:

   a. Boyd and Gibson Trial Transcript

      i. County's Memorandum Concerning Reactions to the Transcripts of the Boyd and Gibson 1977 Criminal Trials (Dkt. 340-2);

      ii. Plaintiff's Memorandum Regarding the Inadmissibility of Certain Portions of the Gibson and Boyd Trial Transcripts (Dkt. 335);

      iii. County's Supplemental Submission Concerning Redactions within the Gibson Transcript, with Appendix A (Dkt. 340-5, 6);

      iv. County's Supplemental Submission Regarding Portions of the Trial Transcript of People v. Darryn Gibson Offered for Purpose of Notice, with Appendix A (Dkt. 240-8, 9).

   b. *Monell* Evidence

      i. Plaintiff's Memorandum Regarding Admissibility of Certain *Monell* Evidence (Dkt. 333);

      ii. County's Memorandum in Opposition to Plaintiff's Memorandum Concerning the Ancient Document Hearsay Exception and Admissibility of *Monell* Evidence (Dkt. 340-3);

      iii. March 25-26 Email Exchange Concerning the Introduction of Purported *Monell* Evidence Relative to Albert Ranni (Dkt. 340-7).

   c. *Brady* Evidence and Argument

      i. Plaintiff's Memorandum Regarding Defendant's Improper Defense to Nondisclosure (Dkt. 334);

      ii. County's Opposition to Plaintiff's Memorandum Regarding Defendant's Improper Defense to Nondisclosure (Dkt. 340-4).

5

      d. <u>Admission into Evidence</u>

          i. County's Motion to Move Exhibits into Evidence (Dkt. 345);

          ii. Plaintiff's Response/Opposition to the County's Motion to Move Exhibits into Evidence (Dkt. 351);

          iii. County's Motion to Move Certain Documents into Evidence and for Other Relief (Dkt. 354).

      e. <u>Summation</u>

          i. County's Motion to Limit or Preclude Certain References on Summation (Dkt. 353).

18. At the close of Plaintiff's proof, the County moved for judgment as a matter of law pursuant to Rule 50(a). (Dkt. 342). The Court granted the motion in part, dismissing Plaintiff's alleged *Russo* claim, and denied the remainder of the motion. (*See* Ex. E at 2126:14-19).

19. The parties provided proposed verdict sheets to the Court via email at the Court's request. Copies of the corresponding emails with their attachments are collectively attached as **Exhibit "B."**

20. On April 6, 2025, Plaintiff filed a submission proposing supplemental jury instructions (Dkt. 356), and the County filed its objections to those that same day (Dkt. 357).

21. Later that evening, at 6:21 p.m., the Court supplied its proposed Final Jury Instructions and Special Verdict Sheet via email to all counsel. A copy of the Court's email with its attachments is attached as **Exhibit "C".**

22. In the early morning hours of April 7, 2025, the County supplied the Court and counsel with redlined objections and requested edits to the Court's Final Jury Instructions, and objections and requested edits to the Special Verdict Sheet via email. A copy of the County's email, with attachments, is attached as **Exhibit "D".** The County also filed its objections to the Final Jury Instructions at Dkt. 359.

23. The parties exchanged additional emails with the Court that morning relative to the County's apportionment defense, and the corresponding jury instructions and verdict sheet questions. Copies of those emails are collectively attached as **Exhibit "E."**

24. The charge conference went forward that same morning, beginning at approximately 9:00 a.m. (*see* Dkt. 382 at 2587-2633), and closing arguments went forward immediately thereafter. (*See id.* at 2634-2747).

25. The Court delivered its final jury instructions that afternoon, and the County reiterated its exceptions to the charges as set forth in Docket 359 and relative to the issue of its apportionment defense. (*See* Dkt. 363 at 2750-2792).

26. The jury began its deliberations at approximately 3:47 p.m. on April 7, 2025 (*see* Dkt. 363 at 2793:10-15) and returned a verdict on April 8, 2025 in Plaintiff's favor, awarding the sum of $28,000,000 in compensatory damages against the County. (*See* Dkt. 366). It apportioned no fault to the City Defendants. (*See id.*).

## RELIEF SOUGHT

For the reasons set forth in the accompanying memorandum of law, the County respectfully seeks an Order granting: (i) a new trial or a conditional order of remittitur of the jury's award pursuant to Rule 59(a); (ii) together with any such other and further relief the Court deems just and proper.

Dated: May 20, 2025
      Buffalo, New York

**LIPPES MATHIAS LLP**

By: *s/Kirstie A. Means*
    Kirstie A. Means