# EXHIBIT B

| | |
|---|---|
| **From:** | Firsenbaum, Ross |
| **To:** | Nicole Austin; jbrudin@rudinlaw.com |
| **Cc:** | James P. Blenk; Meredith Vacca; Hanft, Gideon A.; Perio, Ryanne; Brian C. Mahoney; Kirstie A. Means; David@rudinlaw.com; Spencer Durland; buffalo_5_plaintiff_counsel@list.wilmerhale.com; John Lyle; Katelyn Popp; Jennifer C. Persico; Thomas R. Southard |
| **Subject:** | RE: Fraiser citation requested |
| **Date:** | Friday, April 4, 2025 1:29:25 PM |
| **Attachments:** | external.png<br>2025-04-04 Pl"s Revised Proposed Verdict Sheet(209195519.1).docx |



Dear Ms. Austin:  Please find a revised form attached.

Respectfully,


**Ross E. Firsenbaum | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 295 6323 (t)
+1 212 230 8888 (f)
ross.firsenbaum@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.


**From:** Nicole Austin <Nicole_Austin@nywd.uscourts.gov>
**Sent:** Friday, April 4, 2025 1:23 PM
**To:** jbrudin@rudinlaw.com
**Cc:** James P. Blenk <jblenk@lippes.com>; Firsenbaum, Ross <Ross.Firsenbaum@wilmerhale.com>; Meredith Vacca <Meredith_Vacca@nywd.uscourts.gov>; Hanft, Gideon A. <Gideon.Hanft@wilmerhale.com>; Perio, Ryanne <Ryanne.Perio@wilmerhale.com>; Brian C. Mahoney <bmahoney@lippes.com>; Kirstie A. Means <kmeans@lippes.com>; David@rudinlaw.com; Spencer Durland <sdurland@hooverdurland.com>; buffalo_5_plaintiff_counsel@list.wilmerhale.com; John Lyle <John_Lyle@nywd.uscourts.gov>; Katelyn Popp <Katelyn_Popp@nywd.uscourts.gov>; Jennifer C. Persico <jpersico@lippes.com>; Thomas R. Southard <tsouthard@lippes.com>
**Subject:** RE: Fraiser citation requested


**EXTERNAL SENDER**

Thank you, Mr. Rudin.

**Nicole W. Austin**
*Law Clerk to Judge Meredith A. Vacca*
*Western District of New York*
Kenneth B. Keating Federal Building
100 State Street, Rochester, NY 14614
O: 585-613-4374 | FAX: 716-613-4375
www.nywd.uscourts.gov

---

**From:** Joel B. Rudin <jbrudin@rudinlaw.com>
**Sent:** Friday, April 4, 2025 1:13 PM
**To:** Nicole Austin <Nicole_Austin@nywd.uscourts.gov>
**Cc:** James P. Blenk <jblenk@lippes.com>; Ross Firsenbaum <Ross.Firsenbaum@wilmerhale.com>; Meredith Vacca <Meredith_Vacca@nywd.uscourts.gov>; Gideon A. Hanft <Gideon.Hanft@wilmerhale.com>; Ryanne Perio <Ryanne.Perio@wilmerhale.com>; Brian C. Mahoney <bmahoney@lippes.com>; Kirstie A. Means <kmeans@lippes.com>; David Rudin <David@rudinlaw.com>; Spencer Durland <sdurland@hooverdurland.com>; buffalo_5_plaintiff_counsel@list.wilmerhale.com; John Lyle <John_Lyle@nywd.uscourts.gov>; Katelyn Popp <Katelyn_Popp@nywd.uscourts.gov>; Jennifer C. Persico <jpersico@lippes.com>; Thomas R. Southard <tsouthard@lippes.com>
**Subject:** Re: Fraiser citation requested

**CAUTION - EXTERNAL:**

I have checked and the Fraser case instruction doesn't really apply. We will propose a new verdict sheet that separates the claims later today if that's alright. Thank you.

Sent from my iPhone

> On Apr 4, 2025, at 12:37 PM, Nicole Austin <Nicole_Austin@nywd.uscourts.gov> wrote:
>
> Per Judge Vacca's request earlier today, will counsel please provide the citation to the Fraiser case discussed?
>
> Thank you!
>
> <image001.png>   **Nicole W. Austin**
> *Law Clerk to Judge Meredith A. Vacca*

*Western District of New York*
Kenneth B. Keating Federal Building
100 State Street, Rochester, NY 14614
O: 585-613-4374 | FAX: 716-613-4375
[www.nywd.uscourts.gov](http://www.nywd.uscourts.gov)

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN WALKER, JR., | )<br>)<br>) |
| Plaintiff, | )  **Case No. 1:22-cv-520** |
| - against - | )<br>) |
| THE COUNTY OF ERIE, | )<br>) |
| Defendant. | ) |

**VERDICT FORM**

1. As to the claim of Plaintiff John Walker, Jr. that a policy, custom, or practice of the Erie County District Attorney's Office caused the violation of Mr. Walker's right to a fair criminal trial due to the failure to disclose one or more items of *Brady* evidence:

   We the jury find the County of Erie [**CHECK ONE**]:

   \_\_\_ **Liable**.

   \_\_\_ **Not liable**.

2. As to the claim of Plaintiff John Walker, Jr. that a policy, custom, or practice of the Erie County District Attorney's Office caused the violation of Mr. Walker's right to a fair criminal trial due to summation misconduct:

   We the jury find the County of Erie [**CHECK ONE**]:

   \_\_\_ **Liable**.

   \_\_\_ **Not liable**.

3. If you checked "Liable" in Response to Question No. 1 OR Question No. 2 above (or both), please identify on the line below the amount of compensatory damages that you find that Mr. Walker is entitled to for the period **beginning on June 13, 1977 (the date of Mr. Walker's conviction) until the present**:

   $ _____

1

4. If you checked "Liable" in Response to Question No. 1 OR Question No. 2 above (or both), please apportion fault for the violation of Mr. Walker's constitutional rights identified therein among Erie County and the City of Buffalo, such that the total equals 100%.[1]

   ___% County of Erie
   ___% City of Buffalo


**Please have the Foreperson sign and date this form and return the entire Verdict Form to the marshal.**

SO SAY WE ALL.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Jury Foreperson

　　　　　　　　　　　　　　　　　　　　　　Dated: April ___, 2025

---

[1] Plaintiff preserves his objection to, and appellate rights regarding, the County's "apportionment" defense, but includes the defense herein since the Court has already permitted such a defense.

2

| | |
|---|---|
| **From:** | Kirstie A. Means |
| **To:** | Firsenbaum, Ross; Meredith Vacca; Nicole Austin |
| **Cc:** | Hanft, Gideon A.; Brian C. Mahoney; David@rudinlaw.com; Spencer Durland; Perio, Ryanne; jbrudin@rudinlaw.com; buffalo_5_plaintiff_counsel@list.wilmerhale.com; John Lyle; Katelyn Popp; Jennifer C. Persico; James P. Blenk; Thomas R. Southard |
| **Subject:** | RE: 22-cv-520: Walker v. County of Erie, County"s Response to Plaintiff"s March 23 memos |
| **Date:** | Wednesday, April 2, 2025 10:51:16 PM |
| **Attachments:** | image001.png<br>image013345.png<br>FINAL COE Proposed Verdict Sheet.docx |

Good evening, Your Honor and Counsel:

Pursuant to the Court's directive on April 1, 2025, the County submits its proposed Verdict Sheet, reserving the right to seek modifications pending the completion of proof at trial and pending rulings which may bear on the issues, jury charges and/or ultimate form of the verdict sheet.

As a threshold matter, the County reiterates its objection to Plaintiff's purported *Russo* claim and maintains a directed verdict on that issue is warranted, as set forth more fully in the County's pending motion at Docket 342.  The County respectfully submits there is no basis to submit an alleged *Russo* claim to the jury, and to include a claim for which no *Monell* liability could be established, in addition to the claim's substantive infirmities, would be error, confuse the issues, and risk an inconsistent verdict and/or a duplicative damages award.  Plaintiff's claim against the County is limited to a single cause of action, contingent upon, among other things, a finding of municipal liability under *Monell*.  Plaintiff has steadily sought to stretch the bounds of that claim to every extent possible, including, if permitted to go to the jury, seeking distinct compensatory damages awards stemming from a single cause of action and pursuing a claim for which no liability can be established as a matter of law.

The County reiterates that Plaintiff's *Russo* claim is improper because he has no evidence to support *Monell* liability grounded in an alleged *Russo* violation, that *Russo* was not decided until 2007 – 30 years after the conduct alleged in this case, and that the alleged conduct does not rise to an alleged *Russo* violation.  *See Horn v. City of New Haven*, 2024 WL 1261421, at *13 (D. Conn. Mar. 19, 2024) ("District courts in the Second Circuit have recognized that to recover damages for unreasonably prolonged detention, the plaintiff must prove that he would have been released were it not for the defendant's conscience-shocking mishandling of highly significant evidence of the plaintiffs' actual innocence.").  Notably, in *Horn*, the court recognized that "[s]ince *Russo*, the Second Circuit has considered the legal sufficiency of claims for unreasonably prolonged pretrial detention in six cases" and in all such cases, "the claim failed."  *Id.* at n.8.  The Court further acknowledged that as a general matter, "[w]hether a *Russo* claim is available in the post-conviction context is questionable." *Id.* at n.9.  As acknowledged by the court's analysis in *Horn*, a *Russo* violation requires a strict evidentiary showing, and even assuming Plaintiff could establish that (which he cannot), no reasonable trier of fact could find a pattern or practice of similar violations to sustain liability against the County under *Monell* in this case.

At every level, the viability of Plaintiff's *Russo* claim fails, and the County respectfully submits that to put this claim to the jury would be error.  The County maintains Plaintiff's *Russo* claim should be dismissed outright, but to the extent the claim is permitted to be presented to the jury, and in an effort to not conflate Plaintiff's *Russo* claim with his other claims arising from alleged summation and *Brady* issues, including for preservation purposes, the County has included a distinct award on damages stemming from Plaintiff's *Russo* claim.  However, the County maintains its objections previously set forth and above, and notes that while avoiding conflating these issues seems preferable, including reference to an alleged *Russo* claim in any capacity in this case risks inconsistent verdicts, duplicative damages and is overall unduly prejudicial to the County by suggesting a viable claim exists against the County, much less that it would or should invite the jury to consider a distinct award of damages for a claim that has no basis in law or fact.

Relatedly, the County maintains that Plaintiff's improper summation claim fails to establish a constitutional violation as a matter of law.  The contents of ADA Henry's summation, as advanced in the

County's pending motion for a directed verdict, do not rise to the level of "substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process." *See Bellamy v. City of New York*, 914 F.3d 727, 762 (2d Cir. 2019).  Consequently, a finding on this portion of Plaintiff's *Monell* claim cannot be established as a matter of law.  Under such circumstances, the County respectfully submits it would be error to advance this portion of the claim, for similar reasons as those outlined above, including that it asks the jury to resolve an issue for which no liability can follow as a matter of law and necessarily conflates an award of damages with respect to Plaintiff's alleged summation misconduct claim with his alleged *Brady* claim.

Pending resolution of the County's pending motion for a directed verdict, the County maintains the foregoing objections, and respectfully submits that to the extent the Court is inclined to reserve on the entirety of that motion (while still maintaining all arguments set forth therein, and the County's position that it remains ripe for resolution in its entirety), that a ruling be made at least with respect to Plaintiff's *Monell* claim as to an alleged *Russo* violation or improper summation, so that the same can be properly addressed in summation and prior to finalizing the charges and verdict sheet to present to the jury.

Respectfully submitted,
Kirstie Means

**Kirstie A. Means**
Partner

Lippes Mathias LLP

50 Fountain Plaza, Suite 1700
Buffalo, NY 14202-2216

ph: 716.853.5100 ext. 1305
kmeans@lippes.com | lippes.com
LinkedIn // Facebook

This email message, including attachments, are confidential and may be protected by the attorney/client or other applicable privileges.  The information is intended to be conveyed only to the designated recipient(s) of the email message.  Unauthorized use, dissemination, distribution or reproduction of this message by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.  If you are not an intended recipient, please notify the sender immediately, delete the message from your email system, and destroy any other copies in your possession.

---

**From:** Firsenbaum, Ross <Ross.Firsenbaum@wilmerhale.com>
**Sent:** Tuesday, April 1, 2025 11:21 PM
**To:** Meredith Vacca <Meredith_Vacca@nywd.uscourts.gov>; Nicole Austin <Nicole_Austin@nywd.uscourts.gov>
**Cc:** Hanft, Gideon A. <Gideon.Hanft@wilmerhale.com>; Brian C. Mahoney <bmahoney@lippes.com>; Kirstie A. Means <kmeans@lippes.com>; David@rudinlaw.com; Spencer Durland <sdurland@hooverdurland.com>; Perio, Ryanne <Ryanne.Perio@wilmerhale.com>; jbrudin@rudinlaw.com; buffalo_5_plaintiff_counsel@list.wilmerhale.com; John Lyle <John_Lyle@nywd.uscourts.gov>; Katelyn Popp <Katelyn_Popp@nywd.uscourts.gov>; Jennifer C. Persico <jpersico@lippes.com>; James P. Blenk <jblenk@lippes.com>; Thomas R. Southard <tsouthard@lippes.com>
**Subject:** RE: 22-cv-520: Walker v. County of Erie, County's Response to Plaintiff's March 23 memos



Dear Judge Vacca:  Pursuant to Your Honor's request, we attach a proposed verdict form for this matter.

Respectfully submitted,

**Ross E. Firsenbaum | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 295 6323 (t)
+1 212 230 8888 (f)
ross.firsenbaum@wilmerhale.com

Please consider the environment before printing this email.

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN WALKER, JR.,

          Plaintiff,

-against-

THE CITY OF BUFFALO; THE COUNTY OF ERIE;
MICHAEL G. GUADAGNO; JOHN MONTONDO;
LINDA J. FIAL AS EXECUTOR FOR THE ESTATE OF
ROBERT GRABOWSKI; AND MARTIN BULLOCK AS
EXECUTOR FOR THE ESTATE OF JAMES E. HUNTER,
JENNIFER G. FLANNERY AS ADMINISTRATOR FOR
THE ESTATE OF ROBERT F. ARNET, JENNIFER G.
FLANNERY AS ADMINISTRATOR FOR THE ESTATE
OF FRANK C. DEUBELL, JENNIFER FLANNERY AS
ADMINISTRATOR FOR THE ESTATE OF LEO J.
DONOVAN, JENNIFER G. FLANNERY AS
ADMINISTRATOR FOR THE ESTATE OF FRANCIS M.
MANISTA, JR., AND DAWN M. DIRIENZO AS
EXECUTOR FOR THE ESTATE OF PAUL R. DELANO

          Defendants.
_____

**COUNTY OF ERIE'S PROPOSED VERDICT SHEET**

Civil Action No.:
1:22-cv-520

## ALLEGED *BRADY* VIOLATION

1. Did the plaintiff prove that Erie County Assistant District Attorney David Henry suppressed evidence favorable to him in his June 1977 criminal trial?

   YES _____ NO _____

   If "Yes", go to number 2.

   If "No", go to number 5.

2. Did the plaintiff prove that the suppressed evidence was material to the outcome of his June 1977 criminal trial?

   YES _____ NO _____

   If "Yes", go to number 3.

   If "No", go to number 5.

1

3. Did the plaintiff prove that the Erie County District Attorney's Office had a widespread custom or practice of suppressing material and favorable evidence from criminal defendants or their attorneys in June 1977?

    YES _____   NO _____

    If "Yes", go to number 4.

    If "No", go to number 5.

4. Did the plaintiff prove that the policy, custom or practice of the County of Erie directly caused the denial of his constitutional right to material and favorable evidence?

    YES _____   NO _____

    Go to number 5.

## ALLEGED IMPROPER SUMMATION

5. Did the plaintiff prove that Assistant District Attorney David Henry's summation was improper?

    YES _____   NO _____

    If "Yes", go to number 6.

    If "No", go to number 9.

6. Did the plaintiff prove that Assistant District Attorney David Henry's summation caused substantial prejudice so as to violate the plaintiff's constitutional right to due process?

    YES _____   NO _____

    If "Yes", go to number 7.

    If "No", go to number 9.

7. Did the plaintiff prove that the County of Erie maintained a policy, custom, or practice of permitting improper summations which violate defendants' rights to due process?

    YES _____   NO _____

    If "Yes", go to number 8.

    If "No", go to number 9.

8. Did the plaintiff prove that the policy, custom or practice of the County of Erie directly caused Assistant District Attorney David Henry to deliver an improper summation?

   YES \_\_\_\_\_  NO \_\_\_\_\_

   Go to number 9.

## ALLEGED *RUSSO* CLAIM

9. Did the plaintiff prove that Assistant District Attorney Timothy Drury suppressed highly significant exculpatory evidence at the time of his 1976 preliminary hearing?

   YES \_\_\_\_\_  NO \_\_\_\_\_

   If "Yes", go to number 10.

   If "No", and you have answered "Yes" to questions 1, 2, 3 **or** 4, **and/or** "Yes" to questions 5, 6, 7, and 8, go to number 13.

   If "No", and you have answered "No" to questions 1, 2, 3 **or** 4, **and** "No" to questions 5, 6, 7, and 8, you have found a verdict in favor of the County of Erie. Go to "**Instructions**."

10. Did the plaintiff prove that Assistant District Attorney Timothy Drury acted with intent to unlawfully detain the plaintiff or with deliberate indifference to his constitutional right at the time of the plaintiff's 1976 preliminary hearing?

    YES \_\_\_\_\_  NO \_\_\_\_\_

    If "Yes", go to number 11.

    If "No", and you have answered "Yes" to questions 1, 2, 3 **or** 4, **and/or** "Yes" to questions 5, 6, 7, and 8, go to number 13.

    If "No", and you have answered "No" to questions 1, 2, 3 **or** 4, **and** "No" to questions 5, 6, 7, and 8, you have found a verdict in favor of the County of Erie. Go to "**Instructions**."

11. Did the plaintiff prove that the District Attorney's Office had a widespread custom or practice of suppressing highly significant exculpatory evidence from criminal defendants or their attorneys at the time of pretrial preliminary hearings in January 1976?

    YES \_\_\_\_\_  NO \_\_\_\_\_

3

If "Yes", go to number 12.

If "No", and you have answered "Yes" to questions 1, 2, 3 **or** 4, **and/or** "Yes" to questions 5, 6, 7, and 8, go to number 13.

If "No", and you have answered "No" to questions 1, 2, 3 **or** 4, **and** "No" to questions 5, 6, 7, and 8, you have found a verdict in favor of the County of Erie. Go to "**Instructions**."

12. Did the plaintiff prove that the policy, custom or practice of the County of Erie directly caused the suppression of material and favorable evidence at the time of the plaintiff's preliminary hearing?

    YES _____ NO _____

    If "Yes", go to number 13.

    If "No", and you have answered "Yes" to questions 1, 2, 3 **or** 4, **and/or** "Yes" to questions 5, 6, 7, and 8, go to number 13.

    If "No", and you have answered "No" to questions 1, 2, 3 **or** 4, **and** "No" to questions 5, 6, 7, and 8, you have found a verdict in favor of the County of Erie. Go to "**Instructions**."

### **BUFFALO POLICE DEPARTMENT**

13. Did the Buffalo Police Department, including Michael G. Guadagno, John Montondo, James E. Hunter, Robert Grabowski, Robert F. Arnet, Frank C. Deubell, Leo J. Donovan, Francis M. Manista, Jr., Paul R. Delano (collectively, the "Buffalo Police Department"), cause or contribute to the arrest, conviction and incarceration of Mr. Walker?

    YES _____ NO _____

    If "Yes", go to number 14.

    If "No", go to "**Instructions**."

14. What is the percentage of fault that you attribute to each party? The total must equal 100%.

    a. COUNTY OF ERIE                          _____%

    b. BUFFALO POLICE DEPARTMENT        _____%

    **Go to "Instructions".**

## INSTRUCTIONS

If you have answered "No" to questions 1, 2, 3, **or** 4, "No" to questions 5, 6, 7, **or** 8, **and** "No" to questions 9, 10, 11 **or** 12, you have found a verdict in favor of the County of Erie, do not answer the "Damages" question, cease deliberation, foreperson please sign and date the verdict sheet and advise the court by note that you have reached a verdict, and are ready to return to the Courtroom to announce your verdict.

On the other hand, if you have answered "Yes" to questions 1, 2, 3 **and** 4, "Yes" to questions 5, 6, 7 **and** 8, "Yes" to questions 9, 10, 11 **and** 12, your verdict is in favor of Plaintiff John Walker, Jr. please answer the "Damages" question that follows.

## DAMAGES

15. If you found a verdict in favor of the plaintiff on his alleged improper summation claim and/or his alleged *Brady* claim, please state the amount of damages, if any, that you award to the plaintiff for compensatory damages:

    Amount $_____

16. If you found a verdict in favor of the plaintiff on his alleged *Russo* claim, please state the amount of damages, if any, that you award to the plaintiff for compensatory damages:

    Amount $_____

_____        _____
Signature of Foreperson                                        Date

## RETURN TO COURT

5