# EXHIBIT F

| | |
|---|---|
| **From:** | Joel B. Rudin |
| **To:** | Meredith Vacca; Jennifer C. Persico; John Lyle |
| **Cc:** | Russ III, Hugh M.; Sahasrabudhe, Peter A.; Brian C. Mahoney; Firsenbaum, Ross; Perio, Ryanne; Hanft, Gideon A.; David Rudin; Partha Sharma; Timothy Hoover; Spencer Durland; Serena M. Kemnitzer; Kirstie A. Means; Thomas R. Southard |
| **Subject:** | RE: Darryl Boyd and John Walker v. City of Buffalo, et al. |
| **Date:** | Tuesday, November 26, 2024 5:14:21 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | external.png |



Dear Judge Vacca,

On behalf of Plaintiffs, I write to inform the Court that earlier today the Buffalo Common Council approved the settlement between Plaintiffs, Darryl Boyd and John Walker, and the City of Buffalo. I am advised by Peter Sahasrabudhe, one of the City's attorneys, that the settlement is now final, pending execution of the settlement papers, which we will try to execute as quickly as possible. In the meantime, because the Court is still considering whether to consolidate the two actions for trial, I write to briefly address the impact of this settlement on the issue of consolidation. We believe the settlement further strengthens why there should be separate trials, and counsels against consolidation, for at least two reasons.

First, prior to this settlement, to the extent there was the potential for overlapping witnesses and evidence, that was almost entirely due to Plaintiffs' claims against the City, as Mr. Sahasrabudhe, counsel for the City, pointed out in his submission of October 24. But now that these claims are out of the case, the potential for overlapping witnesses and evidence is far more limited. As noted in our submission of October 18, Plaintiffs' claims against the County will focus on whether, in light of the record of each of their separate criminal trials, the *Brady* violations and summation misconduct in connection with each separate criminal case was a substantial cause of a conviction that otherwise likely would not have occurred. Because there were different witnesses at each trial, different records of what was disclosed, and different theories of defense, the prejudice or materiality question will have to be separately analyzed for each Plaintiff. If all this is presented at one civil trial, the risk of jury confusion will be substantial. While there may be some overlapping evidence, any such overlapping evidence would represent a far smaller portion of the whole than when Plaintiffs' claims against the City Defendants remained to be tried. The County's October 25 response did not dispute that these differences exist – it instead argued that the risk of juror confusion could be mitigated by cautionary instructions. However, when the differing evidence goes to the heart of the materiality and prejudice questions for each Plaintiff, and thus the very heart of what each trial is about, a jury instruction will be insufficient to eliminate the significant risk of confusion.

Second, with only claims against the County remaining, each of Plaintiffs' trials will be significantly shortened, probably by nearly a week, both because the relevant evidence will be

narrower in scope and there will be one-third fewer attorneys examining the witnesses, objecting, making legal argument, and making opening and closing statements.  Thus, the burden on the Court and the parties of two trials will be materially reduced.

Thank you for your Honor's consideration.

Respectfully submitted,

Joel B. Rudin

Law Offices of Joel B. Rudin, P.C.

152 West 57th Street

New York, NY 10019

(212) 752-7600


Co-Counsel for Plaintiffs Boyd and Walker

---

**From:** Meredith Vacca <Meredith_Vacca@nywd.uscourts.gov>
**Sent:** Wednesday, November 20, 2024 11:18 AM
**To:** Jennifer C. Persico <jpersico@lippes.com>; Joel B. Rudin <jbrudin@rudinlaw.com>; John Lyle <John_Lyle@nywd.uscourts.gov>
**Cc:** Russ III, Hugh M. <HRuss@hodgsonruss.com>; Sahasrabudhe, Peter A. <PSahasra@hodgsonruss.com>; Brian C. Mahoney <bmahoney@lippes.com>; Firsenbaum, Ross <Ross.Firsenbaum@wilmerhale.com>; Perio, Ryanne <Ryanne.Perio@wilmerhale.com>; Hanft, Gideon A. <Gideon.Hanft@wilmerhale.com>; David Rudin <David@rudinlaw.com>; Partha Sharma <psharma@rudinlaw.com>; Timothy Hoover <thoover@hooverdurland.com>; Spencer Durland <sdurland@hooverdurland.com>; Serena M. Kemnitzer <skemnitzer@lippes.com>; Kirstie A. Means <kmeans@lippes.com>; Thomas R. Southard <tsouthard@lippes.com>
**Subject:** RE: Darryl Boyd and John Walker v. City of Buffalo, et al.

Some people who received this message don't often get email from meredith_vacca@nywd.uscourts.gov. Learn why this is important

Counsel:

I will be holding off on issuing a decision on the pending motions for summary judgment with respect to both the city and county claims at this time. Please let me know the status of the potential settlement after the November 26th vote. We can then re-assess at that point.

Thank you.

**Hon. Meredith A. Vacca**

*United States District Judge*
*Western District of New York*
Kenneth B. Keating Federal Building
100 State Street, Rochester, New York 14614
Telephone:  585-613-4370

---

**From:** Jennifer C. Persico <jpersico@lippes.com>
**Sent:** Monday, November 18, 2024 2:11 PM
**To:** Meredith Vacca <Meredith_Vacca@nywd.uscourts.gov>; Joel B. Rudin <jbrudin@rudinlaw.com>;
John Lyle <John_Lyle@nywd.uscourts.gov>
**Cc:** Russ III, Hugh M. <HRuss@hodgsonruss.com>; Sahasrabudhe, Peter A.
<PSahasra@hodgsonruss.com>; Brian C. Mahoney <bmahoney@lippes.com>; Firsenbaum, Ross
<Ross.Firsenbaum@wilmerhale.com>; Perio, Ryanne <Ryanne.Perio@wilmerhale.com>; Hanft, Gideon
A. <Gideon.Hanft@wilmerhale.com>; David Rudin <David@rudinlaw.com>; Partha Sharma
<psharma@rudinlaw.com>; Timothy Hoover <thoover@hooverdurland.com>; Spencer Durland
<sdurland@hooverdurland.com>; Serena M. Kemnitzer <skemnitzer@lippes.com>; Kirstie A. Means
<kmeans@lippes.com>; Thomas R. Southard <tsouthard@lippes.com>
**Subject:** RE: Darryl Boyd and John Walker v. City of Buffalo, et al.

**CAUTION - EXTERNAL:**

Good afternoon, Judge,

I write in response to the suggestion raised in Mr. Rudin's email of November 12, 2024 that
this Court should decide the pending motion for summary judgment filed by my client, the
County of Erie (the "County"), and not the motion filed by Co-Defendants, the City of
Buffalo defendants (the "City").

In general, we reject Plaintiffs' suggestion that this Court should decide the pending
motions outside of its normal course.  Rule 56 specifically states that "[t]he court *shall*
grant summary judgment if the movant shows that there is no genuine dispute as to any
material fact and the movant is entitled to judgment as a matter of law." Fed Rules Civ Pro
Rule 56 (emphasis added).

Plaintiffs have submitted no authority to support their informal request for a stay of any
pending motion.  As a result, we respectfully submit that Plaintiffs' email request should be
rejected outright.

The Supreme Court described the summary judgment procedure as "an integral part of the
Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive

determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) [1].  And while Rule 56(d) permits the Court to defer decision on a motion for summary judgment when facts are unavailable to the nonmovant, no such showing has been or can be made here.

As a result, we object to Plaintiffs' efforts to seek an informal stay and circumvent the procedures outlined in Rule 56.  *See, e.g., In re Stock Exchanges Options Trading Antitrust Litig.,* 171 F Supp 2d 174, 179 (S.D.N.Y. 2001), *vacated on other grounds*, 317 F.3d 134 (2d Cir. 2003) ("Nor can plaintiffs avoid the consequences of the Summary Judgment Order simply by requesting that the Court apply its decision only to the non-settling defendants"); (*cf. Jones v. Unum Life Ins. Co. of America,* 486 F.Supp.2d 864 (E.D. Ark. 2007) (parties agreed to condition settlement of entire matter on vacatur of order denying motion for summary judgment so court would grant vacatur).

The motions have been fully briefed and are pending adjudication.  There is simply no basis for the Court to refrain from determining them contemporaneously, particularly given Plaintiffs' combined response to both motions, which concedes their inherent overlap (*see* Dkt. 176), along with the fact the County has cross-claims pending against the City, which will survive, notwithstanding any *potential* settlement between the City and Plaintiffs.

Finally, assuming arguendo, that the Court is inclined to stay its determination of the pending motions, the delay must apply equally to all parties. Besides the foregoing, a stay directed only to the City's motion will put the Court in the untenable position of attempting to decide the County's motion in a vacuum, notwithstanding Plaintiffs' joint opposition and the overlap, and the potential need to inevitably decide the City's motion.  Simply put, neither the County nor the Court should be forced to proceed in limbo pending the City's and Plaintiffs' ongoing negotiations.  Instead, to the extent Plaintiffs seek to delay resolution of the pending motions, any delay must apply universally to both pending motions for summary judgment.

As always, I remain available to discuss further at the Court's convenience and thank Your Honor for your time and attention to this matter, as well as affording time for the County to address this issue.

Thank you for your consideration,
Jen

**Jennifer C. Persico**
Partner and Executive Committee Member



50 Fountain Plaza, Suite 1700
Buffalo, NY 14202-2216

ph: 716.853.5100 ext. 1350 | fx: 716.853.5199
jpersico@lippes.com | lippes.com
LinkedIn // Twitter // Facebook

This email message, including attachments, are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the email message. Unauthorized use, dissemination, distribution or reproduction of this message by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not an intended recipient, please notify the sender immediately, delete the message from your email system, and destroy any other copies in your possession.

**From:** Meredith Vacca <Meredith_Vacca@nywd.uscourts.gov>
**Sent:** Tuesday, November 12, 2024 10:42 AM
**To:** Jennifer C. Persico <jpersico@lippes.com>; Joel B. Rudin <jbrudin@rudinlaw.com>; John Lyle <John_Lyle@nywd.uscourts.gov>
**Cc:** Russ III, Hugh M. <HRuss@hodgsonruss.com>; Sahasrabudhe, Peter A. <PSahasra@hodgsonruss.com>; Brian C. Mahoney <bmahoney@lippes.com>; Firsenbaum, Ross <Ross.Firsenbaum@wilmerhale.com>; Perio, Ryanne <Ryanne.Perio@wilmerhale.com>; Hanft, Gideon A. <Gideon.Hanft@wilmerhale.com>; David Rudin <David@rudinlaw.com>; Partha Sharma <psharma@rudinlaw.com>; Timothy Hoover <thoover@hooverdurland.com>; Spencer Durland <sdurland@hooverdurland.com>; Serena M. Kemnitzer <skemnitzer@lippes.com>; Kirstie A. Means <kmeans@lippes.com>; Thomas R. Southard <tsouthard@lippes.com>
**Subject:** RE: Darryl Boyd and John Walker v. City of Buffalo, et al.


Sure, a response by next Monday 11/18 is fine.


Thank you.


**Hon. Meredith A. Vacca**
*United States District Judge*
*Western District of New York*
Kenneth B. Keating Federal Building
100 State Street, Rochester, New York 14614
Telephone: 585-613-4370


**From:** Jennifer C. Persico <jpersico@lippes.com>
**Sent:** Tuesday, November 12, 2024 10:25 AM

**To:** Meredith Vacca <Meredith_Vacca@nywd.uscourts.gov>; Joel B. Rudin <jbrudin@rudinlaw.com>; John Lyle <John_Lyle@nywd.uscourts.gov>
**Cc:** Russ III, Hugh M. <HRuss@hodgsonruss.com>; Sahasrabudhe, Peter A. <PSahasra@hodgsonruss.com>; Brian C. Mahoney <bmahoney@lippes.com>; Firsenbaum, Ross <Ross.Firsenbaum@wilmerhale.com>; Perio, Ryanne <Ryanne.Perio@wilmerhale.com>; Hanft, Gideon A. <Gideon.Hanft@wilmerhale.com>; David Rudin <David@rudinlaw.com>; Partha Sharma <psharma@rudinlaw.com>; Timothy Hoover <thoover@hooverdurland.com>; Spencer Durland <sdurland@hooverdurland.com>; Serena M. Kemnitzer <skemnitzer@lippes.com>; Kirstie A. Means <kmeans@lippes.com>; Thomas R. Southard <tsouthard@lippes.com>
**Subject:** RE: Darryl Boyd and John Walker v. City of Buffalo, et al.

<mark>**CAUTION - EXTERNAL:**</mark>


Good Morning Judge,

As far as I know, Mr. Rudin's email of yesterday is the first the County defendants have heard of these developments.  Not that we presume to tell the Court how to decide motions pending before it, but we would request that the Court allow us some time to confer before responding to its inquiry below.

Unfortunately, I am traveling and Mr. Mahoney is tied up in depositions for the next day or two.  Since there appears to be no action on the part of the City until November 26th, perhaps we could have until Monday to respond.

Thank you for your consideration.

Regards,
Jen


**Jennifer C. Persico**
Partner and Executive Committee Member



50 Fountain Plaza, Suite 1700
Buffalo, NY 14202-2216

ph: 716.853.5100 ext. 1350 | fx: 716.853.5199
jpersico@lippes.com | lippes.com
LinkedIn  //  Twitter  //  Facebook

This email message, including attachments, are confidential and may be protected by the attorney/client or

other applicable privileges.  The information is intended to be conveyed only to the designated recipient(s) of the email message.  Unauthorized use, dissemination, distribution or reproduction of this message by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.  If you are not an intended recipient, please notify the sender immediately, delete the message from your email system, and destroy any other copies in your possession.

**From:** Meredith Vacca <Meredith_Vacca@nywd.uscourts.gov>
**Sent:** Tuesday, November 12, 2024 9:40 AM
**To:** Joel B. Rudin <jbrudin@rudinlaw.com>; John Lyle <John_Lyle@nywd.uscourts.gov>
**Cc:** Russ III, Hugh M. <HRuss@hodgsonruss.com>; Sahasrabudhe, Peter A. <PSahasra@hodgsonruss.com>; Jennifer C. Persico <jpersico@lippes.com>; Brian C. Mahoney <bmahoney@lippes.com>; Firsenbaum, Ross <Ross.Firsenbaum@wilmerhale.com>; Perio, Ryanne <Ryanne.Perio@wilmerhale.com>; Hanft, Gideon A. <Gideon.Hanft@wilmerhale.com>; David Rudin <David@rudinlaw.com>; Partha Sharma <psharma@rudinlaw.com>; Timothy Hoover <thoover@hooverdurland.com>; Spencer Durland <sdurland@hooverdurland.com>
**Subject:** RE: Darryl Boyd and John Walker v. City of Buffalo, et al.


Thank you for the update, Mr. Rudin. At this point, unless there is any objection, the Court will continue to work towards issuing the summary judgment decision with respect to the County related claims. We will hold off on issuing a decision with respect to the City related claims given the tentative settlement.

Please keep us apprised of any other developments, concerns, etc.

Thank you.


**Hon. Meredith A. Vacca**
*United States District Judge*
*Western District of New York*
Kenneth B. Keating Federal Building
100 State Street, Rochester, New York 14614
Telephone:  585-613-4370

**From:** Joel B. Rudin <jbrudin@rudinlaw.com>
**Sent:** Monday, November 11, 2024 4:20 PM
**To:** John Lyle <John_Lyle@nywd.uscourts.gov>
**Cc:** Meredith Vacca <Meredith_Vacca@nywd.uscourts.gov>; Russ III, Hugh M. <HRuss@hodgsonruss.com>; Sahasrabudhe, Peter A. <PSahasra@hodgsonruss.com>; Jennifer C. Persico <jpersico@lippes.com>; bmahoney@lippes.com; Firsenbaum, Ross <Ross.Firsenbaum@wilmerhale.com>; Perio, Ryanne <Ryanne.Perio@wilmerhale.com>; Hanft, Gideon A. <Gideon.Hanft@wilmerhale.com>; David Rudin <David@rudinlaw.com>; Partha Sharma <psharma@rudinlaw.com>; Timothy Hoover <thoover@hooverdurland.com>; Spencer Durland

<[sdurland@hooverdurland.com](mailto:sdurland@hooverdurland.com)>
**Subject:** RE: Darryl Boyd and John Walker v. City of Buffalo, et al.

**CAUTION - EXTERNAL:**

Dear Judge Vacca and Mr. Lyle,

On November 8, I emailed to inform the Court of a tentative settlement of Plaintiffs' claims against the City of Buffalo and City-related defendants reached by the opposing attorneys with the assistance of the mediator, Michael Brady, anticipating the agreement would be presented to the Common Council for approval on November 12. I am now informed by the City that the process is a little more complicated and the final vote to approve will not occur until November 26. In view of that, the settling parties request that the Court defer resolution of the City's summary judgment motion until we know on November 26 whether the agreement has been approved. Plaintiffs request that the Court continue with its decision-making of the County of Erie's motions as Plaintiffs do not wish delay in the City's approval process to also delay their prosecution of their case against the County. The County's attorneys have been informed of the tentative settlement and I'm copying them on this email. Thank you for your consideration.

Respectfully submitted,

Joel B. Rudin
Law Offices of Joel B. Rudin, P.C.
Carnegie Hall Tower
152 West 57th Street, 8th Fl.
New York, N.Y. 10019
TEL:  (212) 752-7600
FAX:(212) 980-2968
CELL:(917) 885-1116
E-Mail: [jbrudin@rudinlaw.com](mailto:jbrudin@rudinlaw.com)

Co-Counsel for Plaintiffs

---

**From:** John Lyle <[John_Lyle@nywd.uscourts.gov](mailto:John_Lyle@nywd.uscourts.gov)>
**Sent:** Friday, November 08, 2024 5:23 PM
**To:** Joel B. Rudin <[jbrudin@rudinlaw.com](mailto:jbrudin@rudinlaw.com)>
**Cc:** Meredith Vacca <[Meredith_Vacca@nywd.uscourts.gov](mailto:Meredith_Vacca@nywd.uscourts.gov)>; Russ III, Hugh M. <[HRuss@hodgsonruss.com](mailto:HRuss@hodgsonruss.com)>
**Subject:** RE: Darryl Boyd and John Walker v. City of Buffalo, et al.

Mr. Rudin,

Thank you for your email. Please keep the Court apprised of any further developments.

In the meantime, I hope you have a nice weekend, as well.

Best regards,



**John Lyle**
*Law Clerk to Judge Meredith A. Vacca*
*Western District of New York*
Kenneth B. Keating Federal Building
100 State Street, Rochester, NY 14614
O: 585-613-4372 | FAX: 716-613-4375
www.nywd.uscourts.gov

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

---

[1]The Supreme Court has held that "the plain language of Rule 56[a] _mandates_ the entry of summary judgment, ...against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case".  *Celotex Corp. v Catrett*, 477 US 317, 322 (1986)(emphasis added).

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

| | |
|---|---|
| **From:** | Brian C. Mahoney |
| **To:** | John Lyle; Sahasrabudhe, Peter A.; Joel B. Rudin |
| **Cc:** | gideon.hanft@wilmerhale.com; ross.firsenbaum@wilmerhale.com; trena.riley@wilmerhale.com; David Rudin; Jacob "Coby" Loup; ryanne.perio@wilmerhale.com; sdurland@hooverdurland.com; thoover@hooverdurland.com; Perry, Adam W.; Russ III, Hugh M.; James P. Blenk; Jennifer C. Persico; Kirstie A. Means; Meredith Vacca; Katelyn Popp; Sue M. Evans; Serena M. Kemnitzer |
| **Subject:** | RE: scheduling conference for 22-cv-519, 520 (WDNY); Boyd v. City of Buffalo et al, Walker v. City of Buffalo et al |
| **Date:** | Friday, October 25, 2024 4:33:31 PM |
| **Attachments:** | image004.png |
| | image949625.png |
| | BCM to Judge Vacca 10.25.24.pdf |

Dear Judge Vacca:

Please find attached our letter response to Mr. Rudin's October 18, 2024 request to the Court.

Please let us know if you have any questions.

Respectfully,
Brian Mahoney

## Brian C. Mahoney
Partner

**Lippes Mathias LLP**



50 Fountain Plaza, Suite 1700
Buffalo, NY 14202-2216

ph: 716.853.5100 ext. 1310 | fx: 716.853.5199
bmahoney@lippes.com | lippes.com
LinkedIn  //  Twitter  //  Facebook

This email message, including attachments, are confidential and may be protected by the attorney/client or other applicable privileges.  The information is intended to be conveyed only to the designated recipient(s) of the email message.  Unauthorized use, dissemination, distribution or reproduction of this message by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.  If you are not an intended recipient, please notify the sender immediately, delete the message from your email system, and destroy any other copies in your possession.

**From:** John Lyle <John_Lyle@nywd.uscourts.gov>
**Sent:** Friday, October 18, 2024 5:02 PM
**To:** Sahasrabudhe, Peter A. <PSahasra@hodgsonruss.com>; Joel B. Rudin <jbrudin@rudinlaw.com>
**Cc:** gideon.hanft@wilmerhale.com; ross.firsenbaum@wilmerhale.com; trena.riley@wilmerhale.com; David Rudin <David@rudinlaw.com>; Jacob "Coby" Loup <jloup@rudinlaw.com>; ryanne.perio@wilmerhale.com; sdurland@hooverdurland.com; thoover@hooverdurland.com; Perry, Adam W. <APerry@hodgsonruss.com>; Russ III, Hugh M. <HRuss@hodgsonruss.com>; Brian C. Mahoney <bmahoney@lippes.com>; James P. Blenk <jblenk@lippes.com>; Jennifer C. Persico <jpersico@lippes.com>; Kirstie A. Means <kmeans@lippes.com>; Meredith Vacca <Meredith_Vacca@nywd.uscourts.gov>; Katelyn Popp <Katelyn_Popp@nywd.uscourts.gov>
**Subject:** RE: scheduling conference for 22-cv-519, 520 (WDNY); Boyd v. City of Buffalo et al, Walker v. City of Buffalo et al

Thank you, Mr. Rudin for your submission, and Mr. Sahasrabudhe for your follow-up.

Mr. Sahasrabudhe,

I relayed your request to the Judge, and she is willing to allow each set of Defendants a brief response by next Friday, 10/25, as you indicated.

Thank you,



**John Lyle**
*Law Clerk to Judge Meredith A. Vacca*
*Western District of New York*
Kenneth B. Keating Federal Building
100 State Street, Rochester, NY 14614
O: 585-613-4372 | FAX: 716-613-4375
www.nywd.uscourts.gov

---

**From:** Sahasrabudhe, Peter A. <PSahasra@hodgsonruss.com>
**Sent:** Friday, October 18, 2024 4:20 PM
**To:** Joel B. Rudin <jbrudin@rudinlaw.com>; John Lyle <John_Lyle@nywd.uscourts.gov>
**Cc:** gideon.hanft@wilmerhale.com; ross.firsenbaum@wilmerhale.com; trena.riley@wilmerhale.com; David Rudin <David@rudinlaw.com>; Jacob "Coby" Loup <jloup@rudinlaw.com>; ryanne.perio@wilmerhale.com; sdurland@hooverdurland.com; thoover@hooverdurland.com; Perry, Adam W. <APerry@hodgsonruss.com>; Russ III, Hugh M. <HRuss@hodgsonruss.com>; bmahoney@lippes.com; jblenk@lippes.com; jpersico@lippes.com; kmeans@lippes.com; Meredith Vacca <Meredith_Vacca@nywd.uscourts.gov>; Katelyn Popp <Katelyn_Popp@nywd.uscourts.gov>
**Subject:** RE: scheduling conference for 22-cv-519, 520 (WDNY); Boyd v. City of Buffalo et al, Walker v. City of Buffalo et al

<mark>CAUTION - EXTERNAL:</mark>

Mr. Lyle:

Both sets of defendants would like to request an opportunity to briefly respond (in two pages or less) to Mr. Rudin's e-mail. The City Defendants can have their response submitted by the end of next week if such a response is permitted by the Court.

We thank the Court in advance for any courtesy it is willing to extend.

Sincerely,
Peter Sahasrabudhe

---

**From:** Joel B. Rudin <jbrudin@rudinlaw.com>
**Sent:** Friday, October 18, 2024 3:24 PM
**To:** John Lyle <John_Lyle@nywd.uscourts.gov>
**Cc:** gideon.hanft@wilmerhale.com; ross.firsenbaum@wilmerhale.com; trena.riley@wilmerhale.com;
David Rudin <David@rudinlaw.com>; Jacob "Coby" Loup <jloup@rudinlaw.com>;
ryanne.perio@wilmerhale.com; sdurland@hooverdurland.com; thoover@hooverdurland.com; Perry,
Adam W. <APerry@hodgsonruss.com>; Sahasrabudhe, Peter A. <PSahasra@hodgsonruss.com>; Russ III,
Hugh M. <HRuss@hodgsonruss.com>; bmahoney@lippes.com; jblenk@lippes.com;
jpersico@lippes.com; kmeans@lippes.com; Meredith Vacca <Meredith_Vacca@nywd.uscourts.gov>;
Katelyn Popp <Katelyn_Popp@nywd.uscourts.gov>
**Subject:** RE: scheduling conference for 22-cv-519, 520 (WDNY); Boyd v. City of Buffalo et al, Walker v.
City of Buffalo et al

---

**External Email - Use Caution**

---

Dear Judge Vacca,

I write in response to the Court's request during the October 7 status conference that Plaintiffs respond by email to Defendants' suggestion of a consolidated trial in Plaintiffs' cases. I realize this email is lengthy and I can convert it into letter format if the Court would prefer that.

We respectfully submit that a consolidated trial would be inappropriate for several reasons.

*First*, the issue of two consecutive trials versus one consolidated trial was raised before Judge Vilardo; he scheduled separate trials, and the defendants did not object. *See* Transcript of 3/1/2024 Conference at 10:11-23. There are no new material facts supporting consolidation.

*Second*, Defendants have not satisfied their burden of showing that consolidation is appropriate. Federal Rule of Civil Procedure 42(a) creates a presumption of separate trials for separately filed cases and places the burden on the party seeking consolidation to show that consolidation is appropriate. *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993) ("A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions and a district court must examine the special underlying facts with close attention before ordering a consolidation" (internal citations and quotation marks omitted)). Defendants have not satisfied and cannot satisfy their burden. While there may be some overlapping witnesses and documents in the two trials, that, by itself, is insufficient to impose consolidation on objecting plaintiffs. *See Malcolm v. National Gypson Co.*, 995 F.2d 346, 350 (2d Cir. 1993) ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

*Third*, even if consolidation would avoid some duplicative testimony, that is only one of many factors to

weigh when addressing consolidation.  The court must consider the risk of jury confusion, *see Renaissance Nutrition, Inc., v. Jarrett,* 2009 WL 147590, at *2 (W.D.N.Y. May 27, 2009) (Schroeder, M.J.), the risk of prejudice from the jury hearing inadmissible evidence, *Falls v. Desert Palace,* 2018 WL 11278578 (D. Nev. Mar. 14, 2018), at *9-10, and differences in "damages-related evidence," *Hunter v. United States*, 2021 WL 232129, at *3 (S.D. Ga. Jan. 21, 2021), among other factors.  Here, these factors weigh overwhelmingly against consolidation.

*Jury Confusion*.  A consolidated trial is likely to cause substantial confusion for the jury.  One essential element of Plaintiffs' *Monell* claims against the County of Erie is that the County violated each Plaintiff's constitutional rights.  Both Plaintiffs allege that the County did so by suppressing numerous items of favorable evidence that the County was required to disclose under *Brady v. Maryland*.  But the Plaintiffs were tried separately in their criminal cases, by different prosecutors.  Each trial record shows different items of evidence being disclosed at each trial.  Meanwhile, the parties dispute whether, and which, additional items were disclosed off the record at each trial.  Thus, at a consolidated civil trial, the jury would have to keep track of what evidence was (and was not) disclosed in each Plaintiff's criminal trial in light of different pre-trial and trial records as well as different testimony by the two different prosecutors who handled the two cases.

Non-disclosure of various items of *Brady* evidence is not the only issue that a single factfinder would need to keep straight when considering two different criminal trials.  To establish a constitutional violation, each Plaintiff must show that the withheld *Brady* evidence was material to the outcome of his criminal trial.  That issue will require an assessment of whether, had the withheld evidence been disclosed, there is a reasonable probability that the verdict would have been more favorable.  This complicated assessment requires a comparison of what a criminal jury actually heard with what the prosecution and defense cases likely would have been with the withheld evidence included.  While that is no easy task to perform in connection with one lengthy criminal trial, the task would be exponentially more difficult when considering what happened in two different trials and what each of those trials would have looked like had the evidence not been withheld.

We offer just a few examples from Plaintiffs' criminal trials to illustrate the potential for juror confusion inherent in litigating materiality in a consolidated civil trial.  At Mr. Boyd's criminal trial, cooperators Tyrone Woodruff and Andre Hough gave inculpatory testimony against Mr. Boyd, but the People did not call the barmaid, Debbie Jeffreys, or the jailhouse snitch, Joseph Tatar.  Mr. Boyd's defense counsel called Ms. Jeffreys and several other witnesses, and then the prosecution in rebuttal called Detective Guadagno to testify to statements he claimed Mr. Boyd had made to him that appeared inconsistent and thus, the prosecution argued, suggested a consciousness of guilt.  In his summation and in his examination of the witnesses, Mr. Boyd's defense counsel contended that none of the boys were present during the crime and that Woodruff and Hough had been pressured to lie.

However, at Mr. Walker's criminal trial, the *prosecution* called Debbie Jeffreys, creating *Rosario* and *Giglio* obligations for this witness that did not exist at Mr. Boyd's trial.  The prosecution called jailhouse snitch Tatar to testify to alleged admissions by Mr. Walker, which similarly created the same disclosure obligations, unlike at Mr. Boyd's trial, relating to Tatar.  On the other hand, at Mr. Walker's trial, Andre Hough's testimony about Mr. Boyd's alleged admissions was not introduced at all (Hough testified only about a remark that was allegedly made by someone other than Mr. Walker in both boys' presence).  While the prosecution called some civilian and police witnesses at both criminal trials, the details of their testimony on direct and cross did not coincide and thus an analysis of the effect of the nondisclosure of favorable information is different in relation to each trial.  A further difference is that none of Mr. Boyd's

alibi witnesses were called at Mr. Walker's trial.  And then there was a significant difference in defense strategy.  While Mr. Walker's counsel did challenge Woodruff's overall story, counsel's main defense – that whatever the other boys did, Mr. Walker did not participate – was different than Mr. Boyd's lawyer's strategy to vigorously challenge the entire case.

Finally, in relation to what occurred at each criminal trial and the evidence about what evidence was suppressed, a jury will have to determine the issue of causation:  whether the prosecutor violated his *Brady* obligation on account of the Office's policy, custom or practice.  No matter how carefully the court charges the jury about what it must find in relation to each Plaintiff's *Brady* claims, it would be extraordinarily difficult for jurors at a consolidated trial to keep straight what the evidence is as to each Plaintiff's *Brady* claims and to apply the law to that evidence.  The Plaintiffs deserve their day in court without the risk that juror confusion will deprive them of a fair consideration of their claims.

A consolidated trial also would make it difficult for the jury to apply the Court's legal instructions regarding Plaintiffs' summation-misconduct claims.  These claims require the factfinder to determine whether the prosecutor made improper comments, whether such comments, in the context of the trial record, caused Plaintiff to be denied his constitutional right to a fair trial, and whether the prosecutor's misconduct was caused by a policy, custom or practice of the Office.  Here, there were two different prosecutors who made different comments at the two trials, each prosecutor will have a different explanation of his comments in the context of the rest of the trial, and, in relation to the *Monell* claim, there must be an individualized evaluation of causation. Keeping the two trials separate when judging Plaintiffs' claims, the prosecutors' explanations, and the causation issue would be nearly an impossible task for a single civil jury.

*Unfair prejudice to Plaintiffs*.  The jury at a consolidated trial would hear prejudicial evidence against each Plaintiff that, but for a joint trial, it would not hear.  Indeed, the New York state court granted separate criminal trials in 1977 for exactly this reason: to avoid spillover prejudice to each Plaintiff that would occur regardless of any "curative" instruction.  Consolidation here would unnecessarily build such prejudice into Plaintiffs' civil cases.

We turn first to Mr. Boyd.  At Mr. Walker's criminal trial, jailhouse snitch Tatar, in exchange for leniency, testified that Mr. Walker confessed to the murder of Mr. Crawford.  While Mr. Walker will prove that Tatar's bargained-for testimony was completely unreliable, Mr. Boyd should not have to suffer any risk that a jury at a consolidated trial would be influenced against him by Tatar's testimony.  Mr. Boyd would also be unfairly damaged by inculpatory statements that Mr. Walker made during his parole hearing.  Mr. Walker will testify that, when faced with the Catch-22 that if he continued to truthfully profess his innocence he would indefinitely prolong his incarceration, he made false statements admitting a crime he did not commit (and that his humiliation adds to his damages).  But Mr. Boyd should not have to risk that a jury at a joint trial would consider such admissions as evidence that Woodruff's criminal trial testimony was true.  Further, Mr. Walker will offer expert testimony at his trial explaining why his criminal trial attorney—unaware of suppressed evidence revealing Woodruff's entire testimony to be false—made a strategic judgment to pursue a reasonable doubt defense that could coexist with Woodruff's coerced confession.  But at a consolidated trial, this would necessitate the jury hearing that Mr. Walker's counsel made numerous comments that implied the guilt of the other participants in the crime that Woodruff named.  *See, e.g.*, Trial Tr. 119:5–120:4; 121:22-122:9.  This, too, would be unfair to Mr. Boyd and, no matter how carefully the court instructs the jury, would unfairly burden his right to a fair trial of his claims.

Mr. Walker, in turn, would be prejudiced at a consolidated trial by testimony from Mr. Boyd's criminal trial. Unlike at Mr. Walker's criminal trial, Andre Hough testified at Mr. Boyd's criminal trial that Mr. Boyd supposedly confessed to him that all the boys, including Mr. Walker, participated in the crime. Further, at Mr. Boyd's trial, the prosecution introduced Mr. Boyd's alleged post-arrest statements, claiming they were contradictory and false. While Mr. Boyd will testify that the police account of his statements was itself false, Mr. Walker should not be exposed to this additional evidence that was precluded at Mr. Walker's criminal trial and thus is irrelevant to his *Brady* and summation-misconduct claims.

*Different Damages Claims.* A consolidated trial would make it exceedingly difficult for the jury to give separate consideration to each Plaintiff's extensive claim of damages. Each Plaintiff will tell his story of how he was damaged from 1976 through the present. Assuming that there would be separate trials, we had a single psychologist, Dr. Sanford Drob, evaluate each Plaintiff. At a joint trial, Dr. Drob would have to testify to each plaintiff's psychic injuries based upon their prison and post-prison experiences over 48 years. Each plaintiff will testify about his experiences too. Each Plaintiffs' damages are immense, but a single trial with a single expert entails the inevitable risk that a jury will consider their experiences by comparison to one another rather than looking at their individual experiences of wrongful incarceration independently, or else will confuse the damages evidence. Separate trials would allow separate juries to arrive at independent assessments as to the appropriate damages for each man.

*Prolongation of Trial.* A consolidated trial likely would be significantly longer than a single, unconsolidated trial and would be even more physically taxing on Mr. Boyd than a separate trial would. A longer trial also would make it more difficult to attract and keep suitable jurors.

For these reasons, we submit that the Court should deny Defendants' informal suggestion of consolidation.

Respectfully submitted,

Joel B. Rudin
Co-Counsel for Plaintiffs

---

**From:** John Lyle <John_Lyle@nywd.uscourts.gov>
**Sent:** Thursday, October 10, 2024 8:42 AM
**To:** Joel B. Rudin <jbrudin@rudinlaw.com>
**Cc:** gideon.hanft@wilmerhale.com; ross.firsenbaum@wilmerhale.com; trena.riley@wilmerhale.com; David Rudin <David@rudinlaw.com>; Jacob "Coby" Loup <jloup@rudinlaw.com>; ryanne.perio@wilmerhale.com; sdurland@hooverdurland.com; thoover@hooverdurland.com; aperry@hodgsonruss.com; psahasra@hodgsonruss.com; HRuss@hodgsonruss.com; bmahoney@lippes.com; jblenk@lippes.com; jpersico@lippes.com; kmeans@lippes.com; Meredith Vacca <Meredith_Vacca@nywd.uscourts.gov>; Katelyn Popp <Katelyn_Popp@nywd.uscourts.gov>
**Subject:** RE: scheduling conference for 22-cv-519, 520 (WDNY); Boyd v. City of Buffalo et al, Walker v. City of Buffalo et al

Mr. Rudin,

Thank you for your email. The timing you suggest is fine with Judge Vacca. Can we say Friday, October 19 for a control date?

Best,

John



**John Lyle**
*Law Clerk to Judge Meredith A. Vacca*
*Western District of New York*
Kenneth B. Keating Federal Building
100 State Street, Rochester, NY 14614
O: 585-613-4372 | FAX: 716-613-4375
www.nywd.uscourts.gov

**From:** Joel B. Rudin <jbrudin@rudinlaw.com>
**Sent:** Wednesday, October 9, 2024 6:22 PM
**To:** John Lyle <John_Lyle@nywd.uscourts.gov>
**Cc:** gideon.hanft@wilmerhale.com; ross.firsenbaum@wilmerhale.com; trena.riley@wilmerhale.com; David Rudin <David@rudinlaw.com>; Jacob "Coby" Loup <jloup@rudinlaw.com>; ryanne.perio@wilmerhale.com; sdurland@hooverdurland.com; thoover@hooverdurland.com; aperry@hodgsonruss.com; psahasra@hodgsonruss.com; HRuss@hodgsonruss.com; bmahoney@lippes.com; jblenk@lippes.com; jpersico@lippes.com; kmeans@lippes.com; Meredith Vacca <Meredith_Vacca@nywd.uscourts.gov>; Katelyn Popp <Katelyn_Popp@nywd.uscourts.gov>
**Subject:** RE: scheduling conference for 22-cv-519, 520 (WDNY); Boyd v. City of Buffalo et al, Walker v. City of Buffalo et al

<mark>CAUTION - EXTERNAL:</mark>

Dear Mr. Lyle,

At Monday's conference, Judge Vacca asked plaintiffs' counsel to email the court with their position concerning the defendants' suggestion of a consolidated trial. We would like to send that email some time next week. Please let me know if that is okay with Judge Vacca. Thank you.

Regards,

Joel Rudin
Co-Counsel for Plaintiffs

**From:** John Lyle <John_Lyle@nywd.uscourts.gov>
**Sent:** Thursday, September 19, 2024 8:59 AM
**To:** Joel B. Rudin <jbrudin@rudinlaw.com>
**Cc:** gideon.hanft@wilmerhale.com; ross.firsenbaum@wilmerhale.com; trena.riley@wilmerhale.com;
David Rudin <David@rudinlaw.com>; Jacob "Coby" Loup <jloup@rudinlaw.com>;
ryanne.perio@wilmerhale.com; sdurland@hooverdurland.com; thoover@hooverdurland.com;
aperry@hodgsonruss.com; psahasra@hodgsonruss.com; HRuss@hodgsonruss.com;
bmahoney@lippes.com; jblenk@lippes.com; jpersico@lippes.com; kmeans@lippes.com; Meredith
Vacca <Meredith_Vacca@nywd.uscourts.gov>; Katelyn Popp <Katelyn_Popp@nywd.uscourts.gov>
**Subject:** RE: scheduling conference for 22-cv-519, 520 (WDNY); Boyd v. City of Buffalo et al, Walker v.
City of Buffalo et al

> Some people who received this message don't often get email from john_lyle@nywd.uscourts.gov. Learn why this is important

Thank you, all. The Court is also in receipt of Mr. Sahasrabudhe's letter in response to
Plaintiffs' request, and will address the issue of case scheduling at the conference
scheduled for both matters on Monday, October 7, 2024 at 10 AM.

Best regards,



**John Lyle**
*Law Clerk to Judge Meredith A. Vacca*
*Western District of New York*
Kenneth B. Keating Federal Building
100 State Street, Rochester, NY 14614
O: 585-613-4372 | FAX: 716-613-4375
www.nywd.uscourts.gov

---

**From:** Joel B. Rudin <jbrudin@rudinlaw.com>
**Sent:** Tuesday, September 17, 2024 4:59 PM
**To:** John Lyle <John_Lyle@nywd.uscourts.gov>
**Cc:** gideon.hanft@wilmerhale.com; ross.firsenbaum@wilmerhale.com; trena.riley@wilmerhale.com;
David Rudin <David@rudinlaw.com>; Jacob "Coby" Loup <jloup@rudinlaw.com>;
ryanne.perio@wilmerhale.com; sdurland@hooverdurland.com; thoover@hooverdurland.com;
aperry@hodgsonruss.com; psahasra@hodgsonruss.com; HRuss@hodgsonruss.com;
bmahoney@lippes.com; jblenk@lippes.com; jpersico@lippes.com; kmeans@lippes.com; Meredith
Vacca <Meredith_Vacca@nywd.uscourts.gov>; Katelyn Popp <Katelyn_Popp@nywd.uscourts.gov>
**Subject:** Re: scheduling conference for 22-cv-519, 520 (WDNY); Boyd v. City of Buffalo et al, Walker v.
City of Buffalo et al

**CAUTION - EXTERNAL:**

Dear Mr. Lyle,

All sides are available to be in Rochester October 7 or 8. I hope one of those dates is convenient for the Court. Thank you.

Best,

Joel Rudin

Sent from my iPhone

On Sep 17, 2024, at 11:27 AM, John Lyle <John_Lyle@nywd.uscourts.gov> wrote:

Some people who received this message don't often get email from john_lyle@nywd.uscourts.gov. Learn why this is important

**RE: scheduling conference for 22-cv-519, 520; Boyd v. City of Buffalo et al, Walker v. City of Buffalo et al**

Good morning, Counsel.

The Court is in receipt of Mr. Rudin's letters requesting a conference to discuss a new case schedule in the above-cited matters. Judge Vacca asks that the parties confer, and that one of Plaintiffs' counsel respond to this email with two possible dates over the next two to three weeks on which counsel for the Plaintiffs and the Defendants can be available for a conference in person in Courtroom 2 here at the Keating Federal Building, 100 State Street, Rochester, NY 14614.

Thank you,

<image001.png>  **John Lyle**
*Law Clerk to Judge Meredith A. Vacca*
*Western District of New York*
Kenneth B. Keating Federal Building
100 State Street, Rochester, NY 14614
O: 585-613-4372 | FAX: 716-613-4375
www.nywd.uscourts.gov

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

*This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.*

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.



October 25, 2024

**Via Email Only**
Hon. Meredith A. Vacca
United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

*Re:    Case Nos. 1:22-cv-00519 & 1:22-cv-00520*

Dear Judge Vacca:

On behalf of the County of Erie, we write to address Plaintiffs' counsel's email of October 18, 2024, regarding the potential for a consolidated trial of these related matters. For ease of review, this correspondence will address Plaintiffs' contentions in the order in which they appear.

First, Plaintiffs' reference to the conference held before Judge Vilardo on March 1, 2024, which discussed Plaintiffs' request for an expedited trial, is misplaced and irrelevant. It was Your Honor, not Judge Vilardo, whose October 7, 2024 text entry directed "Plaintiff counsel to email court with concerns re: trying cases jointly."

Second, contrary to Plaintiffs' next assertion, there is no application pending for consolidation and thus no burden for Defendants to have satisfied. Nevertheless, as a practical matter, it is Defendants' position that consolidation is warranted.

"Rule 42(a) . . . empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "Consolidation has been found to be appropriate in virtually every kind of action that can be brought in federal court, including § 1983 actions." *McDaniel v. New York*, 119CV7680AJNKHP, 2021 WL 1222417, at *1-2 (S.D.N.Y. Apr. 1, 2021). The trial court is afforded "broad discretion", and must consider:

> "[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

**Brian C. Mahoney** | Partner | bmahoney@lippes.com

50 Fountain Plaza, Suite 1700, Buffalo, NY 14202  **Phone:** 716.853.5100  **Fax:** 716.853.5199  **lippes.com**

**New York:** Albany, Buffalo, Long Island, New York City, Rochester  //  **Florida:** Jacksonville  //  **Illinois:** Chicago
**Ontario:** Greater Toronto Area  //  **Texas:** San Antonio  //  **Washington, D.C.**



*Johnson*, 899 F.2d at 1284-85. Importantly, "[w]hen considering consolidation, a court should also note that the risks of prejudice and confusion may be reduced by the use of cautionary instructions to the jury and verdict sheets outlining the claims of each plaintiff." *Id.* at 1285.

This last point is critical to addressing Plaintiffs' third and fourth contentions, which identify factual differences, suggesting a risk of confusion and prejudice. Plaintiffs' concerns are overstated both because they ignore that "the use of cautionary instructions to the jury and verdict sheets outlining the claims of each plaintiff" reduces the risk of any confusion (*id.*), and because there is no "prerequisite that each and every fact relating to each plaintiff's injury be identical." *BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 141-42 (S.D.N.Y. 2000) (consolidating Section 1983 claims over objections related to alleged factual differences, and reminding "even one substantial common question of law or fact is enough for commonality under Rule 42(a)").

Here, Plaintiffs' legal theories and claims are identical. Both cases arise from the same set of operative facts. The proof in each case will be virtually identical but for the discrete and isolated differences pointed out by Plaintiffs. Separate trials would require separate juries to evaluate, for instance, the policies and procedures of the Erie County District Attorney's Office, risking inconsistent verdicts on essential, and complex, findings. *See LeGrand v. New York City Transit Auth.*, No. 95–CV–0333, 1999 WL 342286, *8 (E.D.N.Y. May 26, 1999) (consolidating pregnancy discrimination suits under Section 1983 where "central legal question is the same").

Consolidated cases almost universally require an independent assessment with respect to each Plaintiffs' alleged damages. Plaintiffs' objection on that basis would mean consolidation is never appropriate. Any alleged confusion on this issue could be adequately addressed by appropriate jury charges and verdict sheet, and Defendants generally dispute the suggestion that the jury would find the matter of evaluating damages against each Plaintiff "exceedingly difficult."

Finally, Plaintiffs' vague suggestion that a single trial *may* be elongated ignores the reality that two separate trials will definitely be longer and pales in comparison to the immense length and expense that would be required to complete two separate trials, and the associated burdens on the various witnesses, parties and the Court.

In sum, any alleged "risks of prejudice and possible confusion" are necessarily "overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *See Johnson*, 899 F.2d at 1284-85. As a result, the County respectfully submits that a consolidated trial is warranted.



Very truly yours,

**LIPPES MATHIAS LLP**

Brian C. Mahoney, Esq.