UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN WALKER, JR.,

          Plaintiff,

    v.

CITY OF BUFFALO, et al.,

          Defendants.

_____

Civil Action No. 22-cv-520


**<u>COUNTY OF ERIE'S MEMORANDUM OF LAW<br>IN OPPOSITION TO PLAINTIFF'S APPLICATION<br>FOR ATTORNEYS' FEES AND COSTS AND IN SUPPORT OF<br>CROSS-MOTION FOR A STAY</u>**


**LIPPES MATHIAS LLP**
Jennifer C. Persico, Esq.
Brian C. Mahoney, Esq.
James. P. Blenk, Esq.
Kirstie A. Means, Esq.
Thomas R. Southard, Esq.
*Attorneys for Defendant, County of Erie*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
jpersico@lippes.com
bmahoney@lippes.com
jblenk@lippes.com
kmeans@lippes.com
tsouthard@lippes.com

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT................................................................................................................................1

POINT I:   RESOLUTION OF PLAINTIFF'S FEE APPLICATION SHOULD BE STAYED
PENDING THE COUNTY'S POST-TRIAL MOTIONS.............................................1

POINT II: PLAINTIFF'S REQUESTED RATES AND FEES ARE EXCESSIVE ......................2

    A.  Global Application of Out-of-District Rates is Inappropriate..............................................4

    B.  An Out-of-District Analysis Confirms Plaintiff's Requested Rates are Exorbitant............6

    C.  The Paralegal Rates Sought are Likewise Exorbitant Under any Analysis ........................8

    D.  Plaintiff's Requested Rates Should be Reduced to Reasonable Hourly Rates ...................8

    E.  An Across-the-Board Fee Reduction is Warranted to Address Irrelevant Time
Entries, Duplicative Effort and/or Overstaffing ...............................................................10

        1.  Entries Associated with the City Defendants..................................................................11

        2.  Prospective Entries .........................................................................................................14

        3.  Plaintiff's Total Fees Should be Further Reduced by 20% .............................................14

POINT III: A FEE ENHANCEMENT IS NOT WARRANTED .................................................15

POINT IV: THE COSTS SOUGHT ARE VAGUE AND UNSUPPORTED................................17

    A.  Certain Categories of Costs Should be Precluded Outright...............................................19

        1.  Trial Support Services.....................................................................................................19

        2.  WilmerHale's In-House Discovery Services...................................................................20

        3.  Miscellaneous and Vague Categories .............................................................................20

    B.  The Remaining Categories Should be Significantly Discounted ......................................21

        1.  Travel and Lodging Expenses .........................................................................................21

        2.  Printing, Service and Filing Fees ....................................................................................23

        3.  County's Proposed Revised Costs ...................................................................................23

POINT V:  PLAINTIFF'S REQUEST FOR PROSPECTIVE FEES AND COSTS IS
PREMATURE .........................................................................................................24

POINT VI.    RESERVATION OF RIGHTS AS TO THE COMPANION ACTION, *BOYD* ......24

CONCLUSION...........................................................................................................................25

**TABLE OF AUTHORITIES**

**CASES**                                                                                                    Page(s)

*Acharya v. Solanki*,
    2022 WL 1144696 (S.D.N.Y. Apr. 12, 2022)...............................................................................23

*In re Agent Orange Prod. Liab. Litig.*,
    818 F.2d 226 (2d Cir. 1987)...........................................................................................................15

*Amerisource Corp. v. Rx USA Int'l Inc.*,
    2010 WL 2160017 (E.D.N.Y. May 26, 2010)................................................................................19

*Anello v. Anderson*,
    191 F. Supp. 3d 262 (W.D.N.Y. 2016)..........................................................................................18

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of
    Elections*,
    522 F.3d 182 (2d Cir. 2008)........................................................................................................3, 5

*Bass v. Dellagicoma*,
    2013 WL 3336760 (2013)........................................................................................................15, 17

*Boyd v. County of Erie*,
    2022 No. 1:22-cv-00519 (W.D.N.Y. filed 2022)..........................................................................24

*C.D. v. Minisink Valley Cent. Sch. Dist.*,
    2018 WL 3769972 (S.D.N.Y. Aug. 9, 2018)...................................................................................6

*Carrero v. New York City Hous. Auth.*,
    685 F. Supp. 904 (S.D.N.Y. 1988)...............................................................................................21

*Casaccia v. City of Rochester*,
    2021 WL 4189707 (W.D.N.Y. Sept. 15, 2021) ...........................................................................6, 7

*Coolidge v. United States*,
    2021 WL 1206514 (W.D.N.Y. Mar. 31, 2021)...............................................................................18

*DIRECTV, LLC v. Wright*,
    2020 WL 289156 (W.D.N.Y. Jan. 21, 2020)...................................................................................8

*Endo Pharm. Inc. v. Amneal Pharm., LLC*,
    2019 No. 12-CV-08115; 2019 WL 2417386 (2019).....................................................................19

*Field v. Metro. Transportation Auth.*,
    2021 WL 22817 (S.D.N.Y. Jan. 4, 2021).........................................................................................4

*Figueroa v. KK Sub II, LLC,*
  2019 WL 1109864 (W.D.N.Y. 2019) ...................................................................................4

*Harris Tr. & Sav. Bank v. John Hancock Mut. Life Ins. Co.,*
  137 F. Supp. 2d 351 (S.D.N.Y. 2001) ...............................................................................21

*Hensley v. Eckerhart,*
  461 U.S. 424 (1983) ...........................................................................................................3

*Hill v. City of New York,*
  2021 WL 1062585 (S.D.N.Y. Mar. 18, 2021) .....................................................................4

*Jean-Louis v. City of New York,*
  342 F. Supp. 3d 436 (S.D.N.Y. 2018) .................................................................................4

*John v. Demaio,*
  2016 WL 7469862 (E.D.N.Y. Sept. 29, 2016) ..................................................................18

*Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt.,*
  2009 WL 5185808 (E.D.N.Y. Dec. 23, 2009) ...................................................................18

*Marisol A. ex rel. Forbes v. Giuliani,*
  111 F. Supp. 2d 381 (S.D.N.Y. 2000) ...............................................................................14

*Meeks v. City of Rochester,*
  2023 WL 3962828 (W.D.N.Y. June 12, 2023) .....................................................................5

*Mendez v. Radec Corp.,*
  907 F. Supp. 2d 353 (W.D.N.Y. 2012) ..............................................................................18

*Mhany Mgmt. Inc. v. Inc. Vill. of Garden City,*
  44 F. Supp. 3d 283 (E.D.N.Y. 2014) ...................................................................................2

*Millea v. Metro-North R.R. Co.,*
  658 F.3d 154 (2d Cir. 2011) ...............................................................................................3

*New York v. Grand River Enters. Six Nations, Ltd.,*
  2021 WL 4958653 (W.D.N.Y. Oct. 26, 2021) .....................................................................8

*Ortiz v. Stambach,*
  657 F. Supp. 3d 243 (W.D.N.Y. 2023) .................................................................................4

*Parks v. Saltsman,*
  2024 WL 4440994 (2024) ...........................................................................................6, 7, 8

*Parks v. Stevens*,
　　2023 WL 8446805 (2d Cir. Dec. 6, 2023) ........................................................................7

*Perdue v. Kenny A. ex rel. Winn*,
　　559 U.S. 542 (2010) ...............................................................................................2, 3, 15

*Ravina v. Columbia Univ.*,
　　2020 WL 1080780 (S.D.N.Y. Mar. 6, 2020) ...................................................................19

*Restivo v. Hessemann*,
　　846 F.3d 547 (2d Cir. 2017) ..........................................................................................2

*Robinson v N.Y.C. Transit Authority*,
　　2024 WL 4150818 (S.D.N.Y. 2024) ...............................................................................6

*Rosario v. City of New York*,
　　2023 WL 2908655 (S.D.N.Y. 2023) ................................................................ 6, 8, 19, 22

*Rotella v. Bd. of Educ. of City of New York*,
　　2002 WL 59106 (E.D.N.Y. Jan. 17, 2002) ....................................................................18

*Sevilla v. Nekasa Inc.*,
　　2017 WL 1185572 (S.D.N.Y. Mar. 30, 2017) ................................................................23

*Simmons v New York City Tr. Auth.*,
　　575 F.3d 170 (2d Cir. 2009) ..........................................................................................4

*Stanbro Palou Stanbro v. Westchester Cnty. Health Care Corp.*,
　　2024 WL 1214560 (S.D.N.Y. Mar. 21, 2024) ............................................................8, 22

*Tatum v. City of New York*,
　　2010 WL 334975 (S.D.N.Y. Jan. 28, 2010) ...................................................................23

*Torres v. City of New York*,
　　2020 WL 4883807 (S.D.N.Y. Aug. 20, 2020) ................................................................3

*U.S. Football League v. Nat'l Football League*,
　　887 F.2d 408 (2d Cir. 1989) .........................................................................................15

*Vilkhu v. City of New York*,
　　372 F. App'x 222 (2d Cir. 2010) .....................................................................................4

*Villegas v. Metro. Gov't of Davidson Cnty./Nashville-Davidson Cnty. Sheriff's Off.*,
　　2012 WL 4329235 (M.D. Tenn. Sept. 20, 2012) ............................................................15

*Warr v. Liberatore*,
    2022 WL 969528 (W.D.N.Y. Mar. 31, 2022).......................................................................4

*Weyant v. Okst*,
    198 F.3d 311 (2d Cir. 1999) ......................................................................................2

**FEDERAL RULES**

Fed. R. Civ. P. 59..........................................................................................................24

**PRELIMINARY STATEMENT**

Defendant County of Erie ("County") respectfully submits this memorandum of law: (1) in opposition to Plaintiff John Walker's ("Plaintiff") Application for Attorneys' Fees and Costs (Dkt. 387) (the "Fee Application") on the grounds: (i) the requested hourly rates and fees are excessive, particularly when considered cumulatively among Plaintiff's three law firms, (ii) a fee enhancement is unwarranted, (iii) the costs sought are vague, insufficiently supported and/or unrecoverable generally, (iv) the request for prospective fees and costs is premature; (2) in support of the County's cross-motion to stay resolution of Plaintiff's Fee Application pending the County's post-trial motions (Dkts. 383, 384) (the "County's Post-Trial Motions") because the latter may render the former moot and because Plaintiff's Fee Application otherwise seeks to recover fees associated with the County's Post-Trial Motions; and (3) for any such other and further relief the Court deems just and proper.

In short, for the reasons that follow, resolution of Plaintiff's Fee Application should be held in abeyance pending disposition of the County's Post-Trial Motions, and the County otherwise submits, the fees and costs requested in Plaintiff's Fee Application should be reduced from $5,461,176.56[1] and $388,890.16 to $2,231,826.72 and $94,142.52, respectively.

**ARGUMENT**

**POINT I:** **RESOLUTION OF PLAINTIFF'S FEE APPLICATION SHOULD BE STAYED PENDING THE COUNTY'S POST-TRIAL MOTIONS**

As a preliminary matter, further proceedings relative to Plaintiff's Fee Application should be stayed pending resolution of the County's pending Post-Trial Motions.

---

[1] While Plaintiff's Fee Application generally claims fees in this amount, an inconsistent figure is set forth at fn.23 of its memorandum in the amount of $5,519,103.06. (Dkt. 387 at n.23).

1

By way of brief background, in connection with meet and confer efforts preceding and relating, in part, to this filing, the County noted its position that the filing of its Post-Trial Motions suspended Plaintiff's fee application deadline, citing *Weyant v. Okst*, 198 F.3d 311, 315 (2d Cir. 1999) ("And because the finality of a judgment is negated by the timely filing of a motion under Rule 50(b), 52(b), or 59, we conclude that a Rule 54(d)(2)(B) motion is timely if filed no later than 14 days after the resolution of such a Rule 50(b), 52(b), or 59 motion."). While Plaintiff appeared to agree with that interpretation, he nevertheless moved forward with his Fee Application during the pendency of the County's Post-Trial Motions.

To avoid further burdens on the parties and the Court, and recognizing the County's Post-Trial Motions may moot or otherwise impact resolution of Plaintiff's Fee Application,[2] the County respectfully submits that further proceedings relative to Plaintiff's Fee Application should be stayed pending resolution of the County's Post-Trial Motions. *Cf. Mhany Mgmt. Inc. v. Inc. Vill. of Garden City*, 44 F.Supp.3d 283, 285–86 (E.D.N.Y. 2014) ("Under these circumstances, the Court finds that delaying resolution of [the P]laintiffs' request for attorneys' fees until [Garden City's] appeal on the merits has been decided is the more prudent course of action") (internal citation omitted; brackets in original).

**POINT II:    PLAINTIFF'S REQUESTED RATES AND FEES ARE EXCESSIVE**

"A 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). While a district court

---

[2] At a minimum, Plaintiff's Fee Application notes his intent to pursue fees associated with the County's Post-Trial Motions, and thus in the even the latter is unsuccessful, in whole or in part, incorporation and analysis of any such fees could be streamlined and considered collectively with the instant Fee Application.

retains discretion to determine what constitutes a reasonable fee, "this discretion is not unfettered." *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

"Both [the Second Circuit] and the Supreme Court have held that the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case — creates a 'presumptively reasonable fee.'" *Id.* The lodestar analysis is intended to "produce[ ] an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue*, 559 U.S. at 551 (citations omitted; emphasis in original). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Torres v. City of New York*, 2020 WL 4883807, at *2 (S.D.N.Y. Aug. 20, 2020) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "[T]he district court ... should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Torres*, 2020 WL 4883807, at *3 (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008)).

As established below, the hourly rates sought in Plaintiff's Fee Application are exorbitant under any analysis, and Plaintiff is otherwise not entitled to an across-the-board application of out-of-district rates for the entirety of his robust legal team spanning three law firms. Instead, that level of inflation and duplication of effort must be accounted for whether (i) by bringing the balance of Plaintiff's attorneys' rates in line with in-district rates, (ii) excluding certain of his attorneys' time altogether, and/or (iii) a reduction of the total hours compensable.

### A. *Global Application of Out-of-District Rates is Inappropriate*

Courts under the jurisdiction of the Second Circuit must follow the "forum rule" when assessing reasonable hourly rates, referencing "the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *See Simmons v. New York City Tr. Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotations omitted); *see also Vilkhu v. City of New York,* 372 F. App'x 222, 224 (2d Cir. 2010) (vacating and remanding decision to grant fees because the district court applied S.D.N.Y. rates to a case pending in E.D.N.Y.).

"In the Western District of New York, the prevailing hourly rate for an experienced attorney in a civil rights matter is typically no more than $300 per hour, while less experienced attorneys typically have rates of no more $200 per hour." *Ortiz v. Stambach*, 657 F.Supp.3d 243, 267 (W.D.N.Y. 2023); *see also Warr v. Liberatore*, 2022 WL 969528, at *5 (W.D.N.Y. Mar. 31, 2022) (requested rate of $350 per hour was unreasonably high and setting a rate of $275 per hour for an experienced attorney with over twenty-five years of experience in civil rights litigation); *Figueroa v. KK Sub II, LLC*, 2019 WL 1109864, *10 (W.D.N.Y. 2019) (setting hourly rates for experienced attorneys in this district between $250 and $300).

Here, Plaintiff seeks to recover at out-of-district rates for a team of nineteen (19) professionals at rates far beyond what would be reasonable even in the Southern District. *See, e.g.*, *Hill v. City of New York*, 2021 WL 1062585, at *4 (S.D.N.Y. Mar. 18, 2021) (concluding that reasonable attorney rates in successful § 1983 action were between $425 and $275 per hour depending on seniority); *Field v. Metro. Transportation Auth.*, 2021 WL 22817, at *2 (S.D.N.Y. Jan. 4, 2021) (reasonable rates for senior partner, junior partner, and senior associate in successful Section 1983 action were $500, $400, and $300 per hour, respectively); *Jean-Louis v. City of New York*, 342 F.Supp.3d 436, 442 (S.D.N.Y. 2018) (awarding rates ranging between $400 and $275

4

per hour to prevailing plaintiff's attorneys in Section 1983 action). Despite that bold ask, the authority cited in Plaintiff's Fee Application supports, at most, application of *reasonable* out-of-district rates for just one of Plaintiff's law firms, Rudin Law, attributable to Mr. Rudin's experience litigating Section 1983 cases. That WilmerHale seeks to align itself with that analysis simply because it is a large firm does not entitle it to command exorbitant, out-of-district rates.

Whatever the expertise of Mr. Rudin, there is no doubt that a "thrifty, hypothetical client" would balk at the rates commanded by his preferred co-counsel, WilmerHale, when tasked with selecting litigation generalists[3] to staff up a case venued in the Western District of New York. Indeed, the circumstances here are indistinguishable from *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, where the Second Circuit affirmed the district court's denial of out-of-district fees to Gibson Dunn, which had been brought onto the case as "muscle" in support of a subject-matter expert non-profit and local counsel in a Voting Rights Act case. 522 F.3d 182, 185 (2d Cir. 2008); *see also Meeks v. City of Rochester*, 2023 WL 3962828 (W.D.N.Y. June 12, 2023) (Wolford, C.J.) (finding out-of-district rates were not adequately justified, where "Plaintiff offers no details of any efforts he undertook to locate a local attorney" and "even if true, Plaintiff proffers no explanation as to why he was required to select a Manhattan law firm rather than a law firm located in other parts of New York State").

---

[3] Neither Mr. Firsenbaum nor Mr. Hanft's respective firm biographies indicate they are specialists in either trial practice or the area of wrongful conviction civil rights litigation. *See* Ross E. Firsenbaum, WILMERHALE (https://www.wilmerhale.com/en/people/ross-firsenbaum) (last accessed June 25, 2025); Gideon Hanft, WILMERHALE (https://www.wilmerhale.com/en/people/gideon-hanft (last accessed June 25, 2-25). Nor does Ms. Perio's biography with her current firm reflect any particular expertise in those practice areas. *See* Ryanne Perio, KOBRE & KIM, https://kobrekim.com/people/ryanne-e-perio (last accessed June 25, 2025).

To the extent the Court finds out-of-district rates at all applicable in this case, Plaintiff's attempt to obtain a global application of such an increase lacks support, and Plaintiff should instead be limited to recovering at an out-of-district rate for the subject matter litigation expert he has identified in his Fee Application as Mr. Rudin.

### B. An Out-of-District Analysis Confirms Plaintiff's Requested Rates are Exorbitant

To the extent the Court permits out-of-district rates for one or more of Plaintiff's attorneys, the rates Plaintiff seeks to apply are exorbitant under any analysis. The Court need not look beyond the authority cited by Plaintiff to reach this conclusion. (*See* Dkt. 387-1 p. 14 (citing *Parks v. Saltsman*, 2024 WL 4440994 (W.D.N.Y. Oct. 8, 2024) and[4] *Casaccia v. City of Rochester*, 2021 WL 4189707 (awarding requested out-of-district rates for lead Attorney Shields at a discounted rate of $475 per hour)); *id.* at 22 (citing *C.D. v. Minisink Valley Cent. Sch. Dist.*, 2018 WL 3769972 (S.D.N.Y. Aug. 9, 2018) (reducing reasonable attorneys fees in fee-shifting action to $400 for experienced education attorneys, $300 for associate, $125 for an experienced paralegal, and $100 for less qualified paralegal)) and as *id.* at 23 (citing *Rosario v. City of New York*, 2023 WL 2908655 at *6-7 (S.D.N.Y. 2023) *report and recommendation adopted as modified,* 2023 WL 2523624 (S.D.N.Y. Mar. 15, 2023) (collecting cases and refusing to award Attorney Brustin his requested rate of $900 per hour, despite his two decades of experience litigating wrongful conviction cases, and reducing his rate to $700 per hour)).

---

[4] Plaintiff's citation to *Robinson v N.Y.C. Transit Authority*, 2024 WL 4150818 at *11 (S.D.N.Y. 2024) to support his suggestion that a 56% discount from the standard rates of WilmerHale attorneys is reasonable since the partner from Faegre Drinker was awarded 56% of his rate is a red herring. Plaintiff fails to mention that the partner at Faegre Drinker's standard rate was $1,060 per hour, that he requested to be compensated at a rate of $700 on his fee application, and that the court reduced his rate even further, to $600 per hour. *Id.* ("I conclude that his requested rate of $700 per hour is still too high, and should be reduced to $600 per hour, which is reasonable and in line with recent awards in this district.")

Less than a year ago, Judge Geraci of the Western District of New York evaluated a fee application in *Parks v. Saltsman*, 2024 WL 4440994, a Section 1983 case brought by the mother of a developmentally disabled woman who died while in the care of New York's Office for People with Developmental Disabilities. *See generally Parks v. Stevens*, 2023 WL 8446805, *1 (2d Cir. Dec. 6, 2023). While the Court ultimately applied out-of-district rates, which is the proposition Plaintiff cites it to support, Judge Geraci determined the rates sought, including $900 for the lead attorney, $800 for another partner, and between $450 and $700 for several other of plaintiff's attorneys with varying degrees of seniority, were excessive. *Parks*, 2024 WL 4440994 at *3. Accordingly, Judge Geraci reduced the requested rates to $650 for the lead attorney, $600 for the other partner, and rates between $500 and $300 for the other attorneys. *Id.* at *5.

*Casaccia v. City of Rochester*, 2021 WL 4189707, at *4–5 (W.D.N.Y. Sept. 15, 2021) is also instructive. There, Judge Pederson of the Western District of New York found out-of-district rates warranted in civil rights *Monell* matter, awarding lead attorney Elliot Shields his requested discounted rate of $475 per hour. *See id.* ("The Court Finds that retention of an out-of-district attorney for this case is reasonable, as is Mr. Shields's discounted hourly rate of $475.00."). Notably, however, and equally applicable here, "in view of Mr. Shields' experience, the Court determine[d] that the involvement of other counsel and consultation by Mr. Shields with other counsel was unnecessary" and consequently excluded "certain entries where he consulted with other partners in his firm over review of emails or pleadings."

The out-of-district rates applied in *Parks* and *Casaccia* supply the appropriate benchmarks in the event the Court decides to apply out-of-district rates in this case, and *Casaccia* otherwise supports the County's position that commanding out-of-district rates for multiple attorneys, much

7

less from multiple law firms, is inappropriate.  Indeed, *Casaccia* supports writing off redundant time altogether, where, as here, an attorney holds himself as the subject matter expert.

### C.  *The Paralegal Rates Sought are Likewise Exorbitant Under any Analysis*

Similarly excessive are the rates sought for paralegal services, under either an in-district or out-of-district analysis. Courts in this District generally approve rates between $100 and $120 per hour. *See New York v. Grand River Enters. Six Nations, Ltd.*, 2021 WL 4958653, at *4 (W.D.N.Y. Oct. 26, 2021) ($100/hour reasonable rate for paralegals in this district); *accord DIRECTV, LLC v. Wright*, 2020 WL 289156, at *2 (W.D.N.Y. Jan. 21, 2020). "Courts in [the] [Southern District] typically award paralegal rates in the range of $100-150 per hour."  *Rosario*, 2023 WL 2908655, at *6-7 (reducing requested paralegal rate from $200 to $175 per hour); *Stanbro Palou Stanbro v. Westchester Cnty. Health Care Corp.*, 2024 WL 1214560, at *5 (S.D.N.Y. Mar. 21, 2024) (awarding highly skilled paralegal $150 per hour and "lower rate of $100-per-hour" for other paralegals and assistants); *see also Parks*, 2024 WL 4440994 at *5 (applying out of district paralegal rate of $150).

Consequently, the County submits the paralegal rate should not exceed $100 per hour applying in-district rates, or $125 per hour if the Court finds out-of-district rates warranted.

### D.  *Plaintiff's Requested Rates Should be Reduced to Reasonable Hourly Rates*

Consistent with the foregoing, the County respectfully submits that the following revised rates should apply, identified below in the column titled "County's Proposed Rate" resulting in a reduced fee amount for each firm, calculated in the final row of each of the charts below.

| Law Offices of Joel Rudin Attorney Rates and Hours[5] | | | | | |
|---|---|---|---|---|---|
| Professional | Title | Plaintiff's Requested Rate | County's Proposed Rate | Total Hours | County's Adjusted Fee Calculation |
| Joel B. Rudin | Partner | $950 | $650 | 1,237.2 | $804,180 |
| David Rudin | Associate | $525 | $400 | 1,051.69 | $420,676 |
| Patha Sharma | Associate | $375 | $375 | 555.03 | $208,136.25 |
| Siduri Beckman | Paralegal | $200 | $125 | 152.09 | $19,011.25 |
| Thelo Coleman | Paralegal | $200 | $125 | 616.55 | $77,068.75 |
| Amariah Thurston | Paralegal | $200 | $125 | 333.41 | $41,676.25 |
| | | | | | $1,570,748.50 |

| WilmerHale Attorney Rates and Hours | | | | | |
|---|---|---|---|---|---|
| Professional | Title | Plaintiff's Requested Rate | County's Proposed Rate | Total Hours | County's Adjusted Fee Calculation |
| Ross E. Firsenbaum | Partner | $1,008 | $300 | 562.11 | $168,633 |
| Ryanne E. Perio | Counsel | $850 | $275 | 807.37 | $222,027 |
| Gideon A. Hanft | Counsel | $784 | $250 | 956.91 | $239,228 |
| Erin Hughes | Senior Associate | $677.60 | $250 | 480.57 | $120,142.50 |
| Phoebe Silos | Senior Associate | $677.60 | $250 | 436.97 | $109,242.50 |
| Trena M. Riley | Senior Associate | $677.60 | $250 | 251.61 | $62,902.50 |
| Zulkifl M. Zargar | Senior Associate | $677.60 | $250 | 35.3 | $8,825 |
| Melissa Zubizarreta | Associate | $677.60 | $200 | 287.37 | $57,474 |
| Walker Schneider | Associate | $546 | $200 | 15.75 | $3,150 |

---

[5] Plaintiff's Fee Application does not appear to provide a sum of the total hours submitted by each timekeeper of the Law Offices of Joel Rudin, instead offering the total number "billed", the purported value of that effort, and a reduced requested fee amount after certain deductions. For purposes of this opposition, the County divided the column "Amount Sought by the County" by the "Hourly Rate" column for each timekeeper identified in Dkt. 387-1 to determine the number set forth above in the "Total Hours" column.

| | | | | | |
|---|---|---|---|---|---|
| Stan Maderich | Senior Paralegal | $448 | $100 | 3.87 | $387 |
| Zane Stucker | Senior Paralegal | $439.60 | $100 | 39.38 | $3,938 |
| | | | | | **$995,948.50** |

| Hoover Durland Attorney Rates and Hours | | | | | |
|---|---|---|---|---|---|
| **Professional** | **Title** | **Plaintiff's Requested Rate** | **County's Proposed Rate** | **Total Hours** | **County's Adjusted Fee Calculation** |
| Spencer Durland | Counsel | $390 | $300 | 730.778 | $219,233.40 |
| Timothy Hoover | Counsel | $420 | $275 | 14.01 | $3,852.75 |
| | | | | | **$223,086.15** |

Application of the foregoing hourly rates, consisting of out-of-district rates to no more than one of Plaintiff's three law firms (the Law Offices of Joel Rudin) and applying the upper limit of in-district rates to the lead counsel associated with Plaintiff's two other law firms (Mr. Firsenbaum and Mr. Durland), and generous in-district rates for others associated with those firms, reduce the amount of Plaintiff's requested fees from $5,461,176.56 to $2,789,783.40.

### E. An Across-the-Board Fee Reduction is Warranted to Address Irrelevant Time Entries, Duplicative Effort and/or Overstaffing

Finally, the County submits an across-the-board fee reduction is warranted to account for entries reflective of work attributable to the City Defendants, time associated with prospective issues and generally redundant staffing. Relative to this latter point, while Mr. Firsenbaum makes vague references to certain self-editing he states to have made to account for excessive time and/or duplicative effort with respect to the time spent by *his* firm, it does not appear Plaintiff made any effort to complete that exercise collectively relative to the time spent by his three (3) law firms. The County respectfully submits that Plaintiff's request to recover time associated with 14 attorneys and 5 paralegals, *i.e.* nearly 20 professionals spanning three law firms, is unreasonable

10

and redundant on its face. That reality is only magnified by the level of coordination and duplicative effort necessarily implicit in working across various law firms and attorneys of various specialties and geographic practice areas and demonstrated by the various entries documenting conferrals among Plaintiff's various attorneys.

As a result, the County seeks an across-the-board reduction of hours of twenty percent (20%) to account for this inherent overlap, and other factors that warrant such a reduction, as demonstrated below.

    1.  *Entries Associated with the City Defendants*

Despite that Mr. Firsenbaum suggests his firm wrote off time "if the work was clearly attributable to only Mr. Walker's case against one or more of the City Defendants" (Dkt. 387-2 at ¶ 258), various entries from timekeepers of WilmerHale and the Law Offices of Joel Rudin are associated with work clearly relating Plaintiff's claim against the City Defendants. A sample of entries illustrative of this point are copied below, though it is by no means exhaustive.

| 11/13/2022 | Perio, Ryanne E. | 2.4 | 0.92 | Edit discovery deficiency letter to City defendants |
|---|---|---|---|---|
| 11/14/2022 | Firsenbaum, Ross E. | 1.4 | 0.54 | Edit draft deficiency letter to City |
| 11/14/2022 | Hanft, Gideon A. | 0.7 | 0.27 | Research case law re discovery issues identified in draft deficiency letters |
| 11/14/2022 | Hanft, Gideon A. | 0.8 | 0.31 | Revise and finalize draft deficiency letter to City Defendants and communicate re transmittal with J. Rudin |
| 11/14/2022 | Hanft, Gideon A. | 1.3 | 0.50 | Edit draft deficiency letter to City Defendants with R. Perio, R. Firsenbaum, and T. Riley |

(Dkt. 387-5 at p. 40).

| 11/28/2022 | Hanft, Gideon A. | 1.2 | 0.46 | Lead meet and confer call with E. Hughes, P. Silos, J. Rudin, and S. Durland with H. Russ and P. Sahasrabudhe re production deficiencies |
| 11/28/2022 | Hanft, Gideon A. | 1.5 | 0.57 | Prepare talking points re meet and confer with Buffalo City Defendants counsel |
| 11/28/2022 | Hughes, Erin | 1.1 | 0.42 | Meet and confer with City re document requests, call with internal team following meet and confer |
| 11/28/2022 | Hughes, Erin | 0.4 | 0.15 | Revise talking points for meet and confer with City |
| 11/28/2022 | Hughes, Erin | 1.1 | 0.42 | Draft demand letters |
| 11/28/2022 | Perio, Ryanne E. | 1.2 | 0.46 | Attend meet and confer with City defendants |
| 11/28/2022 | Riley, Trena M. | 1.2 | 0.46 | Attend meet and confer |
| 11/28/2022 | Silos, Phoebe | 1.2 | 0.46 | Attend meet and confer with City Defendants |
| 11/28/2022 | Zubizarreta, Melissa | 1.2 | 0.46 | Meet and confer with city defendants re interrogatory and request for production responses |
| 11/28/2022 | Zubizarreta, Melissa | 0.7 | 0.27 | Review City Defendants' response to deficiency letter |
| 11/28/2022 | Zubizarreta, Melissa | 1.7 | 0.65 | Draft summary of meet and confer with city defendants re discovery responses |
| 11/29/2022 | Firsenbaum, Ross E. | 0.8 | 0.31 | Edit draft letter to City documenting meet and confer |
| 11/29/2022 | Firsenbaum, Ross E. | 0.2 | 0.08 | Email correspondence with WH team re: meet and confer with City |

(*Id.* at p. 41).

| 12/15/2022 | Hanft, Gideon A. | 0.6 | 0.23 | Lead meet-and-confer with counsel for City of Buffalo and follow-up discussion with R. Perio re same |
| 12/15/2022 | Hanft, Gideon A. | 1.0 | 0.38 | Finalize edits to amended complaint and communications with R. Firsenbaum and Rudin Law Firm re same |
| 12/15/2022 | Hughes, Erin | 0.4 | 0.15 | Participate in meet and confer with City re discovery requests |
| 12/15/2022 | Hughes, Erin | 0.8 | 0.31 | Revise letter to City re memorializing meet and confer |
| 12/15/2022 | Perio, Ryanne E. | 0.9 | 0.34 | Attend meet and confer with City defendants and debrief with G. Hanft |
| 12/15/2022 | Riley, Trena M. | 1.5 | 0.57 | Meet and Confer with City Counsel to discuss interrogatories and requests for documents and draft letter to city memorializing meeting |
| 12/16/2022 | Hanft, Gideon A. | 0.9 | 0.34 | Review and edit draft letter memorializing meet and confer with City of Buffalo |
| 12/17/2022 | Firsenbaum, Ross E. | 0.8 | 0.31 | Edit draft deficiency letter to City |
| 12/17/2022 | Hanft, Gideon A. | 0.7 | 0.27 | Revise meet and confer letter from T. Riley re comments from R. Firsenbaum |
| 12/17/2022 | Riley, Trena M. | 0.7 | 0.27 | Edit draft letter to city memorializing meeting |
| 12/19/2022 | Firsenbaum, Ross E. | 1.6 | 0.61 | Edit draft motion to amend Complaint |
| 12/19/2022 | Firsenbaum, Ross E. | 0.2 | 0.08 | Edit draft deficiency letter to City |
| 12/19/2022 | Hanft, Gideon A. | 1.2 | 0.46 | Finalize letter to City re meet-and-confer of December 15 and communications re same |

(*Id.* at 43).

| 6/7/2023 | Firsenbaum, Ross E. | 0.5 | 0.19 | Edit draft demand letter to City defendants |
| 6/7/2023 | Hanft, Gideon A. | 2.3 | 0.88 | Draft demand letter to City |

(*Id.* at p. 59).

| 11/7/2022 | 2.2 | $950 | Review and analyze City's discovery response | JBR | Non-Travel | 100% | 85% | 50% | $888.25 |
|---|---|---|---|---|---|---|---|---|---|
| 11/8/2022 | 8.9 | $950 | Preparation of deficiency letter for city defendants | JBR | Non-Travel | 100% | 85% | 50% | $3,593.38 |

(Dkt. 387-10 at p. 17).

| 11/9/2022 | 2.5 | $950 | Finish deficiency letter to City, emails to cocounsel | JBR | Non-Travel | 100% | 85% | 50% | $1,009.38 |
|---|---|---|---|---|---|---|---|---|---|
| 11/10/2022 | 0.4 | $950 | Emails discussing discovery issues and setting up call with City's attonrey | JBR | Non-Travel | 100% | 85% | 50% | $161.50 |

(*Id.*).

| 11/28/2022 | 1.3 | $950 | Conferral with City attorneys | JBR | Non-Travel | 100% | 85% | 50% | $524.88 |
|---|---|---|---|---|---|---|---|---|---|
| 11/28/2022 | 1 | $950 | Conference call with cocounsel to discuss upcominng discovery conferral with City | JBR | Non-Travel | 100% | 85% | 50% | $403.75 |

(*Id.* at p. 18).

| 5/22/2024 | 3.2 | $950 | Continue to review deposition digests relevant to City Monell claim; email David, WH about same | JBR | Non-Travel | 100% | 85% | 50% | $1,292.00 |
|---|---|---|---|---|---|---|---|---|---|
| 5/22/2024 | 2.7 | $950 | Review deposition digests related to David's draft 56.1 concerning City liability under Monell | JBR | Non-Travel | 100% | 85% | 50% | $1,090.13 |

(*Id.* at p. 63).

| 5/7/2024 | 0.2 | $525 | Research case law on admissibility of statement by BPD detectives against City | DR | Non-Travel | 100% | 85% | 50% | $44.63 |
|---|---|---|---|---|---|---|---|---|---|
| 5/8/2024 | 4.2 | $525 | Draft Rule 56.1 statement on City Monell claim | DR | Non-Travel | 100% | 85% | 50% | $937.13 |
| 5/8/2024 | 0.9 | $525 | Review edits to draft mediation statement and research case law to add case citations | DR | Non-Travel | 100% | 85% | 50% | $200.81 |
| 5/9/2024 | 3 | $525 | Draft Rule 56.1 statement section on City Monell claim | DR | Non-Travel | 100% | 85% | 50% | $669.38 |
| 5/10/2024 | 2.8 | $525 | Draft Rule 56.1 statement re City Monell claim | DR | Non-Travel | 100% | 85% | 50% | $624.75 |
| 5/10/2024 | 0.8 | $525 | Review State Commission report on BPD for use in Rule 56.1 statement re City Monell claim | DR | Non-Travel | 100% | 85% | 50% | $178.50 |

(Dkt. 387-11 at p. 120).

| 5/13/2024 | 1.5 | $525 | Draft Rule 56.1 statement on City Monell claim | DR | Non-Travel | 100% | 85% | 50% | $334.69 |
|---|---|---|---|---|---|---|---|---|---|
| 5/14/2024 | 5.2 | $525 | Draft Rule 56.1 statement re City Monell claim | DR | Non-Travel | 100% | 85% | 50% | $1,160.25 |
| 5/15/2024 | 4.1 | $525 | Draft Rule 56.1 statement re City Monell claim | DR | Non-Travel | 100% | 85% | 50% | $914.81 |
| 5/15/2024 | 0.5 | $525 | Call with J. Rudin re 56.1 statement for City Monell claim and use of ▮▮▮ court decisions | DR | Non-Travel | 100% | 85% | 50% | $111.56 |

(*Id.*).

13

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 5/21/2024 | 1.6 | $525 | Confer with P. Sharma, J. Rudin, and S. Durland re Brady Monell claim against City and Brady, evidence fabrication, and malicious prosecution claims against individual police defendants | DR | Non-Travel | 100% | 85% | 50% | $357.00 |
| 5/21/2024 | 0.9 | $525 | Review Montondo deposition digest for use in Rule 56.1 statement section supporting City Monell claim | DR | Non-Travel | 100% | 85% | 50% | $200.81 |
| 5/21/2024 | 0.3 | $525 | Email J. Rudin re revisions to Rule 56.1 statement on City Monell claim | DR | Non-Travel | 100% | 85% | 50% | $66.94 |
| 5/21/2024 | 0.2 | $525 | Email J. Rudin re preparing filing dropping Brady and Russo claims against the individual police defendants | DR | Non-Travel | 100% | 85% | 50% | $44.63 |
| 5/22/2024 | 4.5 | $525 | Revise Rule 56.1 statement section on City Monell claim | DR | Non-Travel | 100% | 85% | 50% | $1,004.06 |
| 5/22/2024 | 1.3 | $525 | Review detectives' testimony at Huntley hearing for use in Rule 56.1 statement on City Monell claim | DR | Non-Travel | 100% | 85% | 50% | $290.06 |
| 5/22/2024 | 0.4 | $525 | Review James McLeod deposition digest for use in Rule 56.1 statement on City Monell claim | DR | Non-Travel | 100% | 85% | 50% | $89.25 |
| 5/22/2024 | 0.2 | $525 | Confer with J. Rudin re revisions to City Monell Rule 56.1 statement | DR | Non-Travel | 100% | 85% | 50% | $44.63 |

(*Id.* at p. 122).

2. *Prospective Entries*

Additionally, other entries submitted by Mr. Rudin are not yet ripe for adjudication, such as time spent to "[r]eview trial transcript for appellate issues." (*See* Dkt. 387-10 at p. 98). These entries, which amount to 20.3 hours or a requested value of $19,285, should be written off as vague and premature, particularly since Plaintiff's Fee Application independently notes its reservation to submit supplemental application(s) associated with any time spent on any potential appeal, and otherwise support the County's request for an overall reduction.

3. *Plaintiff's Total Fees Should be Further Reduced by 20%*

In light of the foregoing, the County submits, that after application of *reasonable* hourly rates, as set forth above in Point II(B), an overall further reduction of twenty percent (20%) is warranted to account for the redundant, excessive and/or improper entries summarized above. *See Marisol A. ex rel. Forbes v. Giuliani*, 111 F.Supp.2d 381 (S.D.N.Y. 2000) (finding reduction warranted and "rather than reducing a certain number of unreasonably billed hours, the Court will

14

make an across-the-board percentage cut in plaintiffs' fee award as is necessary and appropriate") (citing *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) (stating that "in cases in which substantial numbers of voluminous fee petitions are filed, the district court has the authority to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application'"); *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 415 (2d Cir. 1989) (approving a percentage reduction of total fee award to account for vagueness in documentation of certain time entries)).

An across-the-board 20% reduction would reduce Plaintiff's fees by an additional $557,956.68, to a revised total fee award of $2,231,826.72.

## POINT III:    A FEE ENHANCEMENT IS NOT WARRANTED

By way of a single paragraph, Plaintiff vaguely contends he is entitled to the extraordinary remedy of a global fifteen percent (15%) fee enhancement. (*See* Doc. 387-1 p. 22-23). Aside from acknowledging that the circumstances for fee enhancement are "reserved for those 'extraordinary circumstances in which superior attorney performance is not adequately taken into account in the lodestar calculation'" (*see id.* (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010)), Plaintiff fails to allege, much less establish, the present case meets that threshold.

A fee applicant bears the burden of proving that an enhancement is necessary and must produce specific evidence that supports the award. *Perdue*, 559 U.S. at 553. Plaintiff's conclusory contention that the fact he received "a resounding victory" and his passing reference to two unreported, highly distinguishable out-of-circuit decisions that he claims "directly mirror" this case fail to meet that burden. To the contrary, *Bass v. Dellagicoma*, 2013 WL 3336760 (D.N.J. June 28, 2013) and *Villegas v. Metro. Gov't of Davidson Cnty./Nashville-Davidson Cnty. Sheriff's Off.*, 2012 WL 4329235 (M.D. Tenn. Sept. 20, 2012) are distinguishable in several respects.

15

First, the hourly rates in *Bass* ($500 to $250) and *Villegas* ($535 to $200) starkly contrast those at issue on this Fee Application. Here, Plaintiff's counsel reports standard attorney billing rates ranging from $1,800 to $390 per hour (*see* Firsenbaum Dec., Doc. 381-2; Rudin Dec., Doc. 387-7; Durland Dec., Doc. 387-19), and seeks to recover at rates ranging from $1,008 to $375 per hour. Whether analyzing the rate reductions suggested by WilmerHale and Rudin Law, or even those urged by the County in the range of $650 to $200 per hour, as set forth in the preceding section, the respective billing rates for this case far surpass those at issue in *Bass* and *Villegas*.

Second, the total fee recovery requested by Plaintiff *before enhancement* ($5,461,176.56) vastly surpasses the totals awarded in *Bass* ($360,901.62) and *Villegas* ($1,102,548.50) even *after* the application of fee enhancement. In fact, here, a fifteen percent enhancement ($819,176.484) alone would almost reach the total enhanced awards in both those cases.

Third, the fee enhancements awarded in *Villegas* were based upon the "highly controversial" nature of the case and that "counsel represented an unpopular client with controversial claims" *Villegas supra* at 15. No such circumstances can be credibly argued here, and Plaintiff's suggestion that these cases "directly mirror" those here strains credulity. Plaintiff's case against the County was accompanied by considerable public support and was preceded by over two decades of advocacy by different lawyers. Regional news outlets covered the verdict for Plaintiff in a notably positive light.[6] The day the verdict was read, Plaintiff also gave a television interview with a local news outlet in Buffalo, New York about the verdict.

---

[6] *See, e.g.*, Katie Skoog, *'I feel vindicated': Member of 'Buffalo Five' awarded $28M by jury after wrongful conviction*, WIVB (April 8, 2025) https://www.wivb.com/news/local-news/buffalo/i-feel-vindicated-member-of-buffalo-five-awarded-28m-by-jury-after-wrongful-conviction/; *Jury awards John Walker Jr. $28M for wrongful conviction*, WGRZ (April 8, 2025) https://www.wgrz.com/article/news/crime/jury-awards-28m-to-buffalo-5-member/71-a47bd798-e8d2-4221-9075-71d2d3d1562a; Gary Craig, *Wrongly convicted man awarded $28M after civil trial in Rochester*, (April 9, 2025)

16

Fourth, both cases alleged minimal concrete injuries, entirely distinct from the wrongful conviction context, leading the *Bass* court, which involved a plaintiff with a $40,000 compensable injury, to conclude "[t]o say that the extraordinary effort displayed by plaintiff's counsel should not be acknowledged and rewarded beyond the lodestar is to thin out the ranks of an already narrow field of lawyers interested in representing such plaintiffs. *See Bass*, 2013 WL 3336760, at *12. Wrongful conviction cases, as evidenced by the multi-million dollar verdict reached in this case, are extremely lucrative relative to these more symbolic representations, and Plaintiff's reliance on these cases involving factually dissimilar harms is again entirely misplaced.

In sum, far from mirroring the facts and circumstances of this case, *Bass* and *Villegas* instead confirm a fee enhancement would be entirely inappropriate, and that the lodestar analysis remains the appropriate framework. Indeed, Plaintiff's self-imposed reductions contradict the concept of the need for a fee enhancement and would render that exercise entirely hollow. Plaintiff's attempt to give off the appearance of reasonableness through a reduced application while simultaneously attempting to claw back a significant amount of those omitted and/or reduced fees under the guise of a fee enhancement should be rejected outright.

In sum, Plaintiff has entirely failed to allege, let alone demonstrate, that the lodestar calculation falls short in this case, and his vague request for a fee enhancement should be denied.

**POINT IV:    THE COSTS SOUGHT ARE VAGUE AND UNSUPPORTED**

In addition to his claim for attorneys' fees, Plaintiff also seeks $388,890.16 for costs and expenses.[7]  Fatally, Plaintiff fails to submit any supporting documentation to support this ask,

---

https://www.democratandchronicle.com/story/news/2025/04/09/john-walker-jr-awarded-28m-after-wrongful-conviction-buffalo-new-york/83002812007/.

[7] This figure includes costs sought by the Law Offices of Joel Rudin in the amount of $217,748.64 and by Wilmer Hale in the amount of $171,141.52.

17

beyond self-generated two-column charts, containing vague descriptions, *i.e.* "Professional Fees", and listing the amount requested. (Dkt. 387-6, 387-9) (collectively, "Plaintiff's Costs Charts").

Plaintiff's Costs Charts contain little to no information save for the general category of costs/services and the amount he claims to have incurred. The vague nature renders any substantive analysis generally impossible, and they are otherwise insufficiently detailed to overcome Plaintiff's failure to support his Fee Application with invoices or other supporting documentation.

Importantly, "[a] party is not entitled to recover costs when its application fails to provide substantiation for the costs sought." *Anello v. Anderson*, 191 F.Supp.3d 262, 285 (W.D.N.Y. 2016). As a result, Plaintiff's request to recover costs should be denied outright. *See Coolidge v. United States*, 2021 WL 1206514, *16 (W.D.N.Y. Mar. 31, 2021) (party seeking to recover costs bears the burden of adequately documenting and itemizing the costs requested); *Mendez v. Radec Corp.*, 907 F.Supp.2d 353 (W.D.N.Y. 2012) (denying costs that were "not adequately explained through Plaintiffs' submission"); *John v. Demaio*, 2016 WL 7469862, at *12 (E.D.N.Y. Sept. 29, 2016), *report and recommendation adopted,* 2016 WL 7410656 (E.D.N.Y. Dec. 22, 2016) (reminding the "party moving for costs bears the burden of demonstrating the reasonableness of each charge; failure to provide adequate documentation of costs incurred will limit, or even defeat, recovery") (citing *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt.*, 2009 WL 5185808 at *9-10 (E.D.N.Y. Dec. 23, 2009) (reducing award of costs where certain costs were not properly documented); *Rotella v. Bd. of Educ. of City of New York*, 2002 WL 59106 at *5 (E.D.N.Y. Jan. 17, 2002) (declining to award costs which would ordinarily be recoverable under § 1988 because of plaintiff's failure to support demands with adequate documentation).

To the extent the Court excuses the lack of documentary evidence supporting Plaintiff's Costs Charts for one or more of the categories set forth therein, recovery of at least certain are

18

barred regardless of the sufficiency of his Fee Application and the insufficiency of the balance of the categories otherwise requires, at a minimum, a discount from the amount sought.[8] These categories are discussed more fully below, and support reducing Plaintiff's costs, if the Court permits recovery in the absence of sufficient proof, to no more than $94,142.52.

### A. *Certain Categories of Costs Should be Precluded Outright*

Setting aside that Plaintiff's Fee Application seeks costs for which no documentary support was provided, certain categories are palpably improper, barring recovery even had Plaintiff properly supported his application. As a result, the costs associated with the categories below, seeking a total of $162,097.11 for costs associated with premium/trial support services and miscellaneous expenses should be excluded outright.

### 1. *Trial Support Services*

Trial support services are generally considered "premium services" and "are not generally awarded as a matter of course." *Rosario*, 2023 WL 2908655, at *14 (citing *Ravina v. Columbia Univ.*, 2020 WL 1080780, at *14 )(citing *Endo Pharm. Inc. v. Amneal Pharm., LLC*, No. 12-CV-08115 (JPO), 2019 WL 2417386, at *5)(S.D.N.Y. June 10, 2019) ("[E]ven though a prevailing party's decision to fork out hundreds of thousands of dollars to consultants to develop a compelling visual trial narrative through the creation of purpose-made illustrations and animations will obviously help that party to present its case effectively, it does not follow that the losing party should bear such costs as a matter of course."); *Amerisource Corp. v. Rx USA Int'l Inc.*, 2010 WL 2160017, at *15 (E.D.N.Y. May 26, 2010) (expenditure of $96,209.52 on [litigation consulting]

---

[8] Beyond its global objection to the lack of documentary support, the County deems the costs set forth in Dkt. 387-9 associated with transcripts ($24,269.78), deposition costs ($16,635.58), mediation fees ($996.63), payment to defense expert Kevin Gagan ($2,082.50) reasonable and does not contest that with supporting documentation, these costs may be recoverable.

services such as jury focus group was unnecessary and non-compensable because it "would be unreasonable to hold [defendant] accountable for such premium services, which far exceed the standard litigation expenses of the average reasonable litigant")).

Plaintiff's submission provides no analysis suggesting why he should be entitled to recover for such premium services, nor does he divulge the hours, rates or any relevant factors to evaluate the costs sought. As a result, Plaintiff's requests to recover costs associated with the following premium services in the amount of $138,014.51,[9] should be excluded:

- *Equipment Rental: $14,354.15 (Dkt. 387-6)*
- *Professional Fees: $45,007.54 (Dkt. 387-6)*
- *Impact Trial Consulting – trial audio visual presentation specialist: $9,017.82 (Dkt. 387-9)*
- *Magna Legal Services – jury consultant: $69,635.00 (Dkt. 387-9).*

2. *WilmerHale's In-House Discovery Services*

Costs incurred for utilizing WilmerHale's in-house "Discovery Systems Data Hosting", "Data Load" and "Data Restoration," should be denied as an overhead expense and/or as a premium service, particularly because Plaintiff has not cited any authority to support such recovery. As a result, the final three (3) line items in Dkt. 387-6, amounting to a total cost of $10,303.54 should be excluded as unrecoverable.

3. *Miscellaneous and Vague Categories*

Finally, the following categories are too broad to suggest they should be passed onto the County, and therefore must be excluded:

- *Court Services: $1,787.33 (Dkt. 387-6)*
- *Supplies: $1,680.82[10] (Dkt. 387-6)*
- *Fees for obtaining records: $4,955.68 (Dkt. 387-9)*

---

[9] Plaintiff's reference to "Equipment Rental" and "Professional Fees" is otherwise impermissibly vague and otherwise subject to exclusion for the reason cited in Point III(A)(d) below.

[10] Presumably, whatever this refers to is otherwise subject to exclusion on the grounds it constitutes an overhead expense.

- *Legal fees to Hoover & Durland: $4,730.25 (Dkt. 387-9)*
- *Miscellaneous: $624.98 (Dkt. 387-9)*

*See Carrero v. New York City Hous. Auth.*, 685 F.Supp. 904, 909–10 (S.D.N.Y. 1988) *modified on other grounds,* 890 F.2d 569 (2d Cir. 1989) (disallowing award of expenses due to the broad categories not allowing inquiry into their reasonableness); *Harris Tr. & Sav. Bank v. John Hancock Mut. Life Ins. Co.*, 137 F.Supp.2d 351, 359 (S.D.N.Y. 2001), *rev'd on other grounds*, 302 F.3d 18 (2d Cir. 2002) (refusing to award almost $500,000 in costs only classified as " Outside Professional Services" and "Other," since they did not permit an inquiry into the reasonableness of the costs). The foregoing collectively total $13,779.06 and because no justification supports recovery of these costs, they should likewise be excluded.

**B. *The Remaining Categories Should be Significantly Discounted***

Reserving that Plaintiff's failure to support his Fee Application with documentation precludes his recovery, to the extent the Court nevertheless permits recovery of any categories set forth in Plaintiff's Costs Charts, at a minimum, the Court should apply discounts to account for that deficiency and/or the excessive nature of the costs requested.

*1. Travel and Lodging Expenses*

Plaintiff's attempt to recover more than $150,000 in meals and travel expenses should be rejected as excessive, and at a minimum, reduced by 75%, particularly in the absence of any supporting documentation, and that Plaintiff has failed to establish it was necessary to retain two separate out-of-district firms, thus rendering the balance of his associated travel expenses unnecessary and generally excessive.

Plaintiff seeks to recover $91,188.49 associated with travel, meal and lodging expenses incurred by WilmerHale, based on the following line items:

- *Travel: $18,674.87*

21

- *Out of Town Lodging: $60,452.61*
- *Meals-Out of Town: $10,412.43*
- *Meal Meeting Expense: $698.00*
- *Local Transportation: $950.58*

(Dkt. 387-6). Plaintiff additionally seeks to recover $63,592.86 for similar expenses claimed to have been expended by the Law Offices of Joel B. Rudin, including:

- *Flights: $11,992.81*
- *Hotel Stays: $43,148.54*
- *Meals during out-of-town travel/trial: $5,817.61*
- *Taxis/rideshares: $2,549.01*
- *Other travel expenses: $84.89*

(Dkt. 387-9).

Given the lack of detail and the County's inability to assess the reasonableness of these expenses in any meaningful way, the County respectfully seeks a reduction of at least 75% ($116,086.01), reducing the amount requested from $154,781.35 to $38,695.34. To the extent Plaintiff seeks to recover for travel and lodging expenses relative to some combination of the eleven (11) professionals from WilmerHale, and the six (6) associated with the Law Offices of Joel Rudin, identified in his Fee Application, that number is excessive, Plaintiff has not established their attendance was necessary, particularly throughout the entirety of the trial, and Plaintiff's Fee Application is otherwise insufficiently detailed to substantiate or analyze these expenses.

In light of the foregoing, the travel and lodging expenses sought are insufficiently supported and otherwise excessive, warranting a reduction to the extent the Court deems them recoverable at all. *See Rosario*, 2023 WL 2908655, at \*14 (finding plaintiff's "summary format makes it difficult to assess reasonableness" and recommending reduction of travel expenses to account for the same); *see also Stanbro Palou Stanbro v. Westchester Cnty. Health Care Corp.*, 2024 WL 1214560, at \*12 (S.D.N.Y. Mar. 21, 2024) (reducing requested travel costs).

2. *Printing, Service and Filing Fees*

Plaintiff's Costs Charts include various line items relative to costs allegedly incurred for printing, copying, service and filing fees, again failing to include any supporting documentation or information required to recover such costs. These include vague references to the following:

- *Photocopy: $290.84 (Dkt. 387-6)*
- *Reproduction of documents for trial: $14,927.62 (Dkt. 387-6)*
- *Courier Services: $2,394.52 (Dkt. 387-6)*
- *Federal Express: $2,773.36 (Dkt. 387-6)*
- *FedEx: $938.54 (Dkt. 387-9)*
- *Postage: $11.90 (Dkt. 387-6)*
- *Filing Fees: $1,285.29 (Dkt. 387-6)*
- *Process Server and Secretary of State filing fee: $303.30 (Dkt. 387-9)*

Plaintiff's request to recover such costs should be denied as insufficiently supported, and at a minimum, reduced by 50%, from $22,925.37 to $11,462.69. *See Sevilla v. Nekasa Inc.*, 2017 WL 1185572, at *8 (S.D.N.Y. Mar. 30, 2017) (refusing to award costs absent supporting documentation and collecting cases); *Tatum v. City of New York*, 2010 WL 334975, at *13 (S.D.N.Y. Jan. 28, 2010) (explaining to recover printing and copying costs, the movant must "make clear what documents were copied, how many copies were made, the cost per page charged for copying, and why the copies were necessary"); *Acharya v. Solanki*, 2022 WL 1144696, at *9 (S.D.N.Y. Apr. 12, 2022) (denying process server fees where fee amount was not substantiated).

3. *County's Proposed Revised Costs*

Consistent with the foregoing, and reserving that the County submits Plaintiff's Fee Application is deficiently supported to warrant recovery of costs altogether, to the extent the Court finds otherwise, at a minimum, the costs sought by Plaintiff should be reduced as follows: (i) the categories itemized in Point III(A) should be excluded, barring the associated costs in the amount of $162,097.11, (ii) the categories itemized in Point III(B) should be reduced by 75% (Point III(B)(a)) and 50% (Point III(B)(b)-(d)), respectively, resulting in a further reduction of

23

$127,548.70, and (iii) together with the foregoing exclusions and discounts, Plaintiff's costs should be limited to a total amount $94,142.52, inclusive of those categories the County does not oppose (*see* fn.4, *supra*) and the reductions set forth in Point III(B), *supra*.

**POINT V:    PLAINTIFF'S REQUEST FOR PROSPECTIVE FEES AND COSTS IS PREMATURE**

Plaintiff's Fee Application includes a section seeking to recover for prospective fees and costs he may incur, including on appeal. While the cases cited in that section support the notion that such fees *may* be recoverable, the posture of each of those cases is distinct from the posture here, and Plaintiff has not cited a case authorizing prospective recovery. Consistent with that authority, to the extent Plaintiff's request amounts to a reservation of rights to pursue such fees and costs by way of a supplemental fee application in the future, the County does not oppose such a reservation. To the extent Plaintiff's request amounts to something beyond that, the County opposes any such request on the grounds, among other things, the authority cited in Plaintiff's Fee Application fails to support such relief, resolution is not ripe for adjudication, and the fees and costs associated with further post-trial proceedings, particularly on appeal, may differ significantly from the analysis set forth in the instant Fee Application.

**POINT VI.    RESERVATION OF RIGHTS AS TO THE COMPANION ACTION, *BOYD***

As set forth in the County's pending Post-Trial Motion pursuant to Fed. R. Civ. P. 59(a), the County maintains its exception to Plaintiff's objection to proceeding with consolidated trials of this case and the companion case, *Boyd v. County of Erie,* No. 1:22-cv-00519 (W.D.N.Y. filed July 6, 2022). The County submits Plaintiff's objection was unfounded, and as relates to Plaintiff's Fee Application, further reflective of Plaintiff's efforts to unnecessarily drive up attorneys' fees. The County thus reserves its right to contest fees and costs relative to any trial of the companion action, *Boyd v. County of Erie* and further reserves its right to contest any fees Plaintiff claims to

24

have discounted for time spent among the cases collectively, on the grounds that the time Plaintiff seeks to recover on this application is already entirely excessive.

## CONCLUSION

In sum, the County respectfully submits an Order should issue: (i) holding Plaintiff's Fee Application in abeyance pending disposition of the County's Post-Trial Motions, (ii) reducing the fees and costs requested in Plaintiff's Fee Application from $5,461,176.56 and $388,890.16 to $2,231,826.72 and $94,142.52, respectively, and (iii) together with any such other and further relief the Court deems just and proper.

Dated: June 30, 2025
        Buffalo, New York

                                        **LIPPES MATHIAS LLP**

                                        *s/ Kirstie A. Means*
                                        Jennifer C. Persico, Esq.
                                        Brian C. Mahoney, Esq.
                                        James. P. Blenk, Esq.
                                        Kirstie A. Means, Esq.
                                        Thomas R. Southard, Esq.
                                        *Attorneys for Defendant, County of Erie*
                                        50 Fountain Plaza, Suite 1700
                                        Buffalo, New York 14202
                                        (716) 853-5100
                                        jpersico@lippes.com
                                        bmahoney@lippes.com
                                        jblenk@lippes.com
                                        kmeans@lippes.com
                                        tsouthard@lippes.com