UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN WALKER, JR. | ) |
| Plaintiff, | ) Case No. 1:22-cv-520 |
| - against - | ) |
| THE COUNTY OF ERIE, | ) |
| Defendant. | ) |

**REPLY DECLARATION OF JOEL B. RUDIN IN FURTHER SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**

I, Joel B. Rudin, an attorney duly admitted to practice in the State of New York and in the United States District Court for the Western District of New York, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following statements are true:

1. I am the principal in the Law Offices of Joel B. Rudin, P.C. ("Rudin Law"), am fully familiar with the facts and circumstances of this case, and I make this reply declaration in further support of Plaintiff's application for fees, costs, and expenses pursuant to 42 U.S.C. § 1988. I do so because Defendant County objected to awarding costs and expenses in the absence of the underlying documentation and, while as we point out in our Reply Memorandum of Law, such documentation is not required, we wish to remove any doubt.

2. Plaintiff requests a total of $207,893.48 in costs and expenses incurred by my firm from November 2, 2021, through April 30, 2025. This amount is slightly lower than the amount originally requested by Plaintiff, owing to certain adjustments we have made after comparing our billing system entries, upon which we based our earlier motion, with the actual receipts. I discuss the categories comprising this figure below.

3. A revised chart of costs and expenses is attached as Exhibit 1.

1

4. Documentation of deposition costs that my firm incurred is attached as Exhibit 2.

5. Documentation of FedEx costs that my firm incurred is attached as Exhibit 3. Where possible, these records are from FedEx's online billing system. However, FedEx limits customers to viewing invoices that were due or paid within the past 180 days. As a result, for shipments before then, my firm has submitted shipping labels that were contemporaneously annotated with the cost incurred.[1]

6. Documentation of fees for obtaining records that my firm incurred is attached as Exhibit 4.

7. Documentation of flight expenses that my firm incurred is attached as Exhibit 5.[2] Upon reviewing our records, my office discovered that the costs of flights taken by Mr. Walker, Mr. Boyd, and Mr. Walker's son, for a trip to New York to meet with my firm, were underreported. This resulted in the total requested mistakenly being $11,992.81, rather than $12,562.48, as it should have been. We have corrected this error.

8. Documentation of hotel expenses that my firm incurred is attached as Exhibit 6. When reviewing our records, my office staff discovered that some of the hotel charges were mistakenly entered into our billing system, MyCase, twice—once from credit card bills, and once from hotel folios. The total requested was $43,148.54, rather than $33,531.50, as it should have been. I sincerely apologize for this error, which is now corrected.

9. Documentation of fees my firm paid to Impact Trial Consulting is attached as Exhibit 7.

---

[1] There are six FedEx charges for which we are unable to produce such documentation. These charges total $210.91, and of this amount we are seeking $92.09 after applying the applicable reductions.

[2] My firm was billed by our experts, jury consulting firm, and trial audiovisual specialist firm for flights, hotels, meals, and local transportation. We have highlighted such items on these bills and included them in the exhibits for the relevant categories of expense.

10. Documentation of legal fees my firm paid to our co-counsel Hoover & Durland LLP is attached as Exhibit 8. As we explained in our original motion papers, our initial agreement with Hoover & Durland was for that firm to act in a limited capacity as local counsel and we made these payments to the firm as an out-of-pocket expense. However, we later changed the arrangement to make them co-counsel and they have submitted a fee request for all subsequent time entries.

11. Documentation of fees charged by Magna Legal Services is attached as Exhibit 9.

12. Documentation of meal costs my firm incurred during out-of-town travel and trial is attached as Exhibit 10. Based upon our review of our records, we are reducing our total requested from $5,817.61 to $5,025.51.

13. Documentation of our share of mediation fees is attached as Exhibit 11.

14. Documentation of miscellaneous fees is attached as Exhibit 12.[3]

15. Documentation of other travel expenses is attached as Exhibit 13.

16. Documentation of our payment to defense expert Kevin Gagan for his deposition is attached as Exhibit 14.

17. Documentation of private investigative expenses is attached as Exhibit 15.

18. Documentation of process service and filing fee expenses is attached as Exhibit 16.[4]

19. Documentation of document reproduction expenses for trial is attached as Exhibit 17.

---

[3] There is one expense, postage used in April 2023 costing $0.84 (for which we are seeking $0.36 after applying the applicable reductions), that we are unable to produce a receipt for.
[4] My firm incurred total expenses of $1,649.20, including $1,213.20 in serving Notices of Claim for both Mr. Boyd and Mr. Walker upon the City of Buffalo and the County of Erie, and $436 in serving Mr. Boyd's and Mr. Walker's Amended Complaints. Of this total, we are only seeking the $303.30 incurred in serving Mr. Walker's Notice of Claim upon the County.

20. Documentation of taxi and rideshare expenses is attached as Exhibit 18.[5] Based upon our review of our records, we are reducing our total requested from $2,549.01 to $2,533.32.

21. Documentation of payments for transcripts of proceedings in this case is attached as Exhibit 19.

22. For the reasons set forth in our opening and reply memoranda, the above costs and expenses were reasonable and are recoverable as a matter of law.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law, the undersigned respectfully requests that the requested fees, costs, and expenses be ordered to be paid by the Defendant.

_____
JOEL B. RUDIN, ESQ.

Dated:    July 14, 2025
          New York, New York

---

[5] There is one expense, a January 2024 taxi ride costing $47 (for which we are seeking $19.98 after applying the applicable reductions), that we are unable to produce a receipt for.