**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| JOHN WALKER, JR. | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 1:22-cv-520** |
| | ) | |
| - against - | ) | |
| | ) | |
| THE COUNTY OF ERIE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT UNDER**
**FED. R. CIV. P. 62(b)**

Plaintiff John Walker, Jr. submits this supplemental memorandum in opposition to Defendant County of Erie's pending Motion to Stay Execution of Judgment (the "Motion"), to present additional facts bearing upon the Motion (and specifically, the County's ability to readily pay the judgment) that have arisen since it was fully briefed.

We briefly recite the relevant background. On April 8, 2025, a jury awarded $28 million in compensatory damages to Plaintiff. Dkt. 366 at 3. This Court entered judgment on April 22. Dkt. 368. The County brought post-trial motions under Federal Rule of Civil Procedure ("FRCP") 50(b) and 59(a) on May 20. Dkt. 383, 384. These motions were fully briefed and submitted by July 7. *See* Dkt. 388, 389, 393, 394. On July 22, three months after entry of judgment, the County moved to stay execution of judgment for a period of 45 days following resolution of its 50(b) and 59(a) motions. Dkt. 398.

In his opposition to the Motion, Plaintiff noted that the County seemed to incorrectly presume that the "bond or other security" requirement of FRCP 62(b) does not apply while post-trial motions are pending, whereas a judgment is in fact immediately enforceable unless FRCP 62(b) is satisfied. Dkt. 402 at 3. Plaintiff argued that the County had failed to meet its burden to show that the factors this Court must weigh under Second Circuit precedent, in determining whether to waive the bond requirement, are in its favor. *Id.* at 3–8.

One of these factors is "the degree of confidence that the district court has in the availability of funds to pay the judgment." *Id.* at 2–3 (citing *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417–18 (2d Cir. 2015)). In demonstrating how strongly this factor weighs against the County, Plaintiff highlighted statements by counsel for the County, Jennifer Persico, and by County Attorney Jeremy Toth, casting doubt on the County's ability to pay the judgment of $28 million (plus interest and reasonable attorneys' fees and costs). *Id.* at 6. Plaintiff noted that Mr. Toth had

1

stated "that Erie County is defending four trials in the fall alone, that outside counsel 'will be significant cost,' and that 'if we lose any of these, it's likely that the jury verdict will come in beyond my ability to pay within the risk retention fund.'" *Id.* (citing Dkt. 402-1 at ¶ 8). One of the four trials that Mr. Toth was referring to was *Kathleen Weppner, as Executor for the Estate of Darryl Boyd v. County of Erie*, 22-cv-519 (W.D.N.Y.).

As this Court is well-aware, the Boyd Estate case was tried last month and resulted in an $80 million verdict against the County. In other words, the circumstance Mr. Toth warned of has now come to pass.

Following the *Boyd* verdict, the County's top elected official, County Executive Mark Poloncarz, reaffirmed the County's dire financial straits. In a November 21, 2025, interview with *WIVB News 4*, Mr. Poloncarz stated: "We don't have $80 million just sitting around to pay out." Sharma Decl. Ex. 1. This is a remarkable, public announcement that the County lacks liquid funds to pay the verdicts awarded to Plaintiff and the Estate of Darryl Boyd. Accordingly, the confidence-in-availability-of-funds factor now weighs even more decisively against the County. The County should be required to immediately post a bond.

**CONCLUSION**

For the above reasons as well as those set forth in Plaintiff's prior submission, Dkt. 402, the Court should deny the County's motion for a stay and direct the County to post the requisite bond if it wishes to avoid execution of judgment.

2

Dated: December 5, 2025

Respectfully submitted,

**LAW OFFICES OF JOEL B. RUDIN, P.C.**
By: /s/ Joel B. Rudin
Joel B. Rudin
David E. Rudin
Partha Sharma
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
*jbrudin@rudinlaw.com*

**WILMER CUTLER PICKERING
HALE AND DORR LLP**
By: /s/ Ross E. Firsenbaum
Ross E. Firsenbaum
Gideon A. Hanft
Phoebe Silos
Erin Hughes
Trena Riley
Melissa Zubizarreta
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800
*ross.firsenbaum@wilmerhale.com*

**HOOVER & DURLAND LLP**
By:  /s/ Spencer L. Durland
Timothy W. Hoover
Spencer L. Durland
561 Franklin Street
Buffalo, New York 14202
(716) 800-2600
*sdurland@hooverdurland.com*

*Attorneys for Plaintiff John Walker. Jr.*

3