UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN WALKER, JR.,

                Plaintiff,

     v.

THE COUNTY OF ERIE,

                Defendant.

**DECISION & ORDER**

22-cv-00520-MAV

---

On April 22, 2025, judgment was entered in favor of Plaintiff John Walker, Jr. after a three-week jury trial (the "Judgment"). ECF No. 368. Post-trial motions are pending, including, *inter alia*, the County of Erie's (the "County's") motion for a new trial under Fed. R. Civ. P. 59 and Plaintiff's motion for attorney's fees. *See* ECF Nos. 383, 384, 387, 398, 401. No appeal has been filed, and the parties requested that the Court refrain from ruling on the pending motions while they negotiated a post-trial settlement.

The parties have since reached a settlement that is conditioned on (1) the Erie County Legislature's approval of the settlement payment, and (2) this Court's vacatur of the Judgment. ECF Nos. 408, 408-1. As part of the settlement, if these two conditions are satisfied, the parties waive all rights to appeal. *Id.* The Erie County Legislature has approved the settlement payment, and on May 21, 2026, the parties filed a joint motion for vacatur of the Judgment pursuant to Fed. R. Civ. P. 60(b)(6).

The Court finds that vacating the Judgment is warranted and, thus, grants the joint motion.

1

## LEGAL STANDARD

Whether to grant vacatur under Rule 60(b) is left to the sound discretion of the district court. *Nemaizer v. Baker*, 793 F.2d 58, 61–62 (2d Cir. 1986); Fed. R. Civ. P. 60(b)(6) (the court may relieve a party from a final judgment, order, or proceeding for "any other reason that justifies relief"). Still, because a judgment is "not merely the property of private litigants," it "should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. v. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) (quotation and citation omitted). For this reason, the parties seeking vacatur must demonstrate that such relief "is equitably justified by exceptional circumstances." *Microsoft Corp. v. Bristol Tech, Inc.*, 250 F.3d 152, 154 (2d Cir. 2001) (citing *Major League Baseball Props. Inc. v. Pac. Trading Cards Inc.*, 150 F.3d 149, 151 (2d Cir. 1998)).

"One important consideration in balancing the public and private interest under Rule 60(b) is whether vacatur would conserve scarce judicial resources" by, for example, facilitating settlement and obviating a need to appeal. *Viera v. United States*, 595 F. Supp. 3d 1, 3 (S.D.N.Y. 2022). "Courts have recognized that there is a 'strong public interest in relieving' courts of claims 'that the parties are happy to resolve without judicial intervention.'" *Id.* (quoting *Island Intell. Prop. LLC v. StoneCastle Cash Mgmt. LLC*, 19-CV-4792 (JPO), 2021 WL 1393114, at *1 (S.D.N.Y. Apr. 13, 2021) (collecting cases)).

## DISCUSSION

The joint motion argues that vacatur is equitably justified by exceptional

circumstances because, *inter alia*, vacatur will facilitate a settlement that has already been approved by the Erie County Legislature and is conditioned on vacatur of the Judgment, obviate the need for rulings on the parties' extensive post-judgment motions and a potential need for appeal, and expedite payment to an ailing Mr. Walker who spent decades incarcerated and on parole before his criminal conviction was vacated and spent over three years litigating the instant civil rights matter. *See* ECF No. 408.

The Court finds that, upon balancing the public and private interests in this matter, vacatur is warranted under Rule 60(b)(6). For the reasons discussed in the parties' joint motion, the private interests in this case strongly favor vacatur. *See, e.g., Major League Baseball Props., Inc. v. Pac. Trading Cards, Inc.*, 150 F.3d 149 (2d Cir. 1998) (finding exceptional circumstances where, *inter alia*, "vacatur of the district court's order and opinion was a necessary condition of settlement" and "the victor in the district court wanted a settlement as much as, or more, than the loser did"); *Keller v. Mobil Corp.*, 55 F.3d 94 (2d Cir.1995); *Barry v. Atkinson*, 193 F.R.D. 197, 200 (S.D.N.Y. 2000) (recognizing that courts are more flexible on vacatur where it would facilitate a settlement); *Am. Home Assur.*, 2010 WL 1946718, at *2 (reasoning that the parties jointly sought vacatur to assist in effectuating settlement weighed in favor of granting it).

The Court recognizes the public's interest in the finality of judgments, especially here where a three-week jury trial and significant resources were expended to reach a verdict in a case closely followed by the media and public, but nonetheless

3

finds that these interests are outweighed in favor of vacatur. The Court finds that the public's interests also support vacatur—an outcome that obviates the need to expend further significant public resources on this matter, and brings finality to this matter stemming from circumstances that took place now decades ago. *See, e.g., Major League Baseball Props., Inc.*, 150 F.3d at 152 (noting, in granting vacatur, that any damage to the public interest was outweighed by the parties' interest in ending their dispute); *Am. Home Assur. Co.*, 2010 WL 1946718, at *2 ("The Second Circuit has recognized that a private settlement may constitute an 'exceptional circumstance' when the public interest in the to-be-vacated decision is *de minimis*.").

## CONCLUSION

For the reasons discussed above and in the parties' joint motion, the Court finds that both the private and public interests justify vacating the Judgment.

The Court incorporates the terms of the parties' settlement agreement as submitted at ECF No. 408-1, including the provision that the Court will retain ancillary jurisdiction to enforce the settlement. *See Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) ("[T]o retain ancillary jurisdiction over enforcement of a settlement agreement, *Kokkonen* prescribes that a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)).

The parties shall file their respective motions to withdraw pending motions and a stipulation and proposed order of dismissal under Fed. R. Civ. P. 41(a)(2)

consistent with paragraph 4 of the settlement agreement. *See* ECF No. 408-1.

**ORDER**

IT IS HEREBY ORDERED that the parties' joint motion for vacatur, ECF No. 408, is GRANTED; and it is further

ORDERED that the Judgment, ECF No. 368, is VACATED; and it is further

ORDERED that the Court is retaining ancillary jurisdiction to enforce the settlement agreement, ECF No. 408-1, and the parties shall file a final executed copy of the settlement agreement with the Court with seven (7) days of its execution; and it is further

ORDERED that the parties shall adhere to paragraph 4 of their settlement agreement, ECF No. 408-1, as it pertains to other post-vacatur-order filings.

SO ORDERED.


Dated:       May 27, 2026
             Rochester, New York


                                         _____
                                         HON. MEREDITH A. VACCA
                                         United States District Judge