# CONDITIONAL SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made effective as of May 15, 2026, by and between John Walker, Jr. ("Plaintiff") and the County of Erie (the "County"). Plaintiff and the County are globally referred to herein individually as a "Settling Party" and collectively as the "Settling Parties."

## RECITALS

A. Plaintiff commenced an action against the County on July 6, 2022, captioned *Walker, Jr. v. City of Buffalo et al.*, Index No. 22-cv-520 (W.D.N.Y.) (referred to hereinafter as the "Lawsuit").

B. In the Lawsuit, the operative pleading is an amended complaint filed by Plaintiff on March 13, 2023. Plaintiff's amended complaint shall be referred to herein after as the "Amended Complaint."

C. The Amended Complaint alleges, among other things, that the County violated Plaintiff's civil rights in connection with the prosecution of the murder of William Crawford in 1976, asserts causes of action against the County under federal and state law, and asserts that Plaintiff suffered damages as a result of the County's actions and/or inactions.

D. Trial began with jury selection on March 18 and concluded with a jury verdict in Plaintiff's favor on April 8, 2025. The jury awarded Plaintiff $28,000,000.00 in compensatory damages, and the Court entered judgment in Plaintiff's favor in accordance with the jury's verdict on April 22, 2025 (the "Judgment").

E. Following the jury's verdict, the County moved for judgment notwithstanding the jury's verdict and for a new trial, and Plaintiff moved for reasonable attorneys' fees and costs. Those post-trial motions remain pending.

F. The Settling Parties now wish to settle the Lawsuit to avoid further litigation, including the potential for appeal and further briefing, and to obtain a complete resolution of all the disputes between and among the Settling Parties and all causes of action asserted by Plaintiff against the County. The County is only willing to settle, however, on the condition that the Judgment be vacated.

## AGREEMENT

In consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by each of the Settling Parties, it is agreed as follows:

### 1. No Admission of Liability or Extent of Damages Suffered.

This Agreement is a compromise of disputed claims between and among the Settling Parties and is not an admission of fact or liability by any of the Settling Parties, nor is it an

admission that the consideration recited herein reflects the true measure of damages asserted in the Amended Complaint.

2. **Settlement Conditions.**

This settlement agreement is subject to the following two (2) contingencies; the failure of either shall result in this agreement becoming null and void:

Contingency 1: this settlement is contingent on the approval of the relevant budget balancing resolution by the Erie County Legislature on or before June 26, 2026. If such resolution is not approved by the Erie County Legislature and communicated by Defendant's counsel to Plaintiff's counsel (jbrudin@rudinlaw.com) at or before 11:59 pm EST on June 26, 2026, this agreement shall immediately become null and void, without further action by either party.

Contingency 2: this settlement is contingent on vacatur of the Judgment by the Court. This Contingency shall fail and this agreement shall immediately become null and void without further action by either party upon the earlier of the following events: (i) the District Court's denial of the motion(s) to vacate the Judgment, (ii) the mutual agreement of the parties in writing; or (iii) the Judgment remains in place as of 12:00 pm EST on July 31, 2026, at which time the parties shall submit a joint application to withdraw any pending motion(s) to vacate the Judgment and to reinstate the County's post-trial motions and Plaintiff's motion for fees and costs.

Nothing in this agreement shall preclude the parties from modifying, in writing, such deadlines, directly or through their counsel.

Upon the satisfaction of Contingency 1 and Contingency 2, the Agreement shall be permanently binding upon the Settling Parties and the County shall be obliged to pay the sum set forth in Section 3 of this Agreement within the timeframe set forth in Section 5 of this Agreement.

Notwithstanding anything in this Agreement to the contrary, it is the intent of the Parties that the terms of this Agreement remain in force in the event of the death, incompetency or disability of Plaintiff.

3. **Settlement Amount.**

In full and final settlement of the causes of action asserted by John Walker, Jr. against the County in the Lawsuit, including any claims for fees and/or costs, the County shall pay John Walker, Jr. a total sum of Twenty-One Million Dollars ($21,000,000.00), hereinafter referred to as the "Settlement Amount."

4. **Dismissal and Vacatur.**

Within five (5) calendar days of the satisfaction of Contingency 1, or as soon thereafter as is possible, the Settling Parties, by their respective counsel, shall file a motion to vacate the Judgment pursuant to FRCP Rule 60(b). Within five (5) days of the satisfaction of Contingency 2, or as soon thereafter as is possible, the Settling Parties, by their respective counsel, shall (1)

cause to be filed with the appropriate Court a withdrawal of the County's pending motions for judgment notwithstanding the jury's verdict and for a new trial pursuant to FRCP 50(b) and 59(a); (2) cause to be filed with the appropriate Court a withdrawal of Plaintiff's motion for attorneys' fees and costs; and (3) cause to be filed a Stipulation and Proposed Order of Dismissal of Plaintiff's claims brought against the County pursuant to FRCP 41(a)(2).

If the Court denies the motion to vacate the Judgment, this Agreement shall be void.

5. **Settlement Procedures.**

Within thirty (30) calendar days of the Court's entry of an order vacating the Judgment, the County shall remit payment of the Settlement Amount in full by check payable to the "Law Offices of Joel B. Rudin, P.C., as Attorney and Escrowee for John Walker," and send such check in overnight mail to the Law Offices of Joel B. Rudin, P.C., by such date. Plaintiff shall provide an applicable W-9 at the time of the execution of this Agreement.

If the County fails to remit the Settlement Amount in full within thirty (30) calendar days of the Court's entry of an order vacating the Judgment, Plaintiff shall be entitled to an immediate judgment against the County for the full Settlement Amount of Twenty-One Million Dollars ($21,000,000.00) as well as all costs and expenses, including attorneys' fees, incurred by Plaintiff in enforcing this Agreement and collecting on the stipulated judgment. For the avoidance of doubt, the foregoing reference to fees incurred in enforcing this Agreement shall in no way revive Plaintiff's claims for fees arising from the prosecution of this Lawsuit.

6. **Court Jurisdiction.**

The Settling Parties acknowledge and agree that the Court overseeing the Lawsuit shall retain jurisdiction and the power to enforce the terms of this Agreement, including the payment terms set forth in Sections 3 and 5 of this Agreement.

7. **Fees and Expenses.**

The Settling Parties shall bear their own respective costs and expenses, including attorneys' fees, incurred in connection with the Lawsuit and this Agreement, except as provided in Section 5 regarding enforcement of the Agreement.

8. **General Release by Plaintiff.**

Plaintiff, for himself individually and his partners, trustees, employees, agents, insurers, predecessors, successors, heirs, and assigns, as well as for any person or entity to whom he owes fiduciary obligations, hereby releases and forever discharges the County, its present and former parents, subsidiaries, affiliates, shareholders, directors, officers, partners, trustees, employees, representatives, attorneys, agents, insurers, predecessors, successors, heirs, and assigns (collectively, the "Defendant Releasees"), of and from all liability, claims, and causes of action for any and all past, present, or future claims, of every kind, type, and description, known or unknown, direct or consequential, foreseen or unforeseen, including, but not limited to, all past or future costs, sanctions, damages, attorneys' fees, and other costs, and all claims in law or in equity, direct

or indirect, asserted or unasserted, known or unknown, matured or unmatured, fixed or contingent, whether based on contract (express or implied), tort, or statute, which against the Defendant Releasees, Plaintiff ever had, now has, or hereafter can, shall, or may have, upon or by reason of any matter, cause, or thing from the beginning of the world to the date of this Agreement, except as may be specifically excluded by this Agreement.

9. **Limited Release by the County.**

The County hereby releases and forever discharges, for itself and its present and former parents, subsidiaries, affiliates, shareholders, directors, officers, partners, trustees, employees, agents, insurers, predecessors, successors, heirs, and assigns, Plaintiff, and any of his trustees, employees, representatives, attorneys, agents, insurers, predecessors, successors, heirs, and assigns (the "Plaintiff Releasees"), of and from all liability, claims, and causes of action for any and all past, present, or future claims, of every kind, type, and description, known or unknown, direct or consequential, foreseen or unforeseen, that arise from or relate to the subject matter and claims brought in the Lawsuit, including, but not limited to, all past or future costs, damages, attorneys' fees, and other costs, arising out of the Lawsuit, all claims in law or in equity, direct or indirect, asserted or unasserted, known or unknown, matured or unmatured, fixed or contingent, which against the Plaintiff Releasees it ever had or now has, constituting, related to, or arising out of the claims asserted, or which might have been asserted, in the Lawsuit, or based upon and related to the facts and circumstances alleged in the Lawsuit. However, this Agreement is not intended to nor shall it result in the release of the Plaintiff Releasees from any tax or other liability and/or obligations owed to the County unrelated to the Lawsuit.

10. **No Further Claims.**

Notwithstanding anything in this Agreement to the contrary, Plaintiff agrees and acknowledges that any and all liens, claims, and encumbrances of whatever nature or kind, relating to or arising from claims by Plaintiff against the County in the Lawsuit or on the payment of the Settlement Amount set forth in Section 3 of this Agreement, are entirely the responsibility of and will be paid and satisfied exclusively by Plaintiff. Plaintiff further agrees and states that he will fully defend, indemnify, and hold harmless the County against any and all liens, claims, and encumbrances of whatever nature or kind, relating to or arising from claims by Plaintiff against the County in the Lawsuit or the payment discussed herein.

Plaintiff represents that neither he, his children, his step-children, nor any other heir, distributee, or creditor has commenced against the County any claim, lawsuit, or action, other than the Lawsuit, he is unaware of any intention of any such potential claimant to bring any such action or claim, and he will not cooperate with any such action or claim should one be brought. In the event Plaintiff knowingly contravenes the representations he is making in this section, Plaintiff will be responsible to defend and indemnify the County against those claims to the full extent permitted by law.

11. **No Assignment of Claims.**

Each of the Settling Parties represents and warrants that there has been no assignment or other transfer of any interest in any claim or matter asserted by Plaintiff against or by the County in the Lawsuit.

12. **Severability.**

In the event that any provision of or obligation under this Agreement shall be invalid, illegal, or unenforceable in any jurisdiction, the validity, legality, and enforceability of other provisions of, and obligations under, this Agreement shall not in any way be affected or impaired thereby. The Settling Parties further agree to replace any such invalid, illegal, or unenforceable provision with a valid and enforceable provision that will achieve, to the extent possible, the economic, business, and other purposes of such invalid, illegal, or unenforceable provision.

13. **Construction of Agreement.**

This Agreement shall be construed as a whole in accordance with its fair meaning and in accordance with the substantive law of the State of New York, without regard to any choice-of-law principles. The terms of this Agreement have been negotiated by the Settling Parties, and the language of the Agreement shall not be construed in favor of or against any Settling Party.

14. **Execution.**

This Agreement may be executed in counterparts, which together shall constitute a fully executed original. The exchange of copies of this Agreement and of signature pages by facsimile transmission, by electronic mail in "pdf" format, by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, or by a combination of such means, shall constitute effective execution and delivery of this Agreement as to the Settling Parties and may be used in lieu of an original Agreement for all purposes.

15. **Amendment to Agreement.**

Any amendment to this Agreement must be made in writing, signed by duly authorized representatives of all of the Settling Parties, and must state the intent of the Settling Parties to amend this Agreement, except as provided above concerning the extension of the deadlines set forth at Section 2, which may be amended by the parties' agreement in writing.

16. **Entire Agreement.**

This Agreement represents the sole and entire Agreement between and among the Settling Parties with respect to the subject matter hereof, and supersedes all prior agreements, negotiations, and discussions between and among the Settling Parties or their respective counsel with respect to the Lawsuit and the settlement of the dispute between and among the Settling Parties.

17. **Authority.**

With respect to the County, the County Attorney represents that he has full authority to bind that entity.

Plaintiff represents and warrants that: (i) he has the full legal capacity, authority, and right to enter into this Agreement and to perform all obligations hereunder; (ii) he has not assigned, transferred, conveyed, or otherwise disposed of, in whole or in part, any of the claims, demands, or causes of action released by this Agreement; (iii) he is not subject to any guardianship, conservatorship, or other legal proceeding that would affect his capacity to execute this Agreement; and (iv) no other person or entity has or claims to have any interest in the claims released by this Agreement, except as may be provided by operation of law.

Plaintiff acknowledges that the County is relying upon the representations and warranties set forth in this Section, as well as those set forth in Section 10 and Section 11, in entering into this Agreement and making the payments contemplated herein. Any breach of such representations and warranties shall give rise to the County's right to seek indemnification, attorney's fees, and all other remedies available at law or in equity.

**JOHN WALKER**

______________________

**COUNTY OF ERIE**

______________________
Jeremy Toth, County Attorney

**IN WITNESS WHEREOF,** the Settling Parties have executed this Agreement.

/s/ Joel B. Rudin
Joel B. Rudin
David E. Rudin
LAW OFFICES OF JOEL B. RUDIN, P.C.
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
jbrudin@rudinlaw.com
david@rudinlaw.com

Ross E. Firsenbaum
Gideon A. Hanft
Phoebe Silos
Erin E. Hughes
Trena Riley
Melissa Zubizarreta
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
ross.firsenbaum@wilmerhale.com
gideon.hanft@wilmerhale.com
phoebe.silos@wilmerhale.com
erin.hughes@wilmerhale.com
trena.riley@wilmerhale.com
melissa.zubizarreta@wilmerhale.com

Spencer L. Durland
Timothy W. Hoover
HOOVER & DURLAND LLP
561 Franklin Street
Buffalo, New York 14202
(716) 800-2604
thoover@hooverdurland.com
sdurland@hooverdurland.com

*Attorneys for Plaintiff John Walker, Jr.*

/s/ James P. Blenk
James P. Blenk
Jennifer C. Persico
Kirstie Means
Thomas R. Southard
LIPPES MATHIAS LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
jblenk@lippes.com
jpersico@lippes.com
kmeans@lippes.com
tsouthard@lippes.com

*Attorneys for Defendant County of Erie*